No. 23-15742

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

Andrew W. Shalaby,

Plaintiff-Appellant;

v.

Iain v. Johnston., et al.,

Defendants - Appellees.

---

On Appeal from the United States District Court, N.D. of California
Case No. 4:22-cv-04718-JSW
The Honorable Jeffrey W. White, Presiding

---

# APPELLANTS' EXCERPTS OF RECORD
# VOLUME 1 OF 1

Andrew W. Shalaby sbn 206841
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500, fax 510-725-4950
email: andrew@eastbaylaw.com
Appellant, Pro Per.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW W. SHALABY,<br>Plaintiff,<br>v.<br>IAIN D. JOHNSTON, et al.,<br>Defendants. | Case No. 22-cv-04718-JSW<br><br>**JUDGMENT** |

For the reasons set for the in the Court's Order granting the motions to dismiss dated April 21, 2023, the Court HEREBY ENTERS JUDGMENT.

**IT IS SO ORDERED.**

Dated: April 21, 2023

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW W. SHALABY,
Plaintiff,

v.

IAIN D. JOHNSTON, et al.,
Defendants.

Case No. 22-cv-04718-JSW

**ORDER GRANTING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. Nos. 36, 37

Now before the Court for consideration are: (1) the motion to dismiss filed by Defendant Judge Iain D. Johnston ("Judge Johnston"); and (2) the motion to dismiss filed by the Federal Defendants. The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Defendant Johnston's motion and GRANTS the Federal Defendants' motion.

**BACKGROUND**

Plaintiff Andrew Shalaby ("Plaintiff") is an attorney licensed to practice in California. (Dkt. No. 28, FAC ¶ 1.) On July 7, 2022, Plaintiff filed a complaint for declaratory relief against Judge Johnston in Superior Court of California, Contra Costa County.[1] (Not. of Removal ¶ 1; *id.*, Ex. 1 ("Compl.").) The Government removed the case under 28 U.S.C. sections 1442(a)(3) and 1442(a)(1) on behalf of Judge Johnston in his official capacity. Plaintiff filed a motion to remand, which the Court denied on October 4, 2022. (Dkt. No. 27.) On October 19, 2022, Plaintiff filed

[1] Plaintiff originally also sought declaratory relief against the California State Bar Office of the Chief Trial Counsel ("OCTC") but subsequently voluntarily dismissed the OCTC. (*See* Dkt. Nos. 14, 27.)

the first amended complaint ("FAC"). (Dkt. No. 28.)

Plaintiff alleges that Judge Johnston, who is now a United States District Court Judge for the Northern District of Illinois, made factually incorrect statements to the United States Senate Committee on the Judiciary during his application process to become a federal judge in 2020. The allegedly false statements related to Plaintiff's involvement in a products liability suit in the Northern District of Illinois, *Bailey v. Bernzomatic*, No. 16-cv-07458 ("*Bailey*"). (FAC ¶¶ 5-7.) Plaintiff alleges that on July 20, 2020, he sent a confidential correspondence to Judge Johnston regarding the allegedly false statements and informed Judge Johnston that he intended to inform the Senate of the correct facts about the *Bailey* matter. (*Id.* ¶ 8.)

On July 23, 2020, three days after Plaintiff sent the correspondence to Judge Johnston, the Executive Committee of the United States District Court for the Northern District of Illinois ("Executive Committee") issued an order regarding Plaintiff's conduct at the federal courthouse in the Northern District of Illinois (the "Order"). (*Id.* ¶ 8.) The Order stated the Executive Committee had received concerning reports regarding Plaintiff's behavior during visits to the courthouse, including that Plaintiff engaged in disruptive behavior during hearings, made false statements on court documents, failed to comply with orders from the Executive Committee, and demanded videoconference sessions with judges. (*Id.*) As a result, the Executive Committee ordered a U.S. Marshal to accompany Plaintiff when present at the courthouse. (*Id.*) Plaintiff alleges the Order was based on false allegations made by Judge Johnston to the Executive Committee to discredit Plaintiff because of Plaintiff's intent to report Judge Johnston's false statements regarding the *Bailey* matter to the Senate Judiciary Committee. (*See id.* ¶¶ 9-12, 15.)

Plaintiff brings one cause of action for declaratory relief establishing that: (1) Judge Johnston made factually incorrect statements to the Senate regarding the legal matter handled by Plaintiff in his Senate questionnaire; (2) Judge Johnston made false allegations about Plaintiff to the Executive Committee, which caused the Order to issue; (3) Judge Johnston intended for his false representations about Plaintiff to cause injury and damage; (4) Plaintiff suffered injury and damage; (5) the Order is defamatory on its face; and (6) Judge Johnston has failed to inform the Senate of his factually incorrect statements to the Executive Committee and the Senate. (*Id.* ¶ 23.)

United States District Court
Northern District of California

Plaintiff alleges that he pursues this action solely against Judge Johnston in his individual capacity and does not seek any relief pertaining to the Executive Committee. (*See id.* ¶¶ 17-18.)

On December 27, 2022, Judge Johnston, in his individual capacity, moved to dismiss Plaintiff's claim against him for lack of personal jurisdiction and failure to state a claim. (Dkt. No. 36.) The Government moved to dismiss Plaintiff's claim for lack of jurisdiction and failure to state a claim. (Dkt. No. 37.) Plaintiff filed a consolidated opposition to the motions to dismiss. (Dkt. No. 45.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

### A. Applicable Legal Standard.

#### 1. Federal Rule of Civil Procedure 12(b)(1).

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to bring a motion to dismiss to assert that the court lacks subject matter jurisdiction over the action. Fed. R. Civ. P. 12(b)(1). A court presumes that a cause of action lies outside its limited jurisdiction and the party asserting jurisdiction bears the burden of establishing otherwise. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 455 U.S. 535, 538 (1980). The issue of sovereign immunity may be raised by a Rule 12(b)(1) motion. *Tobar v. United States*, 639 F.3d 1191, 1194 (9th Cir. 2011).

#### 2. Federal Rule of Civil Procedure 12(b)(2).

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the Court "acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the

motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In this context, a prima facie showing means that the plaintiff has produced sufficient admissible evidence, that if believed, would establish personal jurisdiction. *China Tech. Global Corp. v. Fuller, Tubb, Pomeroy & Stokes,* No. 05-CV-1793-JW, 2005 WL 1513153, at *1 (N.D. Cal. June 27, 2005) (citations omitted). The Ninth Circuit has also held that a district court shall accept as true uncontroverted allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Love v. Associated Newspapers, Ltd.,* 611 F.3d 601, 608 (9th Cir. 2010); *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir. 1990). In doing so however, the court need not assume the truth of mere conclusory allegations. *China Tech. Global Corp.,* 2005 WL 1513153, at *1 (citing *Nicosia v. De Rooy,* 72 F.Supp.2d 1093, 1097 (N.D. Cal. 1999)).

**B. The Doctrine of Sovereign Immunity Bars Plaintiff's Claims Regarding the Executive Committee's Order.**

The Federal Defendants move to dismiss Plaintiff's claims arising out of Judge Johnston's alleged communications with the Executive Committee as barred by the doctrine of sovereign immunity. "The basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States." *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) (citing *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001); *Bedke v. Baker*, No. CV 07-418-E-DOC, 2008 WL 11350104, at *3 (D. Idaho Mar. 21, 2008) ("A plaintiff seeking equitable relief may not sue a government official in an individual capacity where that equitable relief relates only to the official capacity of that government employee."). A party asserting a claim against the United States bears the burden of establishing a clear waiver of sovereign immunity. *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 924 (9th Cir. 2009). If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." *Esquivel v. United States*, 21 F.4th 565, 572-73 (9th Cir. 2021).

"The applicability of the doctrine of sovereign immunity is to be determined, not by the party named as defendant, but by the result of the judgment or decree which may be entered."

United States District Court
Northern District of California

*Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir. 1976). "A suit against an officer of the United States is one against the United States itself if the decree would operate against the sovereign; or if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration; or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." *Brown v. General Serv. Admin.*, 425 U.S. 820, 826-27 (1976) (cleaned up).

Here, Plaintiff seeks a declaration that: (1) Judge Johnston made factually incorrect statements about Plaintiff to the Executive Committee, which caused it to issue the Order, and (2) the Order is defamatory. However, Plaintiff alleges that he brings this suit against Judge Johnston in his individual capacity and does not seek any relief from the Executive Committee.[2] (*See* FAC ¶¶ 17-18.) Despite Plaintiff's attempt to cast his allegations as individual capacity claims against Judge Johnston, the Court looks to the result of the relief, if granted, to determine the applicability of the doctrine of sovereign immunity. *Alabama Rural Fire Ins. Co.*, 530 F.2d at 1225. In this case, the requested declaratory relief, if granted, would operate against the Government because it would compel the Government to rewrite or rescind the Order, which is an official government action. Further, the requested relief would interfere with public administration because it would inhibit the Executive Committee from taking actions that promote the orderly management of court operations. Thus, to the extent Plaintiff's case relates to the Executive Committee's Order, the relief he seeks affects official government operations, and the suit operates as a suit against the United States. The doctrine of sovereign immunity applies. Plaintiff cannot circumvent the applicability of sovereign immunity by alleging that he brings this suit against Judge Johnston in his individual capacity.

Plaintiff further alleges that Judge Johnston's statements to the Executive Committee were a "frolic and detour" from his official duties. (FAC ¶ 4.) But the alleged statements relate to

---

[2] In his opposition, Plaintiff reverses course and states that he seeks judicial relief against the Executive Committee to set aside the Order. (Opp. at 12.) Even if this theory was alleged in the complaint, it too would be barred by the doctrine of sovereign immunity as courts have "found that judicial councils and other bodies comprised of federal judges and courts are entitled to sovereign immunity." *Sanai v. Kozinski*, No. 4:19-CV-08162-YGR, 2021 WL 1339072, at *5 (N.D. Cal. Apr. 9, 2021) (citing cases).

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff's alleged behavior at the courthouse in Rockford, Illinois, and the Order requires Plaintiff to have an escort from the U.S. Marshals Service when in the courthouse. Thus, the alleged statements to the Executive Committee were made as part of Judge Johnston's federal duty as a magistrate judge to assist the Executive Committee in discharging its official powers and fall within the scope of Judge Johnston's employment. (*See* Dkt. No. 22, Declaration of Thomas G. Bruton ¶ 6.)

Plaintiff also argues that Judge Johnston's statements were false and defamatory, thereby removing them from the scope of his employment and the protection of sovereign immunity. However, an employee does not act outside of the scope of his employment merely because he makes statements that are untrue, even if the false statements are made knowingly and maliciously and regardless of the personal motivation of the federal employee. *See, e.g.*, *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998); *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001) ("Even willful and malicious torts of an employee can be within the scope of his employment…"); *Nyquist v. Miller*, No. 86-cv-2352, 1987 WL 7291, at *1-2 (N.D. Ill. Feb. 24, 1987), *aff'd*, 830 F. 2d 196 (7th Cir. 1987); *Barr v. Matteo*, 360 U.S. 564, 575 (1959) ("The claim of unworthy privilege does not destroy the privilege."). Thus, Plaintiff's allegations that Judge Johnston's communications to the Executive Committee were intentionally fabricated does not establish that Judge Johnston was acting outside of the scope of his employment.

In opposition, Plaintiff argues that the Order was a non-judicial act, and thus is not barred by the doctrine of sovereign immunity. In so arguing, he relies on the Seventh Circuit's decision in *In re Shalaby*, No.20-2689, 2022 WL 2438825, at *2 (7th Cir. July 5, 2022), *reh'g denied*, 2022 WL 3756985 (7th Cir. Aug. 30, 2022). Plaintiff's argument misconstrues *In re Shalaby* and the doctrine of sovereign immunity. *In re Shalaby* cannot be reasonably interpreted to conclude that sovereign immunity is waived as to the Order or Judge Johnston's alleged communications to the Executive Committee. In that case, the Seventh Circuit found it lacked jurisdiction to consider Plaintiff's appeal of the Order under 28 U.S.C. section 1291 because the Order was an administrative act rather than a judicial act. The decision says nothing about sovereign immunity and does not find a waiver of sovereign immunity in a collateral attack on the Order by way of a

district court action. Nor does the fact that the Order was an administrative function have any bearing on the question of waiver because the doctrine applies equally to government entities acting in an administrative capacity. *See Muirhead v. Mecham*, 427 F.3d 14, 19 (1st Cir. 2005) (action challenging decision by Administrative Office of U.S. Courts regarding Magistrate Judge's exclusion from annuity program barred by sovereign immunity). Thus, Plaintiff cannot rely on *In re Shalaby* to show a waiver of sovereign immunity.

For these reasons, the doctrine of sovereign immunity applies, and Plaintiff has failed to establish a clear waiver of sovereign immunity. Thus, to the extent Plaintiff's case relates to Judge Johnston's alleged communications with the Executive Committee and the Order, the doctrine of sovereign immunity bars Plaintiff's claims for equitable relief related to this conduct. The Court grants the Federal Defendants' motion under Rule 12(b)(1). Additionally, because the bar of sovereign immunity is absolute, these claims are dismissed without leave to amend and with prejudice. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

Because the Court finds it lacks subject matter jurisdiction over Plaintiff's claim, it need not reach the Federal Defendants' other arguments for dismissal.

**C. The Court Lacks Personal Jurisdiction Over Judge Johnston in His Individual Capacity.**

Personal jurisdiction may be either general or specific. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 801.

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945) (further holding that the maintenance of an action in the forum must not

offend traditional conceptions of fair play and substantial justice). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

As discussed below, neither general nor specific personal jurisdiction exist over Judge Johnston. Thus, to the extent Plaintiff asserts claims against Judge Johnston in his individual capacity, the Court lacks personal jurisdiction over him.

**1. The Court lacks general jurisdiction over Judge Johnston.**

The standard for establishing general jurisdiction is "exacting" and requires that the defendant's contacts be "'so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (quoting *Int'l Shoe Co.*, 326 U.S. at 318).

The "paradigm" for general jurisdiction over an individual is "the individual's domicile." *Goodyear Dunlop Tires Oper. v. Brown*, 564 U.S. 915, 919 (2011). In rare cases, courts have exercised general jurisdiction over an individual when the individual's contacts with a forum are so substantial that "the defendant can be deemed to be 'present' in that forum for all purposes" so that exercising general jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). An individual's frequent visits to a forum, or even his owning property in a forum, do not, alone, justify the exercise of general jurisdiction over him. *See Span Const. & Eng'g, Inc. v. Stephens*, No. CIVF 06-0286 AWIDLB, 2006 WL 1883391, at *5 (E.D. Cal. July 7, 2006).

Judge Johnston argues the Court lacks general jurisdiction over him because he lacks continuous and systematic contacts with California. The Court agrees. Judge Johnston resides in Illinois and has no physical presence in California. (*See* FAC ¶ 2.) He does not conduct business in California, own property in California, pay taxes in California, or hold any licenses issued by California. (*See* Dkt. No. 36-1, Declaration of Iain Johnston ¶¶ 1, 4-8.) Plaintiff does not respond to Judge Johnston's general jurisdiction arguments, and the Court construes Plaintiff's silence in

opposition as a concession that he cannot meet the burden to establish general jurisdiction over Judge Johnston. The Court concludes it lacks general jurisdiction over Judge Johnston.

**2. The Court lacks specific jurisdiction over Judge Johnston.**

Establishing specific jurisdiction requires that: (1) the non-resident defendant purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comport with fair play and substantial justice, *i.e.*, it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. In analyzing whether the assertion of specific jurisdiction over a given defendant would be justified, the plaintiff has the burden of satisfying the first two prongs of the test. *CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff does so, the burden then shifts to the defendant to present a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.*

Here, Plaintiff has not met his burden to satisfy the first two prongs of this test. Plaintiff complains of two acts committed by Judge Johnston: (1) his statements to the Senate during the judicial confirmation process and (2) his allegedly false statements to the Executive Committee. Neither act was expressly aimed at California. The statements made to the Senate Judiciary Committee were made during a hearing in the District of Columbia and made no reference to Plaintiff or California. Similarly, any statement made to the Executive Committee occurred in Illinois and related to conduct occurring solely in Illinois.

The Supreme Court has "made clear that we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods*, 874 F.3d at 1069 (citing *Walden v. Fiore*, 571 U.S. 277, 287 (2014)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. Here, Judge Johnston's only link to California is Plaintiff. That is insufficient to support specific personal jurisdiction. *Id.* at 285. Judge Johnston lacks sufficient minimum contacts with

California to warrant the Court's exercise of specific jurisdiction.

In his opposition, Plaintiff fails to advance any argument with respect to the Court's ability to exercise personal jurisdiction over Judge Johnston, and the facts alleged do not suggest that Plaintiff could cure the defects with respect to personal jurisdiction by amending his complaint. Thus, the Court concludes that granting leave to amend would be futile. Therefore, it grants Judge Johnston's motion to dismiss for lack of personal jurisdiction without leave to amend.

Because the Court concludes that it lacks personal jurisdiction over Judge Johnston, the Court will not address Judge Johnston's other arguments for dismissal.

**D. The Court Denies Plaintiff's Requests for Judicial Notice.**

Plaintiff has filed requests for judicial notice in connection with his opposition to the Defendants' motions to dismiss. (*See* Dkt. Nos. 38, 46.) Plaintiff asks the Court to take judicial notice of facts which are in dispute and thus not properly subject to judicial notice. Fed. R. Evid. 201. For this reason, the Court denies Plaintiff's requests for judicial notice.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motions to dismiss WITHOUT LEAVE TO AMEND. A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 21, 2023

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.W.S.,<br>Plaintiff,<br>v.<br>IAIN D. JOHNSTON, et al.,<br>Defendants. | Case No. 22-cv-04718-JSW<br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 6, 14, 17 |

Now before the Court for consideration is the motion for remand filed by Plaintiff A.W.S. ("Plaintiff"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. The Court VACATES the hearing scheduled for October 14, 2022. For the following reasons, the Court DENIES Plaintiff's motion.

**BACKGROUND**

Plaintiff is an attorney licensed to practice in California. On July 7, 2022, Plaintiff filed a complaint for declaratory relief against Judge Iain D. Johnston ("Judge Johnston") in Superior Court of California, Contra Costa County.[1] (Not. of Removal ¶ 1; *id.*, Ex. 1 ("Compl.").) Plaintiff alleges that Johnston, who is now a U.S. District Court Judge for the Northern District of Illinois, made factually incorrect statements to the United States Senate Committee on the Judiciary during his application process to become a federal judge regarding Plaintiff's involvement in in a products liability suit in the Northern District of Illinois, *Bailey v. Bernzomatic*, No. 16-cv-07458

[1] Plaintiff originally sought declaratory relief against the California State Bar Office of the Chief Trial Counsel ("OCTC") but subsequently moved to voluntarily dismiss the OCTC, a request which the Court GRANTS. (*See* Dkt. No. 14.)

United States District Court
Northern District of California

United States District Court
Northern District of California

("*Bailey*").[2] (Compl. ¶¶ 5-7.) Plaintiff alleges that he sent a confidential correspondence to Judge Johnston regarding these statements and informed Judge Johnston that Plaintiff intended to inform the Senate of the correct facts. (*Id.* ¶ 8.)

Plaintiff alleges that on July 23, 2020, three days after he sent the letter to Judge Johnston, the Executive Committee of the United States District Court for the Northern District of Illinois ("Executive Committee") issued an order regarding Plaintiff's conduct at the federal courthouse in the Northern District of Illinois (the "Order"). (*Id.*) The Order stated that the Executive Committee had received concerning reports regarding Plaintiff's behavior during visits to the courthouse, that Plaintiff had engaged in disruptive behavior during Court hearings, made false statements on Court documents, failed to comply with orders from the Executive Committee, and demanded videoconference sessions with judges. (*Id.*) As a result, the Executive Committee ordered that a U.S. Marshal always accompany Plaintiff while present at the courthouse. (*Id.*) Plaintiff alleges that the Executive Committee's allegations were false and were based on false statements made to the Executive Committee by Judge Johnston in attempt to discredit Plaintiff because of Plaintiff's intent to advise the Senate of Judge Johnston's purportedly inaccurate statements. (*Id.* ¶ 15.) Plaintiff alleges that the California State Bar Office of Chief Trial Counsel ("OCTC") has a pending investigation into Plaintiff about the allegations of misconduct reported in the Order. (*Id.* ¶ 16.)

Plaintiff requests declaratory judgment establishing that: (1) Judge Johnston made factually incorrect statements to the Senate regarding the legal matter handled by Plaintiff in his Senate questionnaire; (2) Judge Johnston made false allegations about Plaintiff to the Executive Committee, which caused the Order to issue; (3) Judge Johnston intended for his false representations about Plaintiff to cause injury and damage; (4) Plaintiff suffered injury and damage; (5) the Order is defamatory on its face; and (6) Judge Johnston has failed to inform the

---

[2] The *Bailey* case was assigned to District Judge Philip Reinhard and Judge Johnston, who at that time was a magistrate judge. Judge Reinhard ultimately revoked Plaintiff's *pro hac vice* status but not before Plaintiff filed two motions to disqualify Judge Johnston based on Judge Johnston's prior employment with a law firm that had represented Bernzomatic in another lawsuit brought by Plaintiff personally. Judge Johnston denied these motions.

Senate of his factually incorrect statements to the Executive Committee and the Senate. (*Id.* ¶ 17.)

On August 17, 2022, the Government removed this case under 28 U.S.C. sections 1442(a)(3) and 1442(a)(1) ("Section 1442(a)"), on behalf of Judge Johnston, in his official capacity.[3] The Government asserts the action is removable because Plaintiff is suing an "officer of the courts of the United States, for or relating to any Act under color of office or in the performance of his duties." *See* 28 U.S.C. § 1442(a)(3).

**ANALYSIS**

Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). To qualify for removal under the statute, an officer of the federal courts must raise a colorable federal defense and establish that the suit is "for or relating to any act under color of office." 28 U.S.C. § 1442(a)(3). The purpose of the federal officer removal statute is to allow the defense to be adjudicated in a federal forum. *Willingham v. Morgan*, 395 U.S.C. 402, 407 (1969). Unlike the right to removal under 28 U.S.C. section 1441, removal jurisdiction under Section 1442 is broadly construed in favor of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006).

The Government argues that this action satisfies the "for or relating to any act under color of office" requirement because Plaintiff's complaint relates to statements Judge Johnston purportedly to the Executive Order, which caused the Executive Committee to issue the Order. The Government asserts that any such statements Judge Johnston made to the Executive Committee would have occurred as part of his duty as a magistrate judge. The Government puts forth evidence establishing that the Executive Committee is charged with administering and conducting the business of the Court, and it issues and enforces administrative orders to aid this charge. (*See* Dkt. No. 22, Declaration of Thomas G. Bruton ¶ 3.) The Executive Committee relies

[3] Judge Johnston does not appear to have been served in his individual capacity. The Government contends that to the extent Plaintiff brings claims against Judge Johnson in his official capacity, those are considered a suit against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

United States District Court
Northern District of California

United States District Court
Northern District of California

on information from Court officers and personnel, including district judges and magistrate judges, regarding issues relevant to Court administration to fulfill its duties. (*Id*. ¶¶ 3-4.)

The Court finds that this evidence is sufficient to establish that any statements Judge Johnston made to Executive Committee would have been provided as part of his federal duty as a magistrate judge to assist the Executive Committee in discharging its official powers. Thus, the Government has satisfied the "for or relating to an act under color of office" requirement of the federal officer removal statute.

The Government also argues that it has satisfied the federal defense requirement based on the assertion of the defense of sovereign immunity. To satisfy this requirement, the removing defendant need not prove that its defense is meritorious; it need only show there is a legitimate question of federal law to be decided regarding the validity of the defense. *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014); *Mesa v. California*, 489 U.S. 121, 129 (1989). The Supreme Court has rejected a "narrow, grudging interpretation" of the statute with regard to the colorable defense requirement. *See Jefferson Cnty.*, 527 U.S. at 431.

The Court finds the Government has established it has a colorable defense of sovereign immunity. "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). Sovereign immunity extends to officers acting within the scope of their authority. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The applicability of the doctrine of sovereign immunity is to be determined by the result of the judgment or decree which may be entered, not by the party named as defendant. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 n. 6 (1949). That is, a suit against an officer of the United States is one against the United States if "the decree would operate against the sovereign; or if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act." *Brown v. General Serv. Admin.*, 425 U.S. 820, 826-27 (1976) (internal citations and quotation marks omitted).

Here, Plaintiff seeks declaratory relief establishing, among other things, that Judge

Johnston made false allegations about Plaintiff to the Executive Committee, which led the Executive Committee to issue a defamatory Order. The Government asserts that the relief Plaintiff seeks would operate against the Government and interfere with official acts by compelling it to act with regard to official governmental communications. The Court finds the Government's invocation of the defense of sovereign immunity sufficient to meet the jurisdictional requirement of possessing a "colorable federal defense." *Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 254 (4th Cir. 2021) ("To be colorable, the defense need not be clearly sustainable…[and] must only be plausible.") (internal citations and quotation marks omitted).

Plaintiff's primary argument against removal is that Judge Johnston was acting of his own accord when he made the allegedly false statements to the Executive Committee and he is not seeking relief against Judge Johnston in his official capacity. This argument is premature at this juncture. The question Plaintiff raises is whether Judge Johnston was engaged in a "frolic of [his] own," and Judge Johnston should have the opportunity to present his version of the facts to a federal court to answer that question. *Willingham*, 395 U.S. at 409. Thus, the merits of Plaintiff's argument should be determined in federal court, and a motion to remand is not the proper vehicle to do so. *See Jefferson Cnty.,* 527 U.S. at 432 ("[W]e credit the judges' theory of the case for purposes of both elements of our jurisdictional inquiry.").

Plaintiff also contends that removal under the federal officer removal statute is improper because the alleged misstatements Judge Johnston made to the United States Senate Committee on the Judiciary were not made in the course of his employment as a magistrate judge. Rather, Judge Johnston made those statements as an individual in the process of applying for a government position as a federal judge. However, even assuming Plaintiff is correct, it does not defeat removal because the Government has plausibly established that removal under Section 1442(a) is proper as to any statements Judge Johnston may have made to the Executive Committee. *See Pizarro v. Astra Flooring Co.*, 444 F. Supp. 3d 1146, 1151 (N.D. Cal. 2020) ("[I]f the failure-to-warn claim may be removed under Section 1442(a)(1), then the *entire action* may be removed, even if plaintiffs' other claims would not have been independently removable."); *National*

United States District Court
Northern District of California

*Audubon Soc. v. Dept. of Water & Power*, 496 F. Supp. 499, 509 (E.D. Cal. 1980) ("It is well settled that if one claim cognizable under Section 1442 is present, the entire action is removed, regardless of the relationship between the Section 1442 claim and the non-removable claims.").

Plaintiff also argues that the Seventh Circuit's decision in *In re Shalaby*, No. 20-2689, precludes the assertion of any federal defenses in this action. In that decision, the Seventh Circuit found that the Order was not appealable under 28 U.S.C. section 1291 because it was administrative rather than judicial. *In re Shalaby*, No. 20-2689, 2022 WL 2438825, at *2 (7th Cir. July 5, 2022). Although the Seventh Circuit found it lacked appellate jurisdiction over Plaintiff's challenge to the Order, the Seventh Circuit did not address the propriety of federal jurisdiction over equitable claims brought against Judge Johnston in a separating proceeding regarding the statements he allegedly made to the Executive Committee.

Finally, the Court finds Plaintiff's argument regarding *Ex Parte Young* unpersuasive as it does not impact the question presently before the Court: whether this court has jurisdiction under the federal officer removal statute.

The Court finds the Government has shown a sufficient connection between Judge Johnston's official authority and the acts complained of such that they are acts "under color of office" for purposes of the federal officer removal statute. The Court also finds that the Government has raised a colorable defense of sovereign immunity. Thus, removal was proper under Section 1442, and the Court DENIES Plaintiff's motion to remand.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's motion for remand. The Court DENIES Plaintiff's request for judicial notice AS MOOT because this order need not rely on those documents. (Dkt. No. 24.) The Court DENIES Plaintiff's motion to correct the order regarding consent. (Dkt. No. 17.)

**IT IS SO ORDERED.**

Dated: October 4, 2022

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

450 Golden Gate Ave. Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7025
Facsimile: (415) 436-6748
pamela.johann@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW W. SHALABY, Plaintiff, v. IAIN D. JOHNSTON, *et al.*, Defendants. | Case No. 22-cv-04718-JSW<br>**FEDERAL DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>Date: March 24, 2023<br>Time: 9:00 a.m.<br>Place: Zoom or AT&T Teleconference<br>The Honorable Jeffrey S. White |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....... ii

I. INTRODUCTION ....... 1

II. ARGUMENT ....... 1

A. Plaintiff's Claims Regarding The Escort Order Must Be Dismissed Because They Are Barred By The Doctrine of Sovereign Immunity. ....... 1

1. The Rule Of Sovereign Immunity Applies Equally To Administrative And Judicial Actions. ....... 1

2. The Alleged Communications With The Executive Committee Were Made Within The Scope Of Judge Johnston's Official Duties. ....... 4

B. Plaintiff's Claims Must Be Dismissed For Failure To State A Claim. ....... 7

1. Plaintiff Concedes That He Cannot Plead An Underlying Defamation Claim. ....... 7

2. Plaintiff's Alternative Legal Theory Does Not State A Claim For Relief. ....... 8

3. Plaintiff's Requested Declaratory Does Not Seek Prospective Relief. ....... 8

4. Plaintiff Is Not Entitled To Discovery Regarding His Speculative Defamation Theory. ....... 9

C. Plaintiff's Request for Leave to Amend To Assert a Claim for Injunctive Relief Against the Executive Committee Should Be Denied. ....... 10

III. OBJECTIONS TO EVIDENCE ....... 12

IV. CONCLUSION ....... 13

## TABLE OF AUTHORITIES

### Cases

*Adams v. Comm. on Judicial Conduct & Disability*, 165 F. Supp. 3d 911 (N.D. Cal. 2016).................. 11

*Barr v. Matteo*, 360 U.S. 564 (1959) ........................................................................................ 6

*Bertoncini v. Schrimpf*, 712 F. Supp. 1336 (N.D. Ill. 1989) ........................................................ 5

*Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273 (1983).................................... 2

*Brown v. DetailXPerts Franchise Sys., LLC*, No. 18-cv-02430-SVK, 2018 WL 11295029 (N.D. Cal. Sept. 12, 2018) ........................................................................ 8

*Foman v. Davis*, 371 U.S. 178 (1962) ....................................................................................... 11

*Gardner v. Martino*, 563 F.3d 981 (9th Cir. 2009)....................................................................... 11

*Harkonen v. U.S. Dept. of Justice*, 800 F.3d 1143 (9th Cir. 2015)................................................ 12

*In re Chapman*, 328 F.3d 903 (7th Cir. 2003) ............................................................................ 12

*In re Kowalski*, 765 F. App'x 139 (7th Cir. 2019)................................................................... 3, 11

*In re Long*, 475 F.3d 880 (7th Cir. 2007)..................................................................................... 3

*In re Norris*, 750 F. App'x 494 (7th Cir. 2019) ............................................................................ 3

*In re Shalaby*, No. 20-2689, 2022 WL 2438825 (7th Cir. July 5, 2022) ........................................ 1

*Jewel v. Nat'l Sec. Agency*, 965 F. Supp. 2d 1090 (N.D. Cal. 2013) ............................................ 11

*Kania v. U. S.*, 650 F.2d 264 (Ct. Cl. 1981)................................................................................. 4

*Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969 (9th Cir. 2012).............................. 4, 5

*Logan v. VSI Meter Services, Inc.*, No. 10-cv-2478, 2012 WL 928400 (S.D. Cal. Mar. 19, 2012) .................................................................... 10

*Matter of Palmisano*, 70 F.3d 483 (7th Cir. 1995) ........................................................................ 7

*McLachlan v. Bell*, 261 F.3d 908 (9th Cir. 2001) ................................................................... 5, 6, 7

*Muirhead v. Mecham*, 427 F.3d 14 (1st Cir. 2005) ....................................................................... 2

*Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987)................................ 2

*Nunes v. Ashcroft*, 348 F.3d 815 (9th Cir.2003) .......................................................................... 11

*Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865 (9th Cir. 1992) .......................... 6

*Peterson v. Timme*, 621 F. App'x 536 (10th Cir. 2015) ................................................................. 11

*Phleger v. Countrywide Home Loans, Inc.*, No. 07-cv-1686 SBA, 2008 WL 65677 (N.D. Cal. Jan. 4, 2008)........................................................................ 10, 11

*Quinones v. UnitedHealth Group Inc.*, No. 14-cv-00497, 2015 WL 6159116 (D. Haw. Oct. 19, 2015) ........ 10

*Roy v. Contra Costa Cty.*, No. 15-cv-02672-TEH, 2015 WL 5698743 n.7 (N.D. Cal. Sept. 29, 2015) ........ 8

*Sanai v. Kozinski*, No. 19-cv-08162-YGR, 2021 WL 1339072 (N.D. Cal. Apr. 9, 2021) ........ 11

*Smith v. Krieger*, 389 F. App'x 789 (10th Cir. 2010) ........ 11

*Smith v. Scalia*, 44 F. Supp. 3d 28 (D.D.C. 2014) ........ 11

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ........ 10

*Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293 (9th Cir. 1998) ........ 11

*Taboas v. Mlynczak*, 149 F.3d 576 (7th Cir. 1998) ........ 5, 6

*Tarlson v. United States*, No. 13-cv-03535-JSW, 2014 WL 605489 (N.D. Cal. Feb. 13, 2014) ........ 7

*United States v. Yakima Tribal Court*, 806 F.2d 853 (9th Cir. 1986) ........ 11

*Zeiny v. United States*, No. 17-cv-07023-HRL, 2018 WL 1367389 (N.D. Cal. Mar. 16, 2018) ........ 8

**Statutes**

28 U.S.C. § 1291 ........ 2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........ 9, 10

Federal Rule of Civil Procedure 15(a)(2) ........ 11

Civil Local Rule 7-2 ........ 10

Civil Local Rule 10-1 ........ 10

## I.    INTRODUCTION

Plaintiff alleges in his First Amended Complaint ("FAC") that he "does not seek any relief pertaining to the United States District Court for the Northern District of Illinois, or its Executive Committee." Dkt. No. 28 at 6 ¶ 17.  Yet his opposition to Defendants' motions to dismiss states the exact opposite: that the "sole objective and ultimate goal" of his lawsuit is to obtain judicial relief "against the Executive Committee, setting aside its non-judicial escort 'order.'"  Dkt. No. 45 at 12. While Plaintiff now apparently disavows the theory asserted in his FAC, it is apparent that this action has always been a thinly veiled collateral challenge to the Executive Committee's July 23, 2020 order imposing an escort requirement on Plaintiff in the U.S. Courthouse in Rockford, Illinois (the "Escort Order").  Whether Plaintiff is seeking a declaration regarding the alleged communications that Judge Johnston made to the Executive Committee or an injunction against the Executive Committee itself, however, the result is the same: Plaintiff's complaint is barred by the doctrine of sovereign immunity. The United States respectfully requests that the Court dismiss Plaintiff's First Amended Complaint with prejudice.

## II.    ARGUMENT

### A.    Plaintiff's Claims Regarding The Escort Order Must Be Dismissed Because They Are Barred By The Doctrine of Sovereign Immunity.

The United States' motion to dismiss argues that the claims arising out of Judge Johnston's alleged communications with the Executive Committee operate as claims against the United States and are barred by the doctrine of sovereign immunity.  Dkt. No. 41 at 15-19.  In his opposition, Plaintiff does not meaningfully address this argument, or indeed acknowledge the doctrine of sovereign immunity at all.  Instead, his arguments are directed to some unspecified "immunity defense," which he claims is inapplicable to the non-judicial acts of the Executive Committee.  Dkt. No. 45 at 14-16.  Plaintiff fundamentally misunderstands the essence of the United States' argument and the preclusive effect of the sovereign immunity doctrine.

#### 1.    The Rule Of Sovereign Immunity Applies Equally To Administrative And Judicial Actions.

Citing the Seventh Circuit's decision in *In re Shalaby*, No. 20-2689, 2022 WL 2438825, at *2

(7th Cir. July 5, 2022), *reh'g denied*, 2022 WL 3756985 (7th Cir. Aug. 30, 2022), *petition for cert. filed*, No. 22-712 (U.S. Jan. 21, 2023), Plaintiff argues that Executive Committee's Escort Order was a non-judicial act, and therefore "judicial redress" is available. *See* Dkt. No. 45 at 14-16. The United States agrees that the Executive Committee was acting in an administrative capacity in issuing the Escort Order.[1] But it does not follow that Plaintiff may therefore challenge the Escort Order, either directly or indirectly through Judge Johnston's communications, in this collateral action. The United States is asserting *sovereign* immunity, not *judicial* immunity. The distinction between the Executive Committee's judicial and administrative functions has no bearing on this dispositive sovereign immunity argument. "The basic rule of sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) (civil action challenging the United States' title to real property may proceed only to the extent Congress has explicitly waived sovereign immunity in the Quiet Title Act). The doctrine of sovereign immunity applies equally to entities within the judicial branch acting in an administrative capacity. *See*, *e.g.*, *Muirhead v. Mecham*, 427 F.3d 14, 19 (1st Cir. 2005) (action challenging decision by Administrative Office of U.S. Courts regarding Magistrate Judge's exclusion from annuity program barred by sovereign immunity). Whether or not a federal employee could assert judicial or quasi-judicial immunity—for which the distinction between an administrative and judicial order might be relevant—is simply not at issue in this case.[2] *In re Shalaby* says nothing whatsoever about the controlling doctrine of sovereign immunity and cannot be interpreted as concluding that sovereign immunity is waived with regard to the Executive Committee's actions in issuing the Escort Order, much less with regard to the communications that Judge Johnston allegedly made to the Executive Committee.

Contrary to Plaintiff's suggestion, the Seventh Circuit's ruling in *In re Shalaby* that it did not have jurisdiction under 28 U.S.C. § 1291 to consider Plaintiff's appeal of the Escort Order in no way countenances the availability of judicial review in a separate action. The Seventh Circuit held only that

---

[1] Whether Judge Johnston was acting in an administrative or judicial capacity in his alleged communications to the Executive Committee, however, is a separate matter that was neither considered nor resolved by the Seventh Circuit in *In re Shalaby*.

[2] Judicial immunity, in any event, is not a doctrine that would apply to the actions of the Executive Committee *eo nomine*. *See Mullis v. U.S. Bankr. Court for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987).

appellate review was *unavailable*, not that any alternative judicial redress *was available*. The court

certainly did not conclude, as Plaintiff implies, that "there is no immunity of any kind, on any level"

regarding a collateral challenge to the actions of the Executive Committee. *See* Dkt. No. 45 at 15-16.

Nor did it determine that the acts of the Executive Committee, or the alleged communications by Judge

Johnston to the Executive Committee, fell within any waiver of sovereign immunity. None of the

conclusions that Plaintiff seeks to extract from *In re Shalaby* are contained in the decision itself.

Plaintiff's fanciful interpretation of *In re Shalaby* appears to be based on the court's citation to *In re Long*, 475 F.3d 880 (7th Cir. 2007), which found an administrative order of the Executive Committee barring a litigant from the courthouse's law library to fall outside of the Seventh Circuit's Section 1291 appellate jurisdiction. The *In re Long* court, in a passage that was neither quoted nor specifically referenced by the Seventh Circuit in *In re Shalaby*, alluded to a hypothetical action by a restaurant for which a patron "might seek judicial redress." *In re Long*, 475 F.3d at 880-81. But the *In re Long* court never held that extrinsic judicial redress would be available to challenge the actions of the Executive Committee, which, unlike the hypothetical restaurant, is subject to the doctrine of sovereign immunity. No Seventh Circuit case—or any other authority—has found that "judicial redress" in the form of a collateral district court action could be available in these circumstances; indeed subsequent Seventh Circuit cases that have invoked the *In re Long* analogy have notably excluded *In re Long*'s reference to judicial redress altogether. *See In re Kowalski*, 765 F. App'x 139, 140 (7th Cir. 2019); *In re Norris*, 750 F. App'x 494, 495 (7th Cir. 2019). The *In re Shalaby* court's citation to *In re Long* certainly cannot be construed as adopting this proposition as a holding.

Plaintiff's assertion that Seventh Circuit found that "judicial redress was an available remedy" due to the "propriet[ar]y function exception to immunity," Dkt. No. 45 at 16, is both unsupported by *In re Shalaby* and *In re Long*, which contain no such holding, and a misstatement of law. First, *In re Shalaby* does not describe the Executive Committee's Order as a "proprietary" act at all, and it certainly does not describe Judge Johnston's alleged communications as proprietary. Second, *In re Long* does not recognize any sort of "proprietary function exception to immunity," much less identify this as an exception to sovereign immunity. Third, while an administrative order regulating the movement of a member of the public within the courthouse might be described as "proprietary" in the limited sense of

relating to the terms and conditions of the use of court property, this type of action nevertheless goes to the core of the Executive Committee's delegated governmental function and must be considered an act of the sovereign. But most fundamentally, federal sovereign immunity law does not carve out an exception for "proprietary" acts; even when the federal government acts in a commercial capacity, it may be sued only to the extent permitted by an explicit waiver of sovereign immunity. *See Kania v. U. S.*, 650 F.2d 264, 267 (Ct. Cl. 1981) (consent to suit for contract claims delimited by the Tucker Act).

In any event, regardless of any decision of the Seventh Circuit, this Court has an independent obligation to satisfy itself that it has subject matter jurisdiction over the dispute presented to it. *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) ("Subject matter jurisdiction 'can never be forfeited or waived' and federal courts have a continuing 'independent obligation to determine whether subject-matter jurisdiction exists.'"). Because any claim asserted by Plaintiff in this action is barred by the doctrine of sovereign immunity, subject matter jurisdiction is lacking.

**2. The Alleged Communications With The Executive Committee Were Made Within The Scope Of Judge Johnston's Official Duties.**

In its opening brief, the United States explained that the conduct alleged in the complaint—Judge Johnston's communications to the Executive Committee that resulted in the Escort Order—falls within the scope of Judge Johnston's federal employment and therefore must be considered official government actions subject to the doctrine of sovereign immunity. Dkt. No. 41 at 17-19. Plaintiff does not challenge the legal propositions or analysis set forth in the United States' motion but rather merely attempts to distinguish some of the cited cases based on his own conclusory assertions layered over a superficial reading of these authorities. Contrary to Plaintiff's assertion, these cases—and the remaining authorities and analysis in the United States' motion that Plaintiff does not attempt to distinguish—compel the conclusion that Judge Johnston's alleged communications were made within the scope of his employment.

First, Plaintiff attempts to distinguish this authority because he claims that the alleged communications were "not authorized." Dkt. No. 45 at 16. But this argument is predicated on Plaintiff's assertion that the statements were "made with [Judge Johnston's] knowledge that he had contrived the facts." *Id.* As set forth in the United States' opening brief (and in the very case that Plaintiff seeks to distinguish on this basis), knowing and malicious falsity does not by itself "place[]

conduct outside the scope of employment." *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998).

"Even 'willful and malicious torts of an employee' can be within the scope of his employment, and that

may be so even where the employee's torts violate the employer's express rules and confer no benefit on

the employer." *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001). The Ninth Circuit in *McLachlan*

concluded that "[e]ven if the entire imbroglio arose out of willful and malicious defamation by Dr. Bell

against Dr. McLachlan, as Dr. McLachlan's papers claim," such conduct still may fall within the scope

of employment. *Id.* at 912. Plaintiff's argument that Judge Johnston's alleged communications to the

Executive Committee were not authorized because they were fabricated, therefore, is directly contrary to

the authorities that he seeks to distinguish on this basis.

Second, Plaintiff asserts that Judge Johnston's "false reporting completely deviated from his

employment duties" and bore "no relationship or purpose to 'serve the master.'" Dkt. No. 41 at 16-17.

Plaintiff's assertion is based on nothing other than his conclusory speculation, devoid of any analysis

and untethered to the discussion of those concepts in the cited cases. Plaintiff does not and cannot

challenge the proposition that Judge Johnston's duties as a U.S. Magistrate Judge included an obligation

"to assist the Executive Committee in discharging its official powers," as this Court previously

concluded. Dkt. No. 27 at 4. Any communications to the Executive Committee, therefore, even though

alleged to be false or improper, are considered to fall within the scope of employment. *See* Dkt. No. 41

at 18-19.[3] Moreover, because these communications are alleged to relate to Plaintiff's conduct in the

federal courthouse and to have resulted in an order that was intended "to maintain judicial security,"

Dkt. No. 22-1 at 2, these communications "at least in part promoted the employer's interest in" the

orderly management and administration of Court operations. *Taboas*, 149 F.3d at 582. The Ninth Circuit

---

[3]In discussing the scope of official privilege, which draws on some similar principles, the court in *Bertoncini v. Schrimpf*, 712 F. Supp. 1336 (N.D. Ill. 1989), held that "there is no question" that statements made by a mayor "to the Village Board" about the plaintiff, a city employee, were made "in the course of his executive functions." 712 F. Supp. at 1343. Plaintiff seizes on the court's discussion of the mayor's different statements at a press conference to imply that Judge Johnston's alleged communications were not "legitimately related to matters committed to responsibility" because they were fabricated. Dkt. No. 45 at 17. *Bertoncini* does not support this conclusion. To the contrary, the lesson of *Bertoncini* is that communications made within official channels about matters committed to an employee's responsibilities—such as Judge Johnston's statements about a litigant's conduct in the courthouse to the Executive Committee—fall within the scope of duty "[w]hether or not these statements were false, indeed whether or not the [employee] knew them to be false." 712 F. Supp. at 1343.

in *McLachlan*, in describing the types of personal torts that might be found to "substantially deviate from employment duties for personal purposes," noted that the cases that fall within this exception "seem most often to involve sex in some way," but that "even sexual misconduct can be within the scope of employment for purposes of respondent superior, as when a police officer" sexually assaults a civilian "whom he stopped for a traffic violation." 261 F.3d at 911-12. By contrast, the *McLachlan* court concluded that the allegations of defamation in that case were undertaken within the scope of employment even though they involved "personal hostility, backbiting, . . . false rumors, and malicious gossip in the workplace." *Id.* at 912. Plaintiff's allegations do not plausibly allege conduct that is different in any meaningful way from the alleged defamatory statements in *McLaghlan*. Indeed, the parallels between the allegations in these two cases are striking: in *McLaghlan*, the plaintiff alleged that the defendant suggested to a supervisor, "without any basis," that the plaintiff "might become violent" during future meetings, causing the supervisor to arrange for the presence of security guards during the meetings.

Third, Plaintiff claims that these cases are distinguishable because Judge Johnston made false reports "to serve his own interest." Dkt. No. 45 at 16. The cases are clear, however, that a purported personal motive will not take a communication outside the scope of employment. *See McLaghlan*, 261 F.3d at 912 (defamatory statements were within the scope of employment even assuming that the speakers "acted entirely out of malice"). Similarly, the Supreme Court emphasized in *Barr v. Matteo* that the personal motive of the speaker would not defeat the absolute privilege that attached to statements made by federal officers in the exercise of their official duties. 360 U.S. 564, 575 (1959) ("The claim of an unworthy purpose does not destroy the privilege.").[4] Communicating with the

[4] Plaintiff seeks to distinguish *Barr* because Judge Johnston was not "acting as the head of an executive department." Dkt. No. 45 at 18. But *Barr* explicitly held the opposite—that the federal employee privilege should *not* "be restricted to executive officers of cabinet rank." *Barr*, 360 U.S. at 573. Under the *Barr* test, the protections for a higher-ranking officer would be broader only because "the higher the post, the broader the range of responsibilities and duties" it entails. *Id.* Moreover, Plaintiff's attempted distinction is irrelevant; the United States cited *Barr* not for its substantive test of federal employee privilege, which is not at issue in this case and which in any case was expanded and codified by the Westfall Act in 1988, *see Pelletier v. Fed. Home Loan Bank of San Francisco*, 968 F.2d 865, 875 (9th Cir. 1992), but for its discussion of the principle that the personal motivation of the federal employee is not relevant for the scope of official duties analysis. Finally, Plaintiff's assertion that Judge Johnston's conduct does not present a "close question" under *Barr* because his acts "are not within the scope of duty," Dkt. No. 45 at 18, presents a "begging the question" fallacy: his premise assumes rather than supports the truth of the conclusion.

Executive Committee was part of Judge Johnston's official duties. Plaintiff's allegation that he did so here to promote his Senate confirmation chances does not nullify that nexus.

In summary, Judge Johnston's alleged communications were made to the Executive Committee, the administrative arm of the Northern District of Illinois. *Matter of Palmisano*, 70 F.3d 483, 484 (7th Cir. 1995); Dkt. No. 22 at 1-2. These communications were undertaken as part of Judge Johnston's official duties, and the Executive Committee thereafter took measures to ensure the orderly administration of justice, in accordance with its own official responsibilities. As this Court concluded in *Tarlson v. United States*, No. 13-cv-03535-JSW, 2014 WL 605489 (N.D. Cal. Feb. 13, 2014), Judge Johnston's alleged defamatory communications fall within the scope of his federal employment. In *Tarlson*, this Court held that a Coast Guard Auxiliary member was acting within the scope of her federal employment when she made allegedly false reports about the plaintiff to her superiors, leading to disciplinary action against the plaintiff, even though the reports related to an incident that occurred during an after-hours social event. Disregarding this Court's holding, Plaintiff seeks to distinguish *Tarlson* because the plaintiff in that case focused his scope-of-employment argument on the underlying incident rather than the communications themselves. *See* Dkt. No. 45 at 17. But the fact that the plaintiff in *Tarlson* may have asserted an argument that is not available to Plaintiff here (because even the underlying incident that was the subject of Judge Johnston's alleged communications—Plaintiff's behavior in the Rockford courthouse—was related to his federal employment) does not detract from the applicability or weight of the holding in that case. Indeed, that holding applies with greater force here, where "the entire affair took place at work, in ways relating to work, on issues arising out of the work" that Judge Johnston performed as a Magistrate Judge. *McLachlan*, 261 F.3d at 912.

Because the alleged communications fell within the scope of Judge Johnston's federal employment, they are considered official acts of the government, and Plaintiff may not seek equitable relief on the basis of this conduct absent a waiver of sovereign immunity. Having identified none, *see* Dkt. No. 41 at 19, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff's Claims Must Be Dismissed For Failure To State A Claim.

#### 1. Plaintiff Concedes That He Cannot Plead An Underlying Defamation Claim.

The United States also moves to dismiss Plaintiff's claims because his single claim for declaratory

relief fails to identify an underlying source of liability, and to the extent it is predicated on a defamation theory, it is barred by the statute of limitations; absolutely privileged under California law; and insufficiently pleaded. Dkt. No. 41 at 20-24. Plaintiff does not substantively respond to the arguments regarding a purported defamation claim, instead disavowing that his complaint is based on such a theory. Dkt. No. 45 at 15. Plaintiff's failure to address these arguments concedes the deficiencies of his pleading in this regard. *See Roy v. Contra Costa Cty.*, No. 15-cv-02672-TEH, 2015 WL 5698743, at *3 n.7 (N.D. Cal. Sept. 29, 2015) ("When a non-moving party's opposition to a motion to dismiss fails to address the moving party's arguments regarding certain claims, the non-moving party has conceded that those claims fail.").

**2. Plaintiff's Alternative Legal Theory Does Not State A Claim For Relief.**

Plaintiff's procedural defense of his complaint—that his "declaratory relief claim relates to injunctive relief, not defamation," Dkt. No. 41 at 15—is both internally nonsensical and legally irrelevant. First, Plaintiff's complaint does not state a claim for injunctive relief, which, while also an equitable remedy, is a distinct form of relief. *See Brown v. DetailXPerts Franchise Sys., LLC*, No. 18-cv-02430-SVK, 2018 WL 11295029, at *5 (N.D. Cal. Sept. 12, 2018) ("Declaratory relief is not simply a form of injunctive relief; it is a distinct remedy."). Second, even if Plaintiff's complaint did seek injunctive relief, that too is merely a remedy, not an independent source of substantive rights. A request for injunctive relief is a procedural vessel that requires an underlying theory of liability. *Zeiny v. United States*, No. 17-cv-07023-HRL, 2018 WL 1367389, at *3 (N.D. Cal. Mar. 16, 2018), *aff'd*, No. 18-15634, 2018 WL 3407714 (9th Cir. June 26, 2018) ("A request for injunctive relief by itself does not state a cause of action . . . An injunction is a remedy, not a separate claim or cause of action."). Apart from an apparent defamation theory, which Plaintiff has now forsworn, his complaint does not identify any legal theory on which a request for either declaratory or injunctive relief could be based, and it is therefore subject to dismissal.

**3. Plaintiff's Requested Declaratory Does Not Seek Prospective Relief.**

The United States' opening brief establishes that declaratory relief would be inappropriate here, where the complaint "seeks to redress past wrongs rather than a declaration as to future rights." Dkt. No. 41 at 24-25. Plaintiff responds that the requested relief is prospective because he wishes to use the

declaration to his advantage in the future, outside of this immediate controversy. Dkt. No. 45 at 5. This argument misunderstands the meaning of prospective relief. The challenged conduct of which he is complaining—the alleged statements by Judge Johnston in 2020—is not continuing. There is no possibility of future harm due to the unsettled nature of the legal relations between the parties. Nor would the requested relief would not settle an ongoing controversy between Plaintiff and Judge Johnston with future implications between them. Declaratory relief is not appropriate in these circumstances, where it will neither settle the legal relations in issue nor afford relief from the controversy giving rise to this action.

**4. Plaintiff Is Not Entitled To Discovery Regarding His Speculative Defamation Theory.**

Among the deficiencies of Plaintiff's purported defamation theory, Plaintiff has not adequately alleged a false and defamatory publication by Judge Johnston. Dkt. No. 41 at 23-24. While not denying that his allegation, made "on information and belief," is sheer speculation, Plaintiff now demands that Defendants provide him information about the reports underlying the Escort Order and produce the "false reporting document" that he believes may exist. *Id.* at 4. This demand for discovery is neither permitted by the Federal Rules of Civil Procedure nor appropriate at this stage of litigation.

The United States filed, as was its right under Rule 12 of the Federal Rules of Civil Procedure, a motion to dismiss that both contests this Court's subject matter jurisdiction and challenges the sufficiency of the pleadings. The thrust of the United States' Rule 12(b)(6) argument is that the *pleadings* are insufficient to state a cause of action; the focus is exclusively on the sufficiency of the pleadings, not the merits of the case. This motion is not tantamount to an answer. A defendant is not required to deny factually incorrect statements as part of a motion to dismiss and is not permitted to introduce evidence to contradict those facts; indeed, in a 12(b)(6) motion, the facts are not at issue and non-conclusory factual allegations are assumed to be true. The United States is entitled to insist on a complaint that complies with the Federal Rules of Civil Procedure and to point out allegations that are too speculative to comply with those standards. It is not also required to prove at this stage of the litigation that those speculative allegations are untrue.

Plaintiff's allegations do not meet the pleading standards, as argued in the United States' opening

brief and supported by the cited case law. Because the complaint reveals that Plaintiff does not have a factual basis for the alleged defamatory statements beyond Plaintiff's speculation, it fails to state a claim. The pleading requirements embedded in Rule 12(b)(6) are not stringent, but they are designed to ensure that a plaintiff's legal theories are supported by sufficient facts *at the time of filing* "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff's speculation that certain information may be in the possession of the United States or Judge Johnston does not excuse Plaintiff from these pleading requirements and does not entitle him to demand that information. *See Logan v. VSI Meter Services, Inc.*, No. 10-cv-2478, 2012 WL 928400, at *2 (S.D. Cal. Mar. 19, 2012) (granting motion to dismiss where plaintiff failed to provide any factual basis concerning allegedly defamatory statements despite plaintiff's claim that "he was not informed of the exact wording and discovery has not yet begun).

### C. Plaintiff's Request for Leave to Amend To Assert a Claim for Injunctive Relief Against the Executive Committee Should Be Denied.

As part of Plaintiff's pivot away from his declaratory relief request toward a demand that the Court review and vacate the Executive Committee's and Escort Order, Plaintiff asks—in a heading in his Opposition—for leave to amend so that he can seek injunctive relief against the Executive Committee. Dkt. No. 45 at 14. This request is both procedurally improper and substantively untenable. First, Plaintiff has not presented a proper request for leave to amend. Together, Federal Rule of Civil Procedure 15(a)(2) and Civil Local Rules 7-2 and 10-1 require a plaintiff who wishes to obtain leave of court to file an amended complaint to submit a "duly noticed motion" with the "entire proposed pleading." *See Phleger v. Countrywide Home Loans, Inc.*, No. 07-cv-1686 SBA, 2008 WL 65677, at *5 (N.D. Cal. Jan. 4, 2008); *see also Quinones v. UnitedHealth Group Inc.*, No. 14-cv-00497, 2015 WL 6159116, at *4 (D. Haw. Oct. 19, 2015) (rejecting request for leave to amend in plaintiff's opposition brief). A procedurally non-compliant request to amend may be denied. *Phleger*, 2008 WL 65677, at *5; *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (affirming denial of leave to amend where the plaintiff did not file a formal motion or include a proposed copy of the amended complaint).

Second, Plaintiff should not be permitted to amend his complaint because any such amendment

would be futile. The decision to grant or deny leave to amend lies within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Denial of leave to amend is warranted where amendment would be futile. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998); *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir.2003) ("Futility alone can justify the denial of a motion to amend."). That is the case here: amendment of Plaintiff's complaint to add a claim for injunctive relief against the Executive Committee under any legal theory would be futile because it would be barred by the doctrine of sovereign immunity.

It is well established that the sovereign immunity of the United States encompasses the judiciary. *See*, *e.g.*, *Smith v. Scalia*, 44 F. Supp. 3d 28, 38 (D.D.C. 2014), *aff'd*, No. 14-5180, 2015 WL 13710107 (D.C. Cir. Jan. 14, 2015); *Peterson v. Timme*, 621 F. App'x 536, 541 (10th Cir. 2015); *Smith v. Krieger*, 389 F. App'x 789, 795 (10th Cir. 2010). This immunity extends to judicial councils and other administrative bodies within the judicial branch. *See Sanai v. Kozinski*, No. 19-cv-08162-YGR, 2021 WL 1339072, at *5 (N.D. Cal. Apr. 9, 2021), *appeal docketed*, No. 21-16487 (Sept. 9, 2021); *Adams v. Comm. on Judicial Conduct & Disability*, 165 F. Supp. 3d 911, 919 (N.D. Cal. 2016). Plaintiff has not identified any applicable waiver of sovereign immunity that would entitle him to bring a claim against the Executive Committee.[5]

Third, Plaintiff has not "propose[d] any new facts or legal theories for an amended complaint" and thus has given "the Court no basis to allow an amendment." *Gardner*, 563 F.3d at 991. Plaintiff claims that he would be seeking to vacate the Escort Order as well as "a judicial decree establishing that the United States District Courts may not open cases, enter orders without filing and serving the defendants with complaints, then close the cases the same day before the defendants have had the opportunity to respond." Dkt. No. 41 at 16. But he has identified no viable legal theory under which he would be asking this Court to correct the Executive Committee's Escort Order or review the docketing

[5] To the extent that the Ninth Circuit recognizes an *ultra vires* exception to the sovereign immunity doctrine, *see Jewel v. Nat'l Sec. Agency*, 965 F. Supp. 2d 1090, 1111 (N.D. Cal. 2013), it applies only to individual capacity claims and could not extend to the actions of the Executive Committee. *See United States v. Yakima Tribal Court*, 806 F.2d 853, 859 (9th Cir. 1986); *Jewel*, 965 F. Supp. 2d at 1111. Moreover, the Seventh Circuit has recognized that an escort order like the one issued by the Executive Committee here falls within its administrative responsibilities. *See In re Kowalski*, 765 F. App'x 139, 140 (7th Cir. 2019).

housekeeping of the Northern District of Illinois. *See Harkonen v. U.S. Dept. of Justice*, 800 F.3d 1143, 1148 (9th Cir. 2015) ("Absent a statutory provision, an individual can not assert a cause of action against the government for the dissemination of inaccurate, incorrect, or defamatory information"). Indeed, the conduct that Plaintiff seeks to challenge—the creation of a miscellaneous docket by the Executive Committee as a repository for certain administrative filings, *see* Dkt. 22-1 at 2—is "an exercise of the [Executive] Committee's inherent power to manage and control the litigation coming before the district court." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). Even if he could get around the absolute bar of the sovereign immunity doctrine, Plaintiff has provided the Court no basis to grant leave to amend.

## III. OBJECTIONS TO EVIDENCE

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). On a Rule 12(b)(6) motion, a plaintiff's evidentiary submissions related to the merits of his claims are improper and should not be considered. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). A plaintiff cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Plaintiff submitted two Requests for Judicial Notice, on December 30, 2022, Dkt. No. 38, and on February 9, 2023, Dkt. No. 46. To the extent that he relies on any of the "facts" in these requests, Defendant objects to these requests, in their entirety, pursuant to Local Rule 7-3(d)(1) and Federal Rule of Evidence 201. These requests seek to advance legal argument under the guise of requesting "judicial notice" of disputed facts, inferences, and legal conclusions that fall outside the scope of Federal Rule of Evidence 201(b).

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute" because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) ("Rule 201(b)"). Although a court may judicially notice the *existence* of certain matters of public record, it may not take judicial notice of the truth of the facts recited therein, nor may it judicially notice "one party's opinion of how a matter of

public record should be interpreted." *United States v. S. California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004); *Darensburg v. Metro. Transp. Comm'n*, No. 05-cv-01597 EDL, 2006 WL 167657, at *2 (N.D. Cal. Jan. 20, 2006). Nor may a court take judicial notice of inferences that might be drawn from a judicially noticeable public record. *Craigslist, Inc. v. DealerCMO, Inc.*, No. 16-cv-01451-VC, 2017 WL 6334142, at *3 n.3 (N.D. Cal. Apr. 11, 2017); *Johnson v. Napa Valley Wine Train, Inc.*, No. 15-cv-04515-TEH, 2016 WL 493229, at *14 (N.D. Cal. Feb. 9, 2016). Rule 201(b) governs judicial notice of facts; judicial notice of legal conclusions is not appropriate. *Klausner v. Lucas Film Entertainment Co.*, No. 09-cv-03502-CW, 2010 WL 1038228, at *2 (N.D. Cal. Mar. 19, 2010); *Jansen v. Travelers Commercial Ins. Co.*, No. 16-cv-04834-JST, 2017 WL 607610, at *3 (N.D. Cal. Feb. 15, 2017). "A request for judicial notice is not a proper vehicle for legal argument." *Garcia v. California Supreme Court*, No. 12-cv-4504-DWM, 2014 WL 309000, at *1 (N.D. Cal. Jan. 21, 2014).

Plaintiff's Requests do not seek judicial notice of undisputed matters of public record but instead urge the Court to take "judicial notice" of disputed facts, inferences, and legal conclusions. For example, Plaintiff appears to ask this Court to draw inferences regarding the underlying facts based on the arguments made (and not made) in Defendants' motions to dismiss, notwithstanding the fact that it would be improper for Defendants to submit substantive declarations regarding the merits of the dispute in connection with these motions. These inferences are unwarranted and in any event are not the proper subject of judicial notice.

**IV. CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to dismiss without leave to amend.

DATED: March 10, 2023

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for the United States of America

Iain D. Johnston
327 South Church Street
Rockford, IL 61101
Tel. 815-987-4255

Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW W. SHALABY,<br><br>Plaintiff,<br><br>v.<br><br>IAIN D. JOHNSTON, *et al.*,<br><br>Defendants. | Case No. 22-cv-04718-JSW_<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: March 24, 2023<br>Time: 9:00 a.m.<br>Place: Zoom or AT&T Teleconference<br><br>The Honorable Jeffrey S. White |

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

I. Introduction

On December 27, 2023, I filed a straight-forward motion to dismiss under Rule 12. Dkt. 36. I argued that this Court lacked personal jurisdiction under Rule 12(b)(2), Dkt. 36, at 10-13, and that even if it had jurisdiction, that venue was improper under Rule 12(b)(3), Dkt. 36, at 13-15. Consistent with the Federal Rules of Civil Procedure and established case law, I provided extrinsic evidence supporting both those arguments. Dkt. 36-1. I also argued that the amended complaint failed to state a claim under Rule 12(b)(6) for a variety of reasons. These arguments included that (a) the alleged defamatory statements were not, in fact, defamatory, Dkt. 36, at 15-17; (b) the alleged defamatory statements were absolutely privileged, Dt. 36, at 17-18; (c) declaratory relief is a remedy, not a claim, Dkt. 36, at 18-19; and (d) the statute of limitations barred the action, Dkt. 36, at 19-20.

Again, consistent with the Rules and established case law, I did *not* deny the substantive allegations or submit extrinsic evidence—such as a declaration—to contest the "merits" of the amended complaint.

After reading the response brief, one might not know that these defenses were raised or even what the amended complaint alleged, the claim it pleaded, or the alleged relief it sought. Indeed, instead of responding to the arguments supporting dismissal, Mr. Shalaby engages in his usual nonsensical shenanigans and airing of grievances. For example, Mr. Shalaby simply ignores arguments, which results in waiver. *Ramirez v. Ghilotti Bros.*, 941 F.Supp.2d 1197, 1210 n.8 (N.D. Cal. 2013) (collecting cases); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"). Additionally, he lards the response brief with a raft of new purported allegations, which this Court must disregard. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("'In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.'") (*quoting Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original)); *Soil Retention Prods. v. Brentwood Indus.*, 521 F.Supp.3d 929, 944 (S.D. Cal. 2021); *see also Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997). And, as a kicker, he abandons his substantive claim of defamation and the requested relief of a declaratory judgment. Instead, in the body of the response brief, Mr. Shalaby requests to file an amended complaint against a non-party seeking different relief. This is obviously improper for numerous reasons. *Frenzel v. AliphCom*, 76 F.Supp.3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to the motion to dismiss."); *Sternhagen v. Dow Co.*, 708 F.Supp.2d 1113, 1121, n. 11 (D. Mont. 1999) (cannot amend complaint through response brief); *see also Phleger v. Countrywide Home Loans, Inc.*, No. C07-1686 SBA, 2007 U.S. Dist. LEXIS 95835, at *14-15 (N.D. Cal. Dec. 24, 2007) (local rule requires

separate motion with proposed amended complaint attached). Mr. Shalaby's amended complaint must be dismissed.

II. This Court Lacks Personal Jurisdiction Over Me

In my motion to dismiss, citing cases and using extrinsic evidence, I explained why this Court lacks personal jurisdiction over me. Dkt. 36, at 10-13; Dkt. 36-1. Mr. Shalaby's response brief ignores this issue—one for which he bears the burden and one he cannot rest on mere allegations when faced with evidentiary material. *CollegeSource, Inc. v. AcademyOne*, 653 F.3d 1066, 1073 (9th Cir. 2011) (plaintiff bears burden to establish personal jurisdiction); *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (plaintiff cannot rest on pleadings when contradictory affidavit filed). As a result, Mr. Shalaby has waived this argument, so the motion to dismiss based on Rule 12(b)(2) must be granted. *Ramirez*, 941 F.Supp.2d at 1210 n.8 (N.D. Cal. 2013); *Stichting Pensioenfonds ABP*, 802 F.Supp.2d at 1132 (C.D. Cal. 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue"). Indeed, in *Erskine v. Fenn*, 2022 U.S. App. LEXIS 2538, at *1-2 (9th Cir. Jan. 27, 2022), in finding waiver, the Ninth Circuit affirmed the district court's dismissal without transferring the case when the plaintiff ignored the defendant's assertion that the district court lacked personal jurisdiction.

If somehow Mr. Shalaby is attempting to assert that this Court has personal jurisdiction over me because of actions by the Executive Committee—which, by the way, is not a party to this case—that attempt fails both as a matter of law and fact. First, the unilateral activity of another party does not provide a basis for personal jurisdiction over me. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). Second, the evidence is unrebutted that I am not and never was a member of the Executive Committee. Dkt. 36-1, at 2.

To the extent I am sued in my personal capacity, the amended complaint should be dismissed without prejudice. This Court can stop here if it desires.

III.    Assuming This Court Has Personal Jurisdiction, Venue Is Improper

In my motion to dismiss, I explained in detail why venue is improper in this Court. Dkt. 36, at 13-15.  Mr. Shalaby only addresses venue in passing and does so with (a) a mistaken citation; (b) a statutory reference that proves he is suing me in my official—not individual—capacity; and (c) a word salad of non sequitur nonsense.  Dkt. 45, at 14-15.

In support of venue, Mr. Shalaby cites 28 U.S.C. §1291. Of course, that is not a venue provision, but is the statute addressing the finality of decisions for appellate jurisdiction.  In a case in which Mr. Shalaby has made a monumental stink about a miscite—the "triggering event" of this entire action as he calls it, Dkt. 45, at 7—his miscite is rich.

To add to the error and to completely undermine his entire case against me, Mr. Shalaby then goes on to apparently assert that venue is proper under 28 U.S.C. 1391(e). Dkt. 45, at 14 ("acting in his official capacity").  But that venue provision is only applicable to suits filed against officers or employees of the United States *in their official capacities*. 28 U.S.C. 1391(e) ("A civil action in which a defendant is an officer or employee of the United States . . .acting in his official capacity. . ." ).  Of course, this Court need not ignore Mr. Shalaby's admission that undermines his claim.  *See Slaney v. Int'l Amateur Athletic Fed.*, 244 F.3d 580, 597 (7th Cir. 2001); *Guidry v. Sheet Metal Workers, Int'l*, 10 F.3d 700, 716 (10th Cir. 1993) ("statements made in brief may be considered admissions").  And this admission dooms any claim against me in my personal capacity.  Indeed, Mr. Shalaby's entire response brief appears to abandon me as a party in my individual capacity—if I ever was one.  Mr. Shalaby cannot allege that he is suing me in my personal capacity, *see* Dkt. 28, at 2, but then claim that venue is proper under a provision that only applies to official capacity suits, Dkt. 45, at 14-15.

Finally, after admitting that he is suing me in my *official capacity*, Mr. Shalaby strings together three sentences that fail to address any of the arguments in my motion to dismiss.  *Compare* Dkt. 36, at 13-15 *with* Dkt. 45, at 15.  But, more importantly, Mr. Shalaby's concluding sentence asserting that venue is undisputedly proper is not logically

connected to the previous two sentences. By failing to address the merits of my venue argument when he bears the burden, he has conceded the issue. *Christian Legal Soc'y v. Wu*, 626 F.3d 483, 487 (9th Cir. 2010).

Mr. Shalaby had the burden of establishing venue and to present evidence contradicting my declaration. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). But he has failed to establish venue. Because his action is entirely frivolous, the case should be dismissed without prejudice and *not* transferred to another venue—again, assuming personal jurisdiction exits. *Erskine*, 2022 U.S. App. LEXIS 2538, at *1-2.

IV. Mr. Shalaby Failed to Address the Merits of Rule 12(b)(6) Motion

The motion to dismiss explained why the amended complaint failed to state a claim for at least three reasons: (1) the alleged statements were not defamatory, (2) the alleged statements are privileged, and (3) the claim is barred by the statute of limitations. Dkt. 36, at 15-20.

Again, Mr. Shalaby does not address these arguments. Instead, he claims that these are all defenses to a defamation claim, but he is not pleading defamation. Dkt. 45, at 5. ("Defendant is also incorrect in identifying the targeted ultimate relief as a defamation claim. . ."); Dkt. 45, at 15 ("Defendant's misunderstanding that a defamation claim or lawsuit is at issue or contemplated.").[1] But the only conceivable claim—albeit completely meritless—is one for defamation. Mr. Shalaby, nevertheless, disavows this claim now. Critically, however, he never states what his claim actually is, except to wrongfully assert that his "claim" is one for either declaratory or injunctive relief. Dkt. 45,

[1] Of course, Mr. Shalaby's position conflicts with his numerous other statements that he believes the alleged statements are defamatory, including the very next sentence in his response brief. Dkt. 45, at 5. But I'll set that aside for now other than to note this this is his modus operandi. He contradicts himself repeatedly not only across filings but in the very same filings. For example, Mr. Shalaby claims I misrepresented that he violated a court order by emailing me directly. Dkt. 38, at 2-3. But in the very document upon which he relies, he admits that he is violating a court order for emailing me directly. Dkt. 38-1, at 3.

at 15. (More on that later.) At its core, for an action to proceed, there must be a *claim* that entitles a party to some form of relief. Fed. R. Civ. P. 8(a)(2). Without a claim, the action is over.

Despite the disavowal of the defamation claim and the intentional failure to identify—let alone plead—any other claim, both privilege and the statute of limitations bar any claim. First, the common law privilege and the California statutory privilege bar *all claims*. §590A Restatement (Second) of Torts; *Home Ins. Co. v. Zurich Ins. Co.*, 96 Cal.App.4th 17, 23, 116 Cal. Rptr. 2d 583 (2002) (privilege statute bars all claims not statutorily exempt). Second, regardless of whatever claim Mr. Shalaby thinks, but will not say, exists, the statute of limitations applies to prevent this precise type of gamesmanship. *Levald Inc. v. City of Palm Desert*, 998 F.2d 680, 688-89 (9th Cir. 1993). And, to the extent that Mr. Shalaby is somehow arguing that an ongoing, continuous harm negates the statute of limitations, Dkt. 45, at 5, 9, he's wrong about that, too. *Flowers v. Carville*, 310 F.3d 1118, 1126 (9th Cir. 2002) (rejecting continuing tort theory); *Alden v. Aecom Tech. Corp.*, 18-cv-3258-SVK, 2019 U.S. Dist. LEXIS 240193, at *18 (N.D. Cal. June 14, 2019) (California's one year statute of limitation for defamation begins on date of publication to person other than plaintiff).

Mr. Shalaby spills much ink bellyaching about the fact that I have not denied initiating a complaint against him in retaliation for allegedly blowing the whistle on an incorrect citation in my response to the Senate Judiciary Committee questionnaire. *See, e.g.,* Dkt. 45, at 5, 9. But, as my filing makes clear, I am moving to dismiss for failure to state a claim under Rule 12(b)(6). Dkt. 36, at 8, 10, 15-20. And even 1Ls know that if a defendant submits evidence contesting the merits of a claim under Rule 12(b)(6), the court must either ignore the evidence or, if the court considers the evidence, it must convert the motion into a summary judgment motion under Rule 56. Fed. R. Civ. P. 12(d). I have yet to meet a district court judge who appreciates parties filing evidentiary materials with their Rule 12(b)(6) motions—with good reason. This process is of "limited utility" and "will likely lead to delays." 2 Moore's Federal Practice §12.34[3][a] (3d. 2022). A conversion

requires not only notice but also all the procedural requirements of Rule 56. *Snider v. L-3 Communs.*, 946 F.3d 660, 667 (5th Cir. 2019); *In re American Cont'l Corp.*, 102 F.3d 1524, 1537 (9th Cir. 1996). And conversion at the outset of a case is disfavored. *See, e.g., Kurdyla v. Pinerton Sec.*, 197 F.R.D. 128, 131 n.8 (D.N.J. 2000). What's more, because the conversion creates a summary judgment motion, it causes a problem with successive summary judgment motions, too. This Court does not allow those absent good cause, per its standing order. Simply put, presenting evidence to contest a claim in a Rule 12(b)(6) is sloppy and lazy. Yet this is exactly what Mr. Shalaby demands I do. I'm not required to do that as a matter of procedure, and, as a matter of best practices, I won't do it regardless of Mr. Shalaby's whining.

V. Mr. Shalaby's Procedural Attempts to Avoid Dismissal Should Be Rejected

Mr. Shalaby makes four shocking and improper attempts to amend his filings and amended complaint by way of his response brief. First, he seeks a stay so he can obtain counsel to amend his filings and asserts that counsel is afraid that they may be sanctioned under Rule 11 if they litigate the case. Dkt. 45, at 4-5. If counsel are afraid to litigate this case because they fear Rule 11 sanctions, then that says much about the merits of the case and that Rule 11 works.

Second, in a section entitled "THESE ARE THE CORRECT FACTS," Mr. Shalaby alleges a variety of matters that are not contained in the amended complaint. *Compare* Dkt. 45, at 7-14 *with* Dkt. 28. But a plaintiff may not attempt to add allegations in its response brief to avoid a motion to dismiss. *Broam*, 320 F.3d at 1026 n.2 ("'In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.'"); *Soil Retention Prods.*, 521 F.Supp.3d at 944;

Third, in the body of the response brief, Mr. Shalaby seeks to amend his amended complaint to name the Executive Committee and to seek injunctive relief against that body. Dkt. 45, at 14. But this request fails on multiple fronts. A party cannot avoid

dismissal by changing parties and prayers for relief in a response brief. *Frenzel*, 76 F.Supp.3d at 1009 ("It is axiomatic that the complaint may not be amended by the briefs in opposition to the motion to dismiss."). And a party cannot "amend" its complaint by way of a request in a response brief. *Phleger*, 2007 U.S. Dist. LEXIS 95835, at *14-15 (denying leave to amend local rule requires separate motion with proposed amended complaint attached). Local Rules 7-2 and 10-1 require a motion and proposed complaint. *Id*. What's more, a district court doesn't abuse its discretion by denying a request for leave to file an amended pleading in the body of response brief when a local rule requires a separate motion with the proposed amended pleading attached. *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009); *Waters v. Weyerhaeuser Mortg. Co.*, 582 F.2d 503, 507 (9th Cir. 1979).

Fourth, in his response, Mr. Shalaby "amends" his prayer for relief from seeking a declaratory judgment to seeking an injunction. As both the United States and I explained to Mr. Shalaby, declaratory judgment is a remedy not a claim. Dkt. 36, at 19. Now, in addition to apparently seeking a declaration, Mr. Shalaby is also seeking an injunction. Dkt. 45, at 5, 14. But this attempt to amend suffers the same fatal and fundamental flaw. Injunctive relief, just like declaratory relief, is just that—relief. It's a remedy, not a claim. *Kimball v. Flagstar Bank F.S.B.*, 881 F.Supp.2d 1209, 1219 (S.D. Cal. 2012); *Mehta v. Wells Fargo Bank, N.A.*, 737 F.Supp.2d 1185, 1205 (C.D. Cal. 2010). These types of relief must be tethered to *a claim*. *Avirez Ltd. v. Resolution Trust Co.*, 876 F.Supp. 1135, 1143 (C.D. Cal. 1995); *Church of Scientology Int'l v. Kolts*, 846 F.Supp. 873, 882 (C.D. Cal. 1994); *see Hammonds v. Aurora Loan Servs. LLC*, EDCV 10-1025, 2010 U.S. Dist. LEXIS 143758, at *9 (C.D. Cal. 2010) ("An injunction is a remedy, not a claim. As a remedy, it must be tethered to some independent successful claim.") (*citing McDowell v. Watson*, 59 Cal.App.4th 1155, 1159, 69 Cal. Rptr. 2d 692 (1997)). Without a claim, an action can't proceed. *San Francisco Apartment Ass'n v. City & Cty. Of San Francisco*, 142 F.Supp.3d 910, 935 (N.D. Cal. 2015); *Bisson v. Bank of Am., N.A.*, 919 F.Supp.2d 1130, 1139 (W.D. Wash. 2013); *Mangindin v. Wash. Mut. Bank*, 637 F.Supp.2d 700, 709 (N.D. Cal. 2009).

Regardless of the type of relief sought, a complaint must allege *a* claim of some kind. Fed. R. Civ. P. 8(a). So, as explained above, without a claim, there can be no relief, regardless of whether it is declaratory or injunctive.

Further, regardless of whether Mr. Shalaby seeks declaratory or injunctive relief, neither is available. Mr. Shalaby has made clear that he seeks this type of relief to bar the California State Bar from proceeding with its investigation of him. Dkt. 45, at 5. This Court cannot provide that relief. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (*Younger* bars equitable relief to prevent attorney discipline); *California by Dep't of Water Resources v. Oroville-Wyandotte Irrigation Dist.*, 409 F.2d 532, 536 (9th Cir. 1969) ("The declaratory judgment procedure should not be used to prejudge issues properly before administrative agencies.") (*citing Public Service Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952); *see Leonardini v. Shell Oil Co.*, 216 Cal.App.3d 547, 580, 264 Cal. Rptr. 883 (1989).

VI. Response to Mr. Shalaby's Various Ancillary Miscellaneous Filings

Since I filed my motion to dismiss, Mr. Shalaby has filed various items with the Court, including a letter, Dkt. 45; a request for a court "request," Dkt. 42; and two requests for judicial notice, Dkt. 46, Dkt. 38. I am not responding to the letter or request for a court "request." Dkt. 45; Dkt. 42. They need no response and are not deserving of one.

As to the requests for judicial notice, Mr. Shalaby never uses the alleged facts in his opposition brief. Dkt. 45. Further, nearly all the alleged "facts" are in dispute and not subject to judicial notice. Fed. R. Evid. 201. For what it's worth, I have no objection to this Court taking judicial notice of my filing with the Senate Judiciary Committee. It's a public document.

## VII. Conclusion

This Court should dismiss this case so I can return to focusing on my docket. I'll continue to ignore Mr. Shalaby's unhinged allegations. *See Dods v. American Broadcasting Co.*, 145 F.3d 1053, 1059 (9th Cir. 1998). And dismissal will allow Mr. Shalaby to focus his efforts on addressing the investigation by the California State Bar.

DATED: Respectfully submitted,

*Iain D. Johnston*
IAIN D. JOHNSTON

Andrew W. Shalaby
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500, fax 510-725-4950
email: andrew@eastbaylaw.com

Plaintiff Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW W. SHALABY, Plaintiff,<br><br>v.<br><br>IAIN D. JOHNSTON, Defendant. | No. 22-cv-04718-JSW<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT (36, 41)<br><br>Date: March 10, 2023<br>Time: 9:00 a.m.<br>Place: Zoom or AT&T Teleconference<br>Judge: The Honorable Jeffrey S. White |

TO THE COURT, ALL PARTIES, AND THEIR COUNSELS OF RECORD:

Plaintiff respectfully requests that the Court take judicial notice of Defendant's willful suppression of evidence, and application of California Civil Jury Instruction 204, as follows:

1. Possession of Evidence - the False Reporting Subject to this Action

The United States District Court for the Northern District of Illinois, through its Executive Committee, has appeared in this action on their motion to dismiss, dkt.

37, 41. This defendant issued the underlying subject "escort" order that states in relevant part:

> The Executive Committee has received troubling reports concerning Mr. Shalaby's behavior during recent visits to the Stanley Roszkowski Rockford Federal Courthouse in Rockford, Illinois. In addition to Mr. Shalaby's disruptive behavior during Court hearings and his false statements on Court documents, Mr. Shalaby has failed to comply with the orders from the Executive Committee: [...]. (Dkt. 44-2, order in *In re Shalaby*, 1:16-CV-4315, N. Dist. IL, Appendix C p.12a.)

The Court is therefore asked to take judicial notice of the fact that the Executive Committee, and its representative, the U.S. Department of Justice, have in their possession the "troubling reports" referenced on the order, and know the identity of the informant as well as the content of the "troubling reports" that formed the basis for this "escort order."

2. Representation that Plaintiff's Allegation is "Speculative"

The Executive Committee, while knowing the identity of the informant, assert that the allegation that Mr. Johnston was the informant who made the [false] reporting that he saw Mr. Shalaby at the Rockford Courthouse and saw him engaged in "disruptive behavior", is "speculative." (Dkt. 40 p.1:18, 14:2-5, 15:5.

3. Mr. Johnston does Not Deny He Made the False Allegations, or Their Falsity

On Mr. Johnston's pro per filing, dkt. 36, he does not deny that he was the person that made the false reporting stated above, and does not dispute that the substance of the reporting is false. Moreover, contrary to the DOJ's statement, Mr. Johnston also does not allege that Mr. Shalaby's allegations of same are "speculative."

4. Breach of Duty of Candor and Truth

California Rule of Professional Conduct 3.3 mandates candor. Federal Rule of

Civil Procedure 11(b)(3) mandates that the allegations on pleadings be supported by fact. On grounds that the Executive Committee, and the DOJ, are in possession of the reports used by the Executive Committee to issue its escort order, and know the identity of the informant (i.e. that it was Mr. Johnston), as well as falsity of the allegations, have not complied with their duties of candor and duty to assure factual support, in stating that Mr. Shalaby's allegations that Mr. Johnston made the false reporting and that the substance of the reporting was false and contrived, were "speculative." Because they know of the true facts, and have failed to disclose them to the Court, this violates the duty of candor. Because they are presumed to know whether Mr. Johnston was the source of the false reporting, stating that the allegations are "speculative" violates Rule 11(b)(3).

5. CACI 204

California Civil Jury Instruction 204 states:

> You may consider whether one party intentionally concealed or destroyed evidence. If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.

Plaintiff therefore respectfully requests that the Court apply these requests for judicial notice and enter an order and finding that the Defendant and the DOJ should have disclosed the identity of the informant (i.e. Mr. Johnston), the falsity of the allegations that Shalaby was seen at the Rockford courthouse and seen engaged in disruptive behavior, the maintenance of the escort order as based on these false allegations, and should be required to produce the report the Executive Committee based its escort order and allegations of "speculation" upon. Plaintiff further asks that CACI 204 be applied, and that the Court find the evidence as stated by Mr. Shalaby to be in his favor and uncontested (that Mr. Johnston made the false reporting, and its falsity).

Dated: February 9, 2023

s/Andrew W. Shalaby
Andrew W. Shalaby

Case: 23-15742, 07/18/2023, ID: 12810846, DktEntry: 9-2, Page 49 of 125

CERTIFICATE OF SERVICE

I, Andrew W. Shalaby, hereby certify that I am a Registrant authorized user of this Court's "Electronic Case Filing" ("ECF") system. On February 9, 2023 I electronically filed foregoing with the Clerk this Court by using the Court's CM/ECF system. Counsels for all parties in this case are registered CM/ECF users, and have been served through the Court's CM/ECF system.

Dated: February 9, 2023 s/Andrew W. Shalaby

**RJN - CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS**
No. 4:22-cv-04718-JSW
4

**049**

Andrew W. Shalaby
7525 Leviston Ave
El Cerrito, CA 94530
Tel. 510-551-8500, fax 510-725-4950
email: andrew@eastbaylaw.com

Plaintiff Pro Per

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW W. SHALABY, Plaintiff,<br><br>v.<br><br>IAIN D. JOHNSTON, Defendant. | No. 22-cv-04718-JSW<br><br>CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS FIRST AMENDED COMPLAINT (36, 41)<br><br>Date: March 10, 2023<br>Time: 9:00 a.m.<br>Place: Zoom or AT&T Teleconference<br>Judge: The Honorable Jeffrey S. White |

## TABLE OF CONTENTS

A. THE COURT SHOULD DIRECT MR. JOHNSTON AND THE DOJ TO COMPLY WITH RULE 11(b)(3) TO DISCLOSE WHETHER MR. JOHNSTON WAS THE PERSON THAT MADE THE FALSE REPORTING ABOUT SHALABY . . . . . 1

B. REQUEST RE REPRESENTATION AND BRIEFING . . . . . 1

I. DEFENDANT'S FACTS ARE SERIOUSLY INCORRECT . . . . . 2

II. THESE ARE THE CORRECT FACTS . . . . . 4
- A. Mr. Johnston's Misrepresentation to the Senate Was the Triggering Event . . . . . 4
- B. Mr. Johnston Does Not Deny He Made the False Reporting to the District Court, Triggering the Escort Order . . . . . 6
- C. The Related Appeal Involves Mr. Johnston's Other False Allegations and Improprieties . . . . . 6
- D. Court of Appeals Acknowledges That the Escort Order Is "Unusual" Because No Complaint Was Filed and No Hearing Was Afforded . . . . . 8
- E. The Executive Committee Regularly Opens and Closes Cases on the Same Day, as Done Here, Justifying Amendment and Injunctive Relief . . . . . 9

III. LEAVE TO AMEND REQUESTED TO OBTAIN INJUNCTIVE RELIEF AGAINST THE EXECUTIVE COMMITTEE TO VACATE THE ESCORT ORDER NUNC PRO TUNC . . . . . 11

IV. ACTION AGAINST UNITED STATES MAY BE FILED WHERE PLAINTIFF RESIDES . . . . . 11

VI. DECLARATORY RELIEF CLAIM RELATES TO INJUNCTIVE RELIEF, NOT DEFAMATION . . . . . 12

VIII. THE AUTHORITIES PERTAINING TO PRIVILEGE AND IMMUNITY FAVOR PLAINTIFF, NOT DEFENDANT . . . . . 13

CONCLUSION . . . . . 15

## TABLE OF AUTHORITIES

**Cases**

*Andrew W. Shalaby v. United States District Court* (2020), 140 S.Ct. 957, 206 L.Ed.2d 121 . . . . . 4

*Bailey v. Worthington Cylinder Corporation, Inc.*, No. 16 CV 7548 . . . . . 4-8

*Barr v. Matteo*, 360 U.S. 564 . . . . . 14

*Bertoncini v. Schrimpf*, 712 f. Supp. 1336, 1343 . . . . . 14

*Davidson v. Culver City* (9th Cir. 2005) 159 F.App'x 756, 758. . . . . . 12

*Grant v. Kamehameha Sch.* (D.Haw. Feb. 13, 2009, No. 08-00555 DAE-LEK) 2009 U.S.Dist.LEXIS 12076. . . . . . 1

*McLachlan v. Bell* (9th Cir. 2001) 261 F.3d 908, 911 . . . . . 13

*Metropulos v. Wasserman*, 14 CV 50025 . . . . . 6

*Precision Governors, LLC v. Leap Power Solutions, LLC*, 16CV50242 . . . . . 6

*Shalaby v. Bernzomatic*, 9th Cir. No. 21-55034. . . . . . 5

*Taboas v. Mlynczak* (7th Cir. 1998) 149 F.3d 576, 582. . . . . . 13

*Tarlson v. United States*, 13-cv-03535-JSW . . . . . 14

**Statutes**

18 U.S.C. § 1001 . . . . . 1

5 U.S.C. § 552. . . . . . 3

California Rule of Professional Conduct 3.3 . . . . . 1

Federal Rule of Civil Procedure 11 . . . . . 1

**A. THE COURT SHOULD DIRECT MR. JOHNSTON AND THE DOJ TO COMPLY WITH RULE 11(b)(3) TO DISCLOSE WHETHER MR. JOHNSTON WAS THE PERSON THAT MADE THE FALSE REPORTING ABOUT SHALABY AND TO PRODUCE THE REPORTING DOCUMENT**

The duty of truth and candor owed to the Court under California Rule of Professional Conduct 3.3, as well as the mandate for truthfulness under Rule 11(b)(3), prohibit the Department of Justice and Mr. Johnston from alleging that Shalaby's allegations that Mr. Johnston falsely reported having seen him in the Rockford IL courthouse, and having seen him engaged in disturbing behavior, so as to cause the escort order to issue, are "speculative." Mr. Johnston's alleged false reporting is a crime under 18 U.S.C. § 1001 if the allegations bear truth. The DOJ represents the Executive Committee that issued the escort order based on the false allegations of Shalaby sightings at the Rockford Courthouse, therefore both know the truth and should not state that the allegations are "speculative." They should abide by the duties of truth and candor on the reply brief and inform the Court, and produce that false reporting document which is in their possession, eliminating all argument that the allegations are "speculative." The Court is respectfully asked to suspend these proceedings and require them to do so in compliance with CRPC 3.3 and Rule 11(b)(3).

**B. REQUEST RE REPRESENTATION AND BRIEFING**

The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators. *Grant v. Kamehameha Sch*. (D.Haw. Feb. 13, 2009, No. 08-00555 DAE-LEK) 2009 U.S.Dist.LEXIS 12076, at *4.). A stipulation was executed to provide sufficient time for Andrew Shalaby (Shalaby) to retain counsel (dkt 40 ¶ 2). However, Mr. Iain D. Johnston, the pro per defendant who is also a sitting federal judge, sent a letter to Mr. Shalaby threatening to seek sanctions against any attorney representing Shalaby (dkt. 38-1):

> But please inform any counsel that is reviewing this matter that they are likewise on notice that I'll seek sanctions against that attorney if that counsel continues with this case.

Attorney Mr. Alan Gould was willing to represent Shalaby, but the federal judge's warning re sanctions prevented him from doing so, as would be expected. Therefore, under the unusual posture of this case, Shalaby respectfully requests that the Court consider setting aside this pleading and

issuing an order stating that no sanction motion shall be entertained in relation to the motion to dismiss, then allowing Mr. Shalaby's proposed counsel to resubmit the opposition brief, so that Shalaby does not continue to have a "fool for a client."

**I. DEFENDANT'S FACTS ARE SERIOUSLY INCORRECT**

As a starting point, the defendant, whether it be Mr. Johnston, or the United States, or both, has premised its legal argument on facts which are seriously incorrect. The relief sought is not retroactive, it is prospective. It is to obtain an order declaring that after careful review of the facts by the fact-finder, the Court will have found that the allegations upon which the "escort order" were based were false, contrived, and contrived intentionally with bad intentions, taking the conduct of Mr. Johnston (or the reporting individual) far outside of the realm of acts performed in the scope of duty of employment. The purpose of obtaining such an order is to enable its introduction and use for: (1) a subsequent motion to be filed with the federal court in Illinois to set aside the escort order nunc-pro-tunc, and (2) to enable the California State Bar to close its investigation with the correct stated proposed finding. The relief therefore is prospective in its entirety, not retroactive.

Defendant is also incorrect in identifying the targeted ultimate relief as a defamation claim, and applying a statute of limitations to it. The targeted ultimate relief is injunctive, as stated. That said, even a defamation claim would not be time-barred, because Mr. Johnston's alleged misrepresentation remains published with the Executive Committee, and the EC continues to maintain the escort order in active status, hence the defamatory aspects are continuous.

Defendant is also incorrect in stating that Shalaby's allegation that Mr. Johnston was the person that made the false reporting to the Executive Committee was pure speculation. The mere fact that Mr. Johnston himself, in pro per capacity, does not deny that he made the allegation that Shalaby was at the Rockford courthouse and was seen engaged in disturbing behavior, falls well within the scope of preponderance of the evidence, but there is much more than this. The Executive Committee's refusal to respond to Shalaby's formal discovery request regarding whether Mr. Johnston was the source of the misinformation contained on the escort order is reflected in the docket, *In re Andrew W. Shalaby*, 1:20-cv-04315:

| 07/28/2020 | 2 | RECEIVED from Andrew W Shalaby request and motion for production of documents, records, and things, set one. (Forwarded to Executive Committee) (sxb, ) (Entered: 07/28/2020) |
|---|---|---|
| 09/02/2020 | 3 | EXECUTIVE COMMITTEE ORDER: Andrew Shalaby has submitted the following documents for Executive Committee consideration: July 7, 2020 General Bar Petition July 28, 2020 Motion to Disqualify Executive Committee July 28, 2020 Request for Production of Documents August 11, 2020 Motion to Consolidate At its meeting on August 20, 2020, the Executive Committee reviewed the four above-listed documents, therefore IT IS HEREBY ORDERED that all above-listed submissions, including petitions, motions and requests are summarily denied. Signed by the Executive Committee on 9/2/2020. (td, ) (Entered: 09/03/2020) |

The Freedom of Information Act, 5 U.S.C. § 552, mandated production of the report upon which the Executive Committee based its escort order. Instead, the Executive Committee, acting in a propriety fashion as decided by the Court of Appeals, refused to provide this core evidence, and is now a party subject to this Court's jurisdiction as stated in the underlying appellate decision and supported by *In re Long* (quoted below). The circumstantial evidence further includes the fact that the case was opened on July 23, 2020, a sole entry was placed into the docket, that entry was the escort order itself, and the same day the case was closed, before Shalaby even knew of its existence, as reflected on the PACER docket of 1:20-cv-4315. Here, the Executive Committee has interjected itself into the action and taken the position that Mr. Johnston's actions were undertaken in the scope of his duties, therefore its own actions in maintaining the false allegations and maintaining the escort order are at issue and subject to the Seventh Circuit Court of Appeals' holding in *In re Long*, stating that judicial redress was an available remedy, is the law of the case applicable here.

Other incorrect facts are not outcome-determinative, but they are prejudicial: (1) that Shalaby was disqualified due to "misrepresentations,[1] and (2) that Shalaby was ordered, wholesale, perpetually, to contact the court by mail only. While the allegations are likely intended to be recitals

---

[1]It is true that this is alleged on the order subject to appeal 22-2111, but it is not correct. Shalaby made a mistake as to the date range of Mr. Johnston's employment, but he did not intentionally make this mistake so as to characterize it as a "misrepresentation."

of those allegations which were made, they are presented in such a manner so as to suggest there were actual findings made, which is not correct. The correct facts are presented below.

## II. THESE ARE THE CORRECT FACTS

The facts are supported with reference to the orders contained on the Supreme Court appendix located at docket 44-2. For a more detailed and comprehensive recital of the facts, please see the statement of the facts on the Supreme Court petition at dkt. 44-1.

### A. Mr. Johnston's Misrepresentation to the Senate Was the Triggering Event

The triggering event underlying the District Court order was a misrepresentation made by Judicial Nominee, Mr. Johnston of U.S. District Court for the Northern District of Illinois, and related misleading statements on his published response to the Senate Questionnaire for Judicial Nominees, beginning with a false allegation that a petition for certiorari was filed with this Court:

> *Bailey v. Worthington Cylinder Corporation, Inc.*, No. 16 CV 7548 (N.D. Ill.), cert. filed Nov. 26,2019, cert. denied Jan. 27,2020 (U.S. 19-681). (See Mr. Johnston's Response to the Senate Questionnaire, p.34.]

No such petition for certiorari was ever filed. Mr. Johnston also seriously mislead the Senate with regard to the reason he refused to disqualify himself from the Bailey case he presided over when he was a magistrate judge. (See Questionnaire response p.38, compare to *Baily v. Bernzomatic* (N.D. Ill., Feb. 1, 2019, No. 16 CV 07548 dkt. 402) 2019 U.S. Dist. LEXIS 16313, at *27, further discussed below.) Mr. Johnston characterized his misrepresentation that a petition for certiorari had been filed in "*Bailey v. Worthington, Inc*., No. 17 CV 7548," as a "Bluebooking error". See dkt. 36 p.9:6. However, the case number he referenced, 19-681, was a different case altogether, it was Shalaby's earlier petition, *Andrew W. Shalaby v. United States District Court* (2020), 140 S.Ct. 957, 206 L.Ed.2d 121. That Supreme Court petition related to denial of Shalaby's application for admission to the general bar of the U.S. District Court for the Northern District of Illinois, whereas the *Bailey* case related to the disqualification matters Mr. Johnston mislead the Senate about on page 38 of his response to the questionnaire. Mr. Johnston made clear his intentions on dkt. 36 p.9:6-7, as having to do with decisions of how he recused himself from cases:

> [t]he response discussed my decisions about how I recuse myself from cases.

The recusal concern Mr. Johnston mislead the Senate about was a very serious matter, because it lead to disbarment of Shalaby from the Bailey case (detailed further below), leaving Mr. Bailey helplessly pro per from January 13, 2020 (1:16-cv-7548, dkt. 515) to November 26, 2021 (dkt. 651), which in turn lead to horrible consequences. The recusal matter arose because Mr. Johnston worked for the same law firm that represented "Bernzomatic," the party Mr. Bailey was suing, in an earlier case, Mr. Shalaby's own, which Mr. Johnston did not properly inform the Senate about. Mr. Shalaby had been injured on April 21, 2006 by the same product which killed others and injured Mr. Bailey, a handheld torch manufactured by "Bernzomatic" (a.k.a. Worthington, Inc.) *Shalaby v. Bernzomatic*, 9th Cir. No. 21-55034 Mr. Johnston worked for the same law firm that represented Bernzomatic, the Holland & Knight Firm). Mr. Johnston did not disclose that Mr. Shalaby was the plaintiff and injury victim in that case. He also did not disclose that after he left the Holland & Knight firm, he continued a co-counsel relationship with the firm during pendency of Mr. Shalaby's case. Nor did he disclose Mr. Bailey's vehement objection to the fact that Mr. Johnston, sitting as a Magistrate Judge, took the seemingly unprecedented step of hiring his own "court-appointed" product liability expert in the case. See *Bailey v. Worthington*, 1:16-cv-7548, dkt. 157, 236.

Mr. Johnston's allegation that a petition for certiorari had been sought and denied in *Bailey v. Worthington, Inc*. therefore gave the false impression that the recusal matter was appealed and decided in his favor, but this is not true. These matters are just now before the Court of Appeals as part and parcel of the order disqualifying Mr. Shalaby from the Bailey case, in the pending related appeal, *Bailey v. Worthington, et al.*, 7th Cir. Court of Appeal No. 22-2111. That appeal includes the recusal matter detailed on the order disqualifying Mr. Shalaby:

> Attorney Shalaby's response argues that Magistrate Judge Johnston still violated 28 U.S.C. § 455(b)(2) by failing to recuse himself because, after he left Holland and Knight, Magistrate Judge Johnston had appeared as co-counsel in some cases with a Holland & Knight attorney, Jack Siegel. Attorney Shalaby argues serving as co-counsel with a Holland & Knight attorney falls within the ambit of the language of 28 U.S.C. § 455(b)(2)[...] (*Baily v. Bernzomatic* (N.D.Ill. Feb. 1, 2019, No. 16 CV 07548) 2019 U.S.Dist.LEXIS 16313, at *25-26.)

Mr. Shalaby also had a mandatory duty to report Mr. Johnston under American Bar Association Model Rule of Conduct 8.3(b) because Mr. Johnston's response to the Senate Questionnaire included

revelation that the facts he concealed from the Senate presented the same reasons he disqualified himself from two other cases listed on his response to the Questionnaire. On p.38, he disclosed that he disqualified himself in *Precision Governors, LLC v. Leap Power Solutions, LLC*, 16CV50242, and *Metropulos v. Wasserman*, 14 CV 50025, because he remained in close contact with his former partners and colleagues. However, he did not disclose that he also remained in close contact and worked as a co-counsel with the Holland & Knight firm, yet he refused to disqualify himself from Mr. Bailey's case, and added to this impropriety by retaining his own "court-appointed" product liability expert, improperly taking an active hand in the litigation.

B. Mr. Johnston Does Not Deny He Made the False Reporting to the District Court, Triggering the Escort Order

On his motion to dismiss, Mr. Johnston does not deny that he made the reporting, and does not deny that the allegations of having seen Shalaby at the courthouse and having seen him engaged in disturbing behavior were false and contrived. Instead, he only states:

> Likewise, the alleged statements made by me [Ian D. Johnston] to the Executive Committee are also privileged as these statements were directed to a body investigating attorney misconduct. (Dkt. 36 p.2:22-24.)

Mr. Johnston continues to refuse to inform the Executive Committee that the allegations about Mr. Shalaby were false so that the escort order could be terminated, leaving the defamatory escort order "active", which is the reason Shalaby filed this declaratory action. This also goes to the statute of limitations defense, which does not apply because the publication remains ongoing and the escort order upon which it is based remains active.

C. The Related Appeal Involves Mr. Johnston's Other False Allegations and Improprieties

The related appeal, *Bailey v. Worthington*, et al., 7th Cir. No. 22-2111 (pending), aries in relation to other serious misrepresentations by Mr. Johnston. The Court of Appeals' order explains that the Executive Committee denied Mr. Shalaby's bar membership application because of a non-final District Court order revoking Mr. Shalaby's pro hac vice admission in the Bailey case, based on "multiple misrepresentations" to the Court (dkt. 44-2, Appendix A p.2a):

That denial had been based on a detailed 48-page order issued by Judge Reinhard

revoking Mr. Shalaby's admission pro hac vice in a pending civil case, Bailey v. Worthington, No. 16-cv- 07548, based on multiple misrepresentations Mr. Shalaby had made to the court.

However, it is not true that Mr. Shalaby made multiple misrepresentations, and Mr. Johnston was also the source of this misinformation, and even continues making misrepresentations at this time. For his other misrepresentations contained in the Bailey docket, an example is found in *Bernzomatic v. Worthington*, 1:16-cv-7548, dkt. 333 p. 4 ¶ 4, where then Magistrate Judge Johnston acknowledged that Mr. Shalaby was not required to report an earlier federal court matter as a "sanction" because it was not a "sanction," but he nevertheless misrepresented that Mr. Shalaby was "not truthful", only to later be overturned by supervising Judge Reinhard. This was what Magistrate Judge Johnston stated on dkt. 333 p.4 (*Bailey*, 1:16-cv-7548):[2]

> ...[t]he [Magistrate Johnston] Court has found that Mr. Shalaby should have disclosed these proceedings to the Court when he filed his application to proceed pro hac vice.

Compare to Judge Reinhard's order reversing, 1:16-cv-7548, dkt. 382, p.8 ¶ 1:

> It was contrary to law to find it within the scope of discipline that was reportable on the PHV application. The order [333] is modified accordingly to reflect this ordered payment was not required to be reported on Attorney Shalaby's PHV application.

Mr. Johnston's other misrepresentations included a false contempt allegation referenced on dkt. 161 in *Bailey v. Worthington*, 1:26-cv-07548, which was responded-to on dkt. 164 pp. 5-6, and discharged at dkt. 238).

For his present-day misrepresentations, one possibly very serious misrepresentation appears to be his denial that he blocked certain documents from being filed in the Bailey case in January 2021, despite the fact that he was removed from the case almost two years earlier (*Bailey*, 1:16-cv-7548, dkt. 446, April 12, 2019). The District Court informed Mr. Bailey that the filings were blocked, and the blocked filings bore Judge Johnston's file-stamp and name. See dkt.38-1 ¶ 4 regarding the "blocked filings" and Mr. Johnston's representation that he had no involvement in the Bailey case, and compare to the evidence at dkt. 42-3 (court confirmation of blocked filings), 42-4

---

[2] To be clear, these are factual recitals only. No claim or cause of action exists with regard to Mr. Johnston's acts as a Magistrate Judge, because they are privileged.

(blocked document referenced in 42-3), and in *Bailey v. Worthington*, et al., dkts. 608 and 609, blocked filings bearing the filed stamps identifying "JUDGE IAIN D. JOHNSTON".) The Executive Committee was located in Chicago, and received notice of filings only in *In re Shalaby*, 1:20-cv-4315. However, Mr. Johnston was at the Rockford courthouse where the Bailey case was pending, and the documents which were blocked from filing later appeared bearing the "FILED" stamp identifying "JUDGE IAN D. JOHNSTON" (*Bailey*, 1:16-cv-7548, dkts. 608, 609). The District Court informed Mr. Bailey that his filing was blocked because it "pertains to a restricted filer," referring to Mr. Shalaby, who was the subject of the escort order (dkt. 42-3).

Mr. Johnston, now a federal judge, also continues to misrepresent facts present-day, in on dkt. 36 p.9:21, where he first misrepresents that Shalaby's declaratory action presents a defamation claim with regard to the false Supreme Court case name he presented on p.34 of his response to the Senate Questionnaire, then based on his own false characterization, jabs as follows:

> These statements are only defamatory to a narcistic [sic], conspiratorial, paranoid mind." (Id. at dkt. 36 p.9:12.)

Despite these statements, Mr. Johnston does not deny his false presentation on his response to the Senate Questionnaire but calls it a "Bluebooking error," and does not deny that he fabricated the false allegations regarding Mr. Shalaby having visited the Rockford courthouse and having been engaged in disturbing conduct, but states such false statements are protected by privilege. (dkt. 36 pp. 2:22-24, 9:6-7, and 11:6-8.)

### D. Court of Appeals Acknowledges That the Escort Order Is "Unusual" Because No Complaint Was Filed and No Hearing Was Afforded

The Court of Appeals declares that the escort order is "unusual" (dkt. 44-2, Appendix A, p. 5a):

> The unusual order that Mr. Shalaby be accompanied by U.S. Marshals is another story.

This is likely because the Court of Appeals recognizes that it is most unusual for a District Court to open a case as a plaintiff and also serve as the judge, never file a complaint or charging document, enter only the adverse order as the sole document number one in the docket, then immediately close

the case the same day. Nevertheless, the Court of Appeals declares that judicial redress is available:

> This order is more akin to the order in *In re Long*, 475 F.3d 880 (7th Cir. 2007), where the Executive Committee barred a person from access to the court library in the Dirksen courthouse in Chicago based on various incidents of refusal to behave appropriately in the library. (Dkt. 44-2 p.6.)

In *In re Long* the Court explained availability of judicial redress as a remedy:

> The executive committee in excluding him was acting in a proprietary capacity, just like a restaurant that expels an unruly customer and forbids him to return. Such an action is not judicial; rather it is the kind of action that the person against whom it was taken might seek judicial redress for. Our jurisdiction is limited to review of judicial orders and of regulatory orders by administrative agencies. (Emphasis added.) In re Long (7th Cir. 2007) 475 F.3d 880, 880-881.)

E. The Executive Committee Regularly Opens and Closes Cases on the Same Day, as Done Here, Justifying Amendment and Injunctive Relief

As hard as it is to fathom that a District Court (Executive Committee) would open a case, enter an adverse order without any charging document, then close the case the same day, this wrongful practice was adopted by the Executive Committee many years ago and is systemic. This practice dates back to at least 2005, as noted the PACER docket for *In re Long*, 1:05-cv-05709 (N. Dist. IL), where the Executive Committee did the same thing. Also compare the nearly identical opening of the case, entering of the order, closure of the case, and nearly identical wording on the order in Kowalski, 765 F. App'x 139 (7th Cir. 2019) (ILND case number 1:18-cv-07228):

> IT IS HEREBY ORDERED That to maintain judicial security, Robert M. Kowalski is ordered to sign in upon arrival at the Dirksen U.S. Courthouse at 219 S. Dearborn Street, Chicago, Illinois, 60604 or at the Stanley J. Roszkowski U.S. Courthouse at 327 S. Church Street, Rockford, Illinois 61101, and
>
> IT IS FURTHER ORDERED That a representative of the U.S. Marshals Service shall accompany Mr. Kowalski at all times while he is present in the Dirksen U.S. Courthouse or in the Stanley J. Roszkowski U.S. Courthouse,
>
> and IT IS FURTHER ORDERED That failure to comply with this order may lead to further sanctions,
>
> and IT IS FURTHER ORDERED That a miscellaneous file with the title "In the matter of Robert M. Kowalski" and case number 18 C 7228 shall serve as the repository of this order, and any order or minute order entered pursuant to this order. The Clerk will also maintain a miscellaneous docket associated with the file. All orders retained in the file will be entered on that docket following standard docketing procedures.
>
> IT IS FURTHER ORDERED That the Clerk shall cause a copy of this order to be

emailed to Mr. Kowalski at Robert.224@icloud.com. Signed by the Executive Committee on 10/30/2018. Emailed notice. (jjr, ) (Entered: 10/30/2018)

Compare to the escort order issued to Shalaby in 1:20-cv-4315:

IT IS HEREBY ORDERED That to maintain judicial security, the court imposes an escort requirement: Upon his arrival at the Stanley J. Roszkowski U.S. Courthouse at 327 S. Church Street, Rockford, Illinois 61101 or the Dirksen U.S. Courthouse at 219 S. Dearborn Street, Chicago, Illinois, 60604, Andrew Shalaby is ordered to sign in at the security desk.

IT IS FURTHER ORDERED That a representative of the U.S. Marshals Service shall accompany Mr. Shalaby at all times while he is present in the Stanley J. Roszkowski U.S. Courthouse or in the Dirksen U.S. Courthouse, and

IT IS FURTHER ORDERED That failure to comply with this order may lead to additional restrictions on Mr. Shalaby's movement in the Northern District of Illinois Courthouses, and

IT IS FURTHER ORDERED That the Clerk shall cause to be created and maintained a miscellaneous docket with the title "In the matter of Andrew W. Shalaby" and case number 20 C 4315. The miscellaneous docket shall serve as the repository of this order and any order or minute order entered pursuant to this order. All orders will be entered on the docket following standard docketing procedures. A brief entry will be made on the docket indicating the receipt of any materials from Mr. Shalaby.

IT IS FURTHER ORDERED That the Clerk shall cause a copy of this order to be emailed to Mr. Shalaby at the email address on record.

The order was "boiler-plated" because it was nearly identical to earlier orders issued to other defendants over the years. Compare, for example, the wording used on the order in In re Kowalski, 765 F. App'x 139 (7th Cir. 2019) (ILND case number 1:18-cv-07228), which is almost identical to the wording used on the escort order in Appendix C, pp.13a-14a:

IT IS HEREBY ORDERED That to maintain judicial security, Robert M. Kowalski is ordered to sign in upon arrival at the Dirksen U.S. Courthouse at 219 S. Dearborn Street, Chicago, Illinois, 60604 or at the Stanley J. Roszkowski U.S. Courthouse at 327 S. Church Street, Rockford, Illinois 61101, and

IT IS FURTHER ORDERED That a representative of the U.S. Marshals Service shall accompany Mr. Kowalski at all times while he is present in the Dirksen U.S. Courthouse or in the Stanley J. Roszkowski U.S. Courthouse,

and IT IS FURTHER ORDERED That failure to comply with this order may lead to further sanctions,

and IT IS FURTHER ORDERED That a miscellaneous file with the title "In the matter of Robert M. Kowalski" and case number 18 C 7228 shall serve as the repository of this order, and any order or minute order entered pursuant to this order. The Clerk will also maintain a miscellaneous docket associated with the file. All orders retained in the file will be entered on that docket following standard docketing procedures.

IT IS FURTHER ORDERED That the Clerk shall cause a copy of this order to be emailed to Mr. Kowalski at Robert.224@icloud.com. Signed by the Executive Committee on 10/30/2018. Emailed notice. (jjr, ) (Entered: 10/30/2018)

## III. LEAVE TO AMEND REQUESTED TO OBTAIN INJUNCTIVE RELIEF AGAINST THE EXECUTIVE COMMITTEE TO VACATE THE ESCORT ORDER NUNC PRO TUNC

The Executive Committee asserts absolute immunity, but the Court of Appeals dismissed the appeal on the basis that judicial redress was the appropriate means of obtaining a remedy:

> This order is more akin to the order in *In re Long*, 475 F.3d 880 (7th Cir. 2007), where the Executive Committee barred a person from access to the court library in the Dirksen courthouse in Chicago based on various incidents of refusal to behave appropriately in the library. (Dkt. 44-2 p.6.)

In *In re Long* the Court explained availability of judicial redress as a remedy:

> The executive committee in excluding him was acting in a proprietary capacity, just like a restaurant that expels an unruly customer and forbids him to return. Such an action is not judicial; **rather it is the kind of action that the person against whom it was taken might seek judicial redress for**. Our jurisdiction is limited to review of judicial orders and of regulatory orders by administrative agencies. (Emphasis added.) In re Long (7th Cir. 2007) 475 F.3d 880, 880-881.)

The Court of Appeals did not say the Executive Committee had immunity, it said the Executive Committee was not performing a judicial function and was acting proprietary, "like a restaurant that expels an unruly customer and forbids him to return. Such an action is not judicial." This is now the law of the case, therefore judicial redress is available.

## IV. ACTION AGAINST UNITED STATES MAY BE FILED WHERE PLAINTIFF RESIDES

It is well-established that an action against the United States may be filed where the plaintiff resides. <u>See</u> *Detroit Int'l Bridge Co. v. FHA* (E.D.Mich. 2009) 666 F.Supp.2d 740, 743.). Moreover, 28 U.S.C. § 1291 provides in relevant part:

> (e) Actions where defendant is officer or employee of the United States.
>
> (1) In general. A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to

> any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Shalaby suffered no harm or damages until he received the escort order at his home in California. Prior to this event, no damages could be suffered, because Shalaby did not even know of existence of the one-day proceedings that took place in his absence, or the issuance of the order. In addition, there is an added wrongful act of failure to file and serve a complaint to Shalaby in his residence state of California, and proceeding with the secret proceedings in his absence. It should therefore be undisputed that venue is proper here in Northern California.

**V. RES JUDICATA ESTABLISHES THE UNITED STATES ACTED IN A PROPRIETY CAPACITY, NOT AS A JUDICIARY**

The elements of res judicata are that there be a final judgment on the merits, with privity between parties, and an identity of claims. *Davidson v. Culver City* (9th Cir. 2005) 159 F.App'x 756, 758.). We have this. In case 20-cv-4315, and its related appeal 20-2689, (*In re Shalaby* (7th Cir. July 5, 2022, No. 20-2689) 2022 U.S. App. LEXIS 18439, at *4-5.) The Court of Appeals decided that the acts of the United States, meaning of the Executive Committee, were specifically non-judicial, proprietary, and the type of acts for which judicial redress is available, hence this action. This means there is no immunity of any kind, on any level, for judicial redress seeking injunctive relief to set aside the so-called "court order" requiring Shalaby to be escorted by Marshals, or even restricting his mode of communication with the Court, as specifically addressed by the Court of Appeals. (*Id.* at 5.)

**VI. DECLARATORY RELIEF CLAIM RELATES TO INJUNCTIVE RELIEF, NOT DEFAMATION**

Defendant's entire premise that declaratory relief is not available is flawed because it is based on Defendant's misunderstanding that a defamation claim or lawsuit is at issue or contemplated. Shalaby agrees that he cannot sue the United States for defamation, and did not do so. As explained, the sole objective and ultimate goal is to obtain the judicial relief the Court of Appeal stated was available, against the Executive Committee, setting aside its non-judicial escort "order" as the product of a proprietary function, for which there is no immunity, by declaratory

judgment that the facts upon which it is based were false and contrived. However, at this point, and perhaps far more important, is the obvious need for a judicial decree establishing that the United States District Courts may not open cases, enter orders without filing and serving the defendants with complaints, then close the cases the same day before the defendants have had the opportunity to respond.

**VI. COLLATERAL ESTOPPEL ALSO APPLIES WITH REGARD TO MR. JOHNSTON'S PRIVILEGE AND IMMUNITY DEFENSES**

The Court of Appeals' articulation that the acts at issue on the "unusual" escort order were non-judicial, but instead, proprietary, equally applies to the acts of Mr. Johnston, whether he is deemed to have acted as a government employee or otherwise. The Court of Appeals explained that judicial redress was available for this reason (non-judicial, proprietary acts).

**VIII. THE AUTHORITIES PERTAINING TO PRIVILEGE AND IMMUNITY FAVOR PLAINTIFF, NOT DEFENDANT**

The concept the Seventh Circuit Court of Appeals applied in stating that judicial redress was an available remedy is well-known, it is the propriety function exception to immunity. It applies, whether or not the defendant acted in the scope of employment, as does the law of this particular case stating that judicial redress was available. As a separate matter, however, Defendant's authorities favor Plaintiff.

1. *Taboas v. Mlynczak* (7th Cir. 1998) 149 F.3d 576, 582) defines and act which falls within the scope of employment: "(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master." Id. (citing Restatement (Second) of Agency § 228 (1958)). This favors Shalaby, because Mr. Johnston's false reporting, made with his knowledge that he had contrived the facts, is not authorizied, and bears no relationship or purpose to "serve the master," it was perpetuated to serve his own interest in assuring he obtains the confirmation vote of the Senate (as alleged here).

2. *McLachlan v. Bell* (9th Cir. 2001) 261 F.3d 908, 911 supports Shalaby's position: "There is an exception, applying to acts, which though done at the employer's place of business, substantially deviate from employment duties for personal purposes, and the torts are personal in

nature." Mr. Johnston's false reporting completely deviated from his employment duties.

3. *Tarlson v. United States*, 13-cv-03535-JSW at *4, is this Court's own decision, and points out: "[C]onversely, Plaintiff's contention that Foster was acting outside the scope of her employment, is based on the alleged incidents and not the reports that Foster made about the incidents." Here, Plaintiff's contention is that Mr. Johnston was acting outside of the scope of his employment based on the report, not based on alleged incidents.

4. *Bertoncini v. Schrimpf*, 712 f. Supp. 1336, 1343 (N.D. Ill.) explained:

> The statements reported in the August 10 and August [**23] 12 articles present a somewhat more difficult question in terms of the mayor's absolute privilege defense. Although the Illinois Supreme Court held in Blair that the governor's statements in a press release were absolutely privileged, the Court noted that the question was a "close one," 64 Ill. 2d at 9 (quoting *Barr v. Matteo*, 360 U.S. 564, 574, 3 L. Ed. 2d 1434, 79 S. Ct. 1335 (1959)), and expressly limited the privilege to "statements which are legitimately related to matters committed to [the official's] responsibility." 64 Ill. 2d at 10.

Mr. Johnston's alleged statements of concern must be legitimately related to matters committed to responsibility, and here the allegation is that preponderance of the evidence supports a conclusion that Mr. Johnston fabricated the allegations entirely out of thin air, with an apparent motive of discrediting Shalaby with regard to reporting Mr. Johnston's false and factually incorrect representations on his response to the Senate Questionnaire.

5. *Barr v. Matteo* (1959) 360 U.S. 564, 572 [79 S.Ct. 1335, 1340, 3 L.Ed.2d 1434, 1441-1442], begins by explaining:

> "The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover [***1442] occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds.

The Supreme Court then explains:

> The question is a close one, but we cannot say that it was not an appropriate exercise of the discretion with which an executive officer of petitioner's rank is necessarily clothed to publish [****18] the press release here at issue in the circumstances disclosed by this record. Petitioner was the Acting Director of an important agency of government, 11 and was clothed by redelegation with "all powers, duties, and functions conferred on the President by Title II of the Housing and Rent Act of 1947 . . . ." 12 (*Id.* at 574.)

The Supreme Court explained that "To be sure, the occasions upon which the acts of the head of an executive department will be protected by the privilege are doubtless far broader than in the case of an officer with less sweeping functions." Mr. Johnston was not acting as the head of an executive department, and intentional fabrication of facts to assure a senate confirmation vote do not present a "close question," because such acts are not within the scope of duty.

The authorities presented by Defendant generally do not support the privileges asserted, notwithstanding the law of the case doctrine applicable here. The law of the case is that judicial redress is available, hence not barred by privilege and immunity, and it is specifically on grounds that such judicial redress was available that the Court of Appeals dismissed the appeal.

**CONCLUSION**

A federal judge who fabricates false facts as serious as the ones before this Court presents a grave danger to the public at large. Rule 11(b)(3) and CRPC 3.3 mandate truthfulness and candor, not avoidance by stating that the allegations that Mr. Johnston fabricated the facts upon which the escort order were based were "speculative." The Court should therefore suspend these proceedings and issue an order directing Mr. Johnston and the Executive Committee to inform it whether Mr. Johnston made the subject allegations, and to produce the document upon which the Executive Committee has based its escort order. In other words the Court should mandate compliance with the duties of truth and candor, especially here where if the allegations on the complaint are true, a crime under 18 U.S.C. § 1001 will have been committed by Mr. Johnston. Moreover, Mr. Johnston and the DOJ should not require the Court to issue such an order, but instead, should comply with the duties of truth and candor on the reply brief.

Dated: February 9, 2023

s/Andrew W. Shalaby
Andrew W. Shalaby

CERTIFICATE OF SERVICE

I, Andrew W. Shalaby, hereby certify that I am a Registrant authorized user of this Court's "Electronic Case Filing" ("ECF") system.   On February 9, 2023 I electronically filed foregoing with the Clerk this Court by using the Court's CM/ECF system. Counsels for all parties in this case are registered CM/ECF users, and have been served through the Court's CM/ECF system.


Dated: February 9, 2023                                    s/Andrew W. Shalaby

STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

450 Golden Gate Ave. Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7025
Facsimile: (415) 436-6748
pamela.johann@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW W. SHALABY,<br><br>Plaintiff,<br><br>v.<br><br>IAIN D. JOHNSTON, *et al*.,<br><br>Defendants. | Case No. 22-cv-04718-JSW<br><br>**NOTICE OF ERRATA RE FEDERAL DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

The United States respectfully submits this Notice of Errata regarding Federal Defendant's Motion to Dismiss First Amended Complaint, Dkt. No. 37. Defendant notes the following errors:

1. The language that appears at Dkt. No. 37 at 9, line 16, "and to contact the Clerk's Office by email only," should be replaced with "and to contact the Clerk's Office by U.S. Mail only."

2. Two digits of the case number for *Bailey v. Worthington Cylinder Corp., et al.*, formerly pending in the Northern District of Illinois, cited at Dkt. No. 37 at 9, lines 7 and 24, were transposed. The correct case number is No. 16-cv-07548.

A corrected Motion to Dismiss, with the above-identified errata corrected as noted herein, is

attached hereto as Attachment A. Defendant apologizes for these errors.

DATED: January 10, 2023

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for the United States of America

# Attachment A

STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

450 Golden Gate Ave. Box 36055
San Francisco, CA 94102-3495
Telephone: (415) 436-7025
Facsimile: (415) 436-6748
pamela.johann@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW W. SHALABY,<br><br>Plaintiff,<br><br>v.<br><br>IAIN D. JOHNSTON, *et al.*,<br><br>Defendants. | Case No. 22-cv-04718-JSW<br><br>**FEDERAL DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**CORRECTION OF DOCKET NO. 37**<br><br>Date: February 3, 2023<br>Time: 9:00 a.m.<br>Place: Zoom or AT&T Teleconference<br><br>The Honorable Jeffrey S. White |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii
NOTICE OF MOTION AND MOTION ..... vi
RELIEF REQUESTED ..... vi
MEMORANDUM OF POINTS AND AUTHORITIES ..... 1
I. INTRODUCTION ..... 1
II. ISSUES TO BE DECIDED ..... 1
III. FACTUAL BACKGROUND ..... 2
IV. LEGAL STANDARDS ..... 4
V. ARGUMENT ..... 5
A. This Court Lacks Jurisdiction To Consider Plaintiff's Claims Related to The Executive Committee Order Pursuant To The Doctrine Of Sovereign Immunity. ..... 5
1. The Claims Arising Out Of Judge Johnston's Alleged Communications With The Executive Committee Operate As Claims Against The United States. ..... 6
2. The Alleged Communications With The Executive Committee Were Taken Within The Scope Of Judge Johnston's Official Duties. ..... 7
3. Plaintiff Cannot Establish A Waiver Of Sovereign Immunity. ..... 9
B. Plaintiff Cannot State A Cause Of Action For Declaratory Relief. ..... 9
1. Declaratory Relief Is Not An Independent Basis For Jurisdiction. ..... 9
2. Plaintiff Cannot Allege A Cognizable Claim For Defamation. ..... 10
(i) Any Defamation-Based Theory Is Barred By The Statute Of Limitations. ..... 10
(ii) Judge Johnston's Alleged Communications To The Executive Committee Are Absolutely Privileged Under California Law. ..... 11
(iii) Plaintiff Has Not Adequately Alleged A Publication. ..... 13
3. Declaratory Relief Is Not Appropriate To Redress A Past Wrong. ..... 14
VI. CONCLUSION ..... 15

## TABLE OF AUTHORITIES

### Cases

*Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221 (5th Cir. 1976)........ 6

*Algrant v. Evergreen Valley Nurseries Ltd.*, 126 F.3d 178 (3d Cir.1997)........ 11

*Aluminium v. Hunter Engineering Co.*, 655 F.2d 938 (9th Cir. 1981)........ 14, 15

*Argento v. Village of Melrose Park*, 838 F.2d 1483 (7th Cir.1988)........ 8

*Artis v. T-Mobile USA, Inc.*, No. 18-cv-2575, 2019 WL 1427738 (D. Md. Mar. 29, 2019)........ 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........ 5

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1990)........ 5

*Barr v. Matteo*, 360 U.S. 564 (1959)........ 7, 8

*Bedke v. Baker*, No. 07-cv-418, 2008 WL 11350104 (D. Idaho Mar. 21, 2008)........ 6

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)........ 5

*Bertoncini v. Schrimpf*, 712 F. Supp. 1336 (N.D. Ill. 1989)........ 7

*Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273 (1983)........ 5

*Botta v. PricewaterhouseCoopersLLC*, No. 18-cv-02615-RS, 2018 WL 11360442 (N.D. Cal. Oct. 9, 2018)........ 13

*Brown v. General Serv. Admin.*, 425 U.S. 820 (1976)........ 6

*Calderon v. Ashmus*, 523 U.S. 740 (1998)........ 15

*Cammarata v. Kelly Capital, LLC*, 339 F. Supp. 3d 1033 (S.D. Cal. 2018)........ 11

*Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal. App. 4th 1487 (2007)........ 14

*Center for Science in Pub. Interest v. Bayer Corp.*, No. 09-05379-JSW, 2010 WL 1223232 (N.D. Cal. Mar. 25, 2010)........ 10

*Chen v. Fleming*, 147 Cal. App. 3d 36 (1983)........ 12

*Church of Scientology Int'l v. Kolt*, 846 F. Supp. 873 (C.D.Cal.1994)........ 10

*Coto Settlement v. Eisenberg*, 593 F.3d 1031 (9th Cir. 2010)........ 2

*Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928 (C.D. Cal. 2022)........ 10

*Douglas v. Lofton*, No. 12-cv-8592, 2013 WL 2156053 (N.D. Ill. May 17, 2013)........ 8

*Edejer v. DHI Mortg. Co.*, No. 09-cv-1302-PJH, 2009 WL 1684714 (N.D. Cal. June 12, 2009)........ 14

*Esquivel v. United States*, 21 F.4th 565 (9th Cir. 2021) .................... 5

*Forro Precision, Inc. v. Int'l Bus. Machines Corp.*, 673 F.2d 1045 (9th Cir. 1982) .................... 12

*Gilbert v. DaGrossa*, 756 F.2d 1455 (9th Cir. 1985).................... 4, 5

*Guerra v. Sutton*, 783 F.2d 1371 (9th Cir.1986).................... 14

*Hagberg v. California Fed. Bank*, 32 Cal. 4th 350 (2004) .................... 12

*Harkonen v. U.S. Dep't of Justice*, 800 F.3d 1143 (9th Cir. 2015) .................... 13, 15

*Hendy v. Bello*, 555 F. App'x 224 (4th Cir. 2014).................... 9

*Hodge v. Dalton*, 107 F.3d 705 (9th Cir. 1997).................... 5

*House v. Laro*, No. 01-cv-1104, 2001 WL 686911 (N.D. Ill. June 18, 2001).................... 8

*Huynh v. Chase Manhattan Bank*, 465 F.3d 992 (9th Cir. 2006) .................... 11

*In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197 (N.D. Cal. 2014).................... 10

*In re Chapman*, 328 F.3d 903 (7th Cir. 2003) .................... 12

*In re Shalaby*, 775 F. App'x 249 (7th Cir. 2019).................... 2

*In re Yagman*, 796 F.2d 1165 (9th Cir. 1986).................... 12

*Jerves v. United States*, 966 F.2d 517 (9th Cir. 1992) .................... 5

*Johnson v. Eckstrom*, No. 11-cv-2052-EMC, 2011 WL 5975039 (N.D. Cal. Nov. 29, 2011) .................... 14

*Johnson v. Haight Ashbury Med. Clinics, Inc.*, No. 11-cv-02052-YGR, 2012 WL 629312 (N.D. Cal. Feb. 27, 2012) .................... 13, 14

*Jones v. Thyssenkrupp Elevator Corp.*, No. 05-cv-3539 EMC, 2006 WL 680553 (N.D. Cal. Mar. 14, 2006).................... 13

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).................... 4

*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949) .................... 5, 6

*Lehman v. Nakshian*, 453 U.S. 156 (1981) .................... 5

*Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993).................... 11

*Logan v. VSI Meter Services, Inc.*, No. 10-cv-2478, 2012 WL 928400 (S.D. Cal. Mar. 19, 2012) .................... 14

*Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425 (9th Cir. 2018).................... 10

*Martin v. Wells Fargo Bank, N.A.*, No. 18-cv-05119-EJD-VKD, 2018 WL 6613834 (N.D. Cal. Nov. 12, 2018) .................... 10

*McAuliffe v. U.S. Dept. of Veterans Affairs*, No. 06-cv-07353-WHA, 2007 WL 2123690 (N.D. Cal. July 23, 2007) .......... 9, 10

*McLachlan v. Bell*, 261 F.3d 908 (9th Cir. 2001) .......... 7, 8

*Nelson v. Fraser*, No. 19-cv-01769, 2020 WL 11626077 (C.D. Cal. Mar. 9, 2020) .......... 15

*Nyquist v. Miller*, No. 86-cv-2352, 1987 WL 7291 (N.D. Ill. Feb. 24, 1987) .......... 7

*Paracor Finance, Inc. v. General Electric Capital Corp.*, 96 F.3d 1151 (9th Cir. 1996) .......... 12

*Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111 (1962) .......... 14

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741 (9th Cir. 2006) .......... 2

*Rogers v. United States*, No. 20-cv-00637, 2021 WL 2462287 (E.D.N.C. June 16, 2021) .......... 4, 7

*San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121 (9th Cir. 1996) .......... 14

*Shively v. Bozanich*, 31 Cal. 4th 1230 (2003) .......... 11

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303 (N.D.Cal.1997) .......... 13

*Solida v. McKelvey*, 820 F.3d 1090 (9th Cir. 2016) .......... 4, 6

*St. Clair v. City of Chico*, 880 F.2d 199 (9th Cir. 1989) .......... 4

*Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221 (9th Cir. 1989) .......... 10

*Taboas v. Mlynczak*, 149 F.3d 576 (7th Cir. 1998) .......... 7, 8, 9

*Tarlson v. United States*, No. 13-cv-03535-JSW, 2014 WL 605489 (N.D. Cal. Feb. 13, 2014) .......... 7

*Taus v. Loftus*, 40 Cal. 4th 683 (2007) .......... 11, 12

*Thornhill Publ. Co. v. Gen'l Tel. & Electrs. Corp.*, 594 F.2d 730 (9th Cir. 1979) .......... 4

*Tinkoff v. Campbell*, 86 F. Supp. 331 (N.D. Ill. 1949) .......... 8

*United States v. Park Place Associates, Ltd*, 563 F.3d 907 (9th Cir. 2009) .......... 5

*Vanover v. Hantman*, 77 F. Supp. 2d 91 (D.D.C. 1999) .......... 6, 7, 15

*Wanxia Liao v. United States*, No. 11-cv-02494-JSW, 2012 WL 3945772 (N.D. Cal. Apr. 16, 2012) .......... 9

*Washington v. Udall*, 417 F.2d 1310 (9th Cir. 1969) .......... 6

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406 (9th Cir. 1977) .......... 4

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) .......... 5

*Williams v. Salvation Army*, No. 14-cv-06138, 2014 WL 6879936 (C.D. Cal. Dec. 4, 2014) .......... 12

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) .......... 6

*Yamauchi v. Cotterman*, 84 F. Supp. 3d 993 (N.D. Cal. 2015) .......... 11

**Federal Statutes**

5 U.S.C. § 701(b)(1)(B) .......... 9

5 U.S.C. § 702 .......... 9

28 U.S.C. § 1346(b) .......... 9

28 U.S.C. § 2201 .......... 10, 14

28 U.S.C. §§ 1442(a)(1) .......... 4

28 U.S.C. §§ 1442(a)(3) .......... 4

**State Statutes**

Cal. Civ. Code § 45 .......... 11

Cal. Civ. Code § 46 .......... 11

Cal. Civ. Code § 47(b) .......... 12

Cal. Code Civ. Proc. § 340(c) .......... 11

Cal. Code Civ. Proc. § 1060 .......... 10

**Rules**

Fed. R. Civ. Proc. 12(b)(6) .......... vii, 4

Fed. R. Civ. Proc. 12(b)(1) .......... vii, 4

Case: 23-15742, 07/18/2023, DktEntry: 12-2, Page 78 of 125

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 3, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard, via Zoom Video Webinar or AT&T Teleconference, or in person in Courtroom 5, 2nd Floor, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, before the Honorable Jeffrey S. White, Defendant United States will and hereby does move for an order dismissing the First Amended Complaint ("FAC"), Dkt. No. 28, to the extent it asserts claims against Iain D. Johnston in his official capacity, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). This motion is based on this Notice, the following Memorandum of Points and Authorities; the pleadings, records, and files in this case; matters of which the Court takes judicial notice; and such other written or oral argument and additional evidence as may be presented at or before the time the Court takes this motion under submission.

## RELIEF REQUESTED

The United States seeks an order dismissing Plaintiff's claims against Judge Johnston in his official capacity for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Plaintiff Andrew W. Shalaby is asking this Court for declaratory relief relating to unknown communications that he speculates Defendant Iain D. Johnston may have made to the Executive Committee of the Northern District of Illinois in July 2020 as part of his official duties as a United States Magistrate Judge. While Plaintiff asserts that these communications were inaccurate and therefore unauthorized, Judge Johnston's alleged conduct fell within the scope of his federal employment, and official capacity status cannot be defeated by an assertion of falsity or malice. Because the FAC seeks a declaration regarding official government conduct, it is subject to the doctrine of sovereign immunity, and Plaintiff has not identified a valid waiver that would confer subject matter jurisdiction on this Court. To the extent that these claims are considered personal capacity claims, they cannot proceed in this forum because, as Judge Johnston's concurrently filed motion to dismiss establishes, this Court lacks personal jurisdiction with respect to any individual capacity claims. Either way, Plaintiff's claims arising from Judge Johnston's alleged statements to the Executive Committee must be dismissed. Even if this Court had jurisdiction to consider the claims, moreover, Plaintiff has not alleged a cognizable substantive basis for jurisdiction because any claim for relief based on a defamation theory is barred by the statute of limitations, based on alleged statements that are absolutely privileged, and entirely speculative. Plaintiff has no knowledge—and the FAC contains no factual allegations—that Judge Johnston made *any* statements to the Executive Committee regarding Plaintiff, much less factually inaccurate and defamatory communications that led the Executive Committee to issue an administrative order regarding Plaintiff's conduct. Finally, there is no equitable basis for declaratory relief because Plaintiff does not seek prospective relief but rather a declaration as to alleged past misconduct. For these reasons, Plaintiff's FAC should be dismissed without leave to amend.

## II. ISSUES TO BE DECIDED

1. Whether Plaintiff's claims against Judge Johnston in his official capacity must be dismissed for lack of subject matter jurisdiction under the doctrine of sovereign immunity;

2. Whether Plaintiff's claims against Judge Johnston in his official capacity must be dismissed because Plaintiff has failed to allege a cognizable theory of substantive liability;

3.      Whether the Court should decline to order equitable relief because Plaintiff's request, which seeks a declaration as to alleged past wrongdoing, is not a proper subject for declaratory relief.

## III.    FACTUAL BACKGROUND

The factual background is set forth in the United States' opposition to Plaintiff's motion to remand, Dkt. No. 21, and the Court's order denying that motion, Dkt. No. 27, and is briefly summarized here.  Plaintiff Andrew W. Shalaby is an attorney licensed to practice in California.  Plaintiff was the attorney of record in *Bailey v. Worthington Cylinder Corp., et al.*, No. 16-cv-07548 ("*Bailey*"), a civil lawsuit in the Northern District of Illinois, until his *pro hac vice* status was revoked on February 1, 2019, due to misrepresentations he made to the court, including false statements about Judge Johnston.  *See In re Shalaby*, 775 F. App'x 249, 250 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 957 (2020).  Judge Johnston, now a federal district judge in the Northern District of Illinois, was the magistrate judge to which *Bailey* was assigned on August 1, 2016, after the case was transferred from the Central District of California, until April 12, 2019, when it was reassigned to a newly appointed magistrate judge.  *Bailey*, ECF 42, 446.[1]

After Plaintiff's *pro hac vice* admission was revoked, the Executive Committee of the Northern District of Illinois ("Executive Committee") and the court in *Bailey* instructed Plaintiff on multiple occasions to cease contacting the court, and to contact the Clerk's Office by U.S. Mail only.  *See Bailey*, ECF 481, 545; Dkt. No. 22-1 (Declaration of Thomas G. Bruton, Ex. A).  Nevertheless, on July 20, 2020, Plaintiff sent what he described as "a confidential correspondence" to Judge Johnston regarding "factually incorrect statements" that Plaintiff asserts Judge Johnston made to the United States Senate Committee on the Judiciary about the *Bailey* case during the Judge Johnston's Senate confirmation process in 2020.  Dkt. No. 28 ¶ 8.  Plaintiff also emailed the Clerk's Office staff on July 20 and July 21, 2020.  Dkt. No. 22-1 at 2.  On July 23, 2020, the Executive Committee issued an order imposing an

---

[1] Defendant respectfully requests that the Court take judicial notice of the docket and documents filed in *Bailey v. Worthington Cylinder Corp., et al.*, No. 16-cv-07548, formerly pending in the Northern District of Illinois. The Ninth Circuit has held that the contents of "court filings and other matters of public record" are judicially noticeable. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  The July 23, 2020 Order of the Executive Committee, Dkt. No. 22-1, may also be considered under the incorporation by reference doctrine.  Under that doctrine, a court may consider a document if "the complaint necessarily relies upon [the] document or the contents of the documents are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  The FAC specifically references and quotes portions of the Executive Committee's Order.  Dkt. No. 28 ¶ 8.

escort requirement on Plaintiff when visiting the U.S. Courthouse in the Northern District of Illinois (the "Escort Order"). Dkt. Nos. 22 ¶ 6, 22-1. The Escort Order cited Plaintiff's disruptive behavior during Court hearings, false statements on Court documents, and failure to comply with orders to communicate with the Clerk's office only through U.S. Mail. Dkt. No. 22-1.

In the present lawsuit, filed in Contra Costa County Superior Court on July 7, 2022, Plaintiff asserts that the "core allegations" contained in the Escort Order "were false and contrived." Dkt. No. 28 ¶ 9. Without any apparent evidence, Plaintiff speculates that the order was based on "false statements" that Judge Johnston "likely made" to the Executive Committee and further speculates that Judge Johnston did so to "discredit" Plaintiff "from reporting that [Judge Johnston] made a misrepresentation" on his Senate questionnaire. Dkt. No. 28 ¶ 15. However, the FAC contains no factual allegations that would plausibly suggest that Judge Johnston made any comments to the Executive Committee that prompted the Escort Order. Plaintiff also claims that Judge Johnston made "factually incorrect statements" to the Senate Judiciary Committee regarding a petition for certiorari filed in *Bailey* on November 26, 2019, after Plaintiff was no longer counsel of record, and a motion to disqualify him in that case. *Id.* ¶¶ 5-7.

On the basis of these allegations, Plaintiff purports to state a claim for "declaratory relief" against Judge Johnston "in his capacity as a person and civilian." Dkt. 28 ¶ 18. Plaintiff seeks a declaratory judgment that: (1) Judge Johnston made factually incorrect statements to the Senate and failed to inform the Senate that these statements were false; (2) Judge Johnston made false statements to the Executive Committee, causing it to issue the Escort Order, and failed to inform the Executive Committee that the allegations in the Escort Order were false; (3) Judge Johnston intended his statements to discredit Plaintiff with the Senate and cause harm to his reputation; and (4) Plaintiff suffered substantial injury and damage to his reputation. Dkt. No. 28 ¶ 23.a-f, i-j. Although Plaintiff alleges that he "does not seek any relief pertaining to the United States District Court for the Northern District of Illinois, or its Executive Committee, *id.* ¶ 17, Plaintiff also seeks a declaration that the Escort Order is "defamatory on its face" and that it "remains publicly posted and active," *id.* ¶ 23.g-h. Finally, Plaintiff asks the Court for a general declaration that "the United States does not authorize persons in its employ to make false allegations about persons [and] therefore the United States is not authorized to defend a Government Employee in relation to such acts." *Id.* ¶ 23.k.

The United States removed the action on behalf of Judge Johnston in his official capacity[2] pursuant to 28 U.S.C. §§ 1442(a)(1) and (3). Dkt. No. 1 at 1-4. On October 4, 2022, the Court denied Plaintiff's motion to remand, finding that the United States had sufficiently established that "any statements Judge Johnston made to [the] Executive Committee would have been provided as part of his federal duty as a magistrate judge to assist the Executive Committee in discharging its official powers" and had also established "a colorable defense of sovereign immunity." Dkt. No. 27 at 4. For the reasons set forth below and in the Opposition to the Motion for Remand, Dkt. No. 21, the claims against Judge Johnston arising out of his alleged statements to the Executive Committee must be considered official capacity claims. This motion is brought by the United States with respect to all such official capacity claims.

## IV. LEGAL STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(1) is required where the court lacks subject matter jurisdiction. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (cleaned up). "[P]laintiffs bear the burden both of making an initial, prima facie showing of jurisdictional facts at the pleading stage and of proving those facts by a preponderance at trial." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). When a defendant challenges the lack of jurisdiction, the plaintiff's allegations are not presumed to be truthful, and the plaintiff has the burden of proving the court has jurisdiction. *Thornhill Publ. Co. v. Gen'l Tel. & Electrs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citation omitted). The court may look beyond the pleadings to decide the motion and may resolve factual disputes. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

A Rule 12(b)(6) challenge disputes "the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged

[2]The official capacity claims are considered a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) ("An action against an officer, operating in his or her official capacity as a United States agent, operates as a claim against the United States."). Accordingly, the United States stands in the shoes of Judge Johnston with respect to all alleged conduct that falls within the scope of his federal employment. *See Rogers v. United States*, No. 20-cv-00637, 2021 WL 2462287, at *6 & n.6 (E.D.N.C. June 16, 2021).

under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). The Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), make it clear that conclusory allegations are no longer sufficient to withstand a challenge under Rule 12(b)(6). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has "facial plausibility" only if the complaint pleads facts sufficient to allow "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Iqbal*, 556 U.S. at 678. While the Court must treat all factual allegations as true for purposes of a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. 678.

## V. ARGUMENT

### A. This Court Lacks Jurisdiction To Consider Plaintiff's Claims Related to The Escort Order Pursuant To The Doctrine Of Sovereign Immunity.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983); *see also Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) ("T]he United States, as sovereign, is immune from suit save as it consents to be sued."). This rule of immunity bars suits for equitable relief as well as monetary damages. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688-89 (1949). Because a suit against a government officer in his official capacity is really "a suit against the official's office," the protection of sovereign immunity extends to officers acting within their authority. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Larson*, 337 U.S. 682, 6878 (1949); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). Any waiver of sovereign immunity must be both "unequivocally expressed," *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997), and "strictly construed in favor of the United States," *Jerves v. U.S.*, 966 F.2d 517, 521 (9th Cir. 1992). The plaintiff, as the party asserting a claim against the United States, bears the burden of establishing a clear waiver of sovereign immunity. *United States v. Park Place Associates, Ltd*, 563 F.3d 907, 924 (9th Cir. 2009). "If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction." *Esquivel v. United States*, 21 F.4th 565, 572-73 (9th Cir. 2021).

**1. The Claims Arising Out Of Judge Johnston's Alleged Communications With The Executive Committee Operate As Claims Against The United States.**

Although the complaint in this case was filed against Judge Johnston, it operates as a suit against the United States to the extent it relates to Judge Johnston's alleged communications to the Executive Committee. "The applicability of the doctrine of sovereign immunity is to be determined, not by the party named as defendant, but by the result of the judgment or decree which may be entered." *Alabama Rural Fire Ins. Co. v. Naylor*, 530 F.2d 1221, 1225 (5th Cir. 1976). It has long been established that "[a] suit against an officer of the United States is one against the United States itself if the decree would operate against the sovereign; or if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration; or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Brown v. General Serv. Admin.*, 425 U.S. 820, 826-27 (1976) (cleaned up); *Washington v. Udall*, 417 F.2d 1310, 1315 (9th Cir. 1969). When a plaintiff seeks equitable relief against a federal officer "the question is directly posed as to whether, by obtaining relief against the officer, relief will not, in effect, be obtained against the sovereign. For the sovereign can act only through agents and, when the agents' actions are restrained, the sovereign itself may, through him, be restrained." *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949).

For this reason, equitable relief that seeks to impact official actions taken by the government cannot be imposed on federal officials in their individual capacities, and must be understood as running against the government. *See Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) (federal employees as individuals have no authority to provide equitable relief involving official government action); *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004); *Bedke v. Baker*, No. 07-cv-418, 2008 WL 11350104, at *3 (D. Idaho Mar. 21, 2008) ("A plaintiff seeking equitable relief may not sue a government official in an individual capacity where that equitable relief relates only to the official capacity of that government employee"). This rule applies to any form of equitable relief, including declaratory relief; a declaration of rights involving the official conduct of a federal official can be imposed against the government only. *Vanover v. Hantman*, 77 F. Supp. 2d 91, 100 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) (injunctive and declaratory relief relating to official government action must be sought against officials in their official capacity).

The complaint in this case seeks a declaration regarding official government actions—an order issued by the Executive Committee of the Northern District of Illinois and statements allegedly made by Judge Johnston on behalf of the government and in the performance of his official duties. The requested decree, therefore, would operate against the government and interfere with official acts by compelling or recasting official government communications, dictating the interpretation of the Escort Order, and undercutting the force of that order. This relief affects official government operations and thus cannot be imposed against Judge Johnston in his individual capacity. The complaint must be interpreted as a claim against the government to which the doctrine of sovereign immunity applies. *See Rogers*, 2021 WL 2462287, at *6 n.5; *Vanover*, 77 F. Supp. 2d at 100.

**2. The Alleged Communications With The Executive Committee Were Taken Within The Scope Of Judge Johnston's Official Duties.**

Plaintiff's conclusory allegation that the alleged conduct of Judge Johnston was "a Frolic and Detour, performed in his capacity as an individual" rather than in the scope of his employment, Dkt. No. 28 ¶ 4, cannot transform the allegations relating to the Executive Committee communications into personal capacity claims. Plaintiff's "frolic and detour" assertion is based not on any factual allegations but on his speculation that the communications were "intentional fabrications" and his incorrect legal conclusion that they therefore were "not authorized, and not capable of being authorized," by the United States. *Id.* ¶¶ 18, 21-22. The law is clear that an employee does not act outside of the scope of his employment merely because he makes statements that are untrue—even if they are made knowingly and maliciously. *Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998); *McLachlan v. Bell*, 261 F.3d 908, 911 (9th Cir. 2001); *Tarlson v. United States*, No. 13-cv-03535-JSW, 2014 WL 605489, at *4 (N.D. Cal. Feb. 13, 2014); *cf. Bertoncini v. Schrimpf*, 712 F. Supp. 1336, 1343 (N.D. Ill. 1989) (alleged defamatory statements fell within mayor's executive functions "whether or not the mayor knew them to be false"). To the contrary, an assertion that the federal employee's acts were dishonest or fraudulent does not take the conduct outside the bounds of his official duty. *See Barr v. Matteo*, 360 U.S. 564, 572 (1959) (rejecting plaintiff's argument that "to exercise a power dishonestly is necessarily to overstep its bounds"); *Nyquist v. Miller*, No. 86-cv-2352, 1987 WL 7291, at *1-2 (N.D. Ill. Feb. 24, 1987), *aff'd*, 830 F.2d 196 (7th Cir. 1987) (defendant's allegedly fraudulent alteration of employment records held to

fall within the scope of defendant's official duties despite plaintiff's claims that the acts were unauthorized and outrageous); *Tinkoff v. Campbell*, 86 F. Supp. 331, 332-33 (N.D. Ill. 1949) (alleged defamatory statements made by tax collector were within the scope of his official duties; "[o]fficial acts in performance of the duties of an office do not mean simply the lawful acts of the officer holding that office, but include all acts done under color and by virtue of that office").

Nor is Plaintiff's speculation about Judge Johnston's purported "motive" sufficient to establish that Judge Johnston was acting outside of the scope of his employment. Pursuant to the broad respondeat superior criteria recognized under Illinois law,[3] "[a]n employee's action falls within the scope of employment if '(a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; (c) it is actuated, at least in part, by a purpose to serve the master.'" *Taboas*, 149 F.3d at 582 (citing Restatement (Second) of Agency § 228 (1958)). Conduct will be found to fall within the scope of employment "even if the employee was in part actuated by ill-will toward the plaintiff." *House v. Laro*, No. 01-cv-1104, 2001 WL 686911, at *1 (N.D. Ill. June 18, 2001); *cf. Barr*, 360 U.S. at 572 (official authority extends to "occasions where the public good is not their aim").

A scope-of-employment determination "may be clear from the face of the complaint." *House*, 2001 WL 686911, at *1. In the FAC, Plaintiff claims that the alleged false statements to the Executive Committee relate to his conduct in the Rockford, Illinois courthouse. Dkt. No. 28 ¶ 8. Plaintiff further alleges that Judge Johnston's statements resulted in an Executive Committee order requiring Plaintiff to be escorted by a representative of the U.S. Marshals Service "to maintain judicial security." Dkt. No. 28 ¶ 8; Dkt. No. 22 (Declaration of Thomas G. Bruton) ¶ 6 & Ex. A. Where the alleged acts "are so closely connected with what the servant is employed to do, and so fairly and reasonably incident to it, that they may be regarded as methods, even though quite improper ones, of carrying out the objectives of the employment," they will be found to fall within the scope of employment. *Argento v. Village of Melrose Park,* 838 F.2d 1483, 1495 (7th Cir.1988) (cleaned up); *see also Douglas v. Lofton*, No. 12-cv-8592, 2013 WL 2156053, at *8 (N.D. Ill. May 17, 2013) (alleged defamatory statements by employee who "had a legal obligation to supervise, evaluate and discipline" plaintiff held to be "in the scope of her

---

[3] The Illinois test is analogous to the "broad California doctrine," which excludes acts that "substantially deviate from employment duties for personal purposes." *McLachlan v. Bell*, 261 F.3d 911 (9th Cir. 2001).

employment”). This Court has already concluded that “any statements Judge Johnston made to [the] Executive Committee would have been provided as part of his federal duty as a magistrate judge to assist the Executive Committee in discharging its official powers.” Dkt. No. 27 at 4; *see also* Dkt. No. 22 ¶¶ 3-4, 6. Any such communications, therefore, “at least in part promoted the employer’s interest in” the orderly management and administration of Court operations. *Taboas*, 149 F.3d at 582. Moreover, the Declaration of Thomas Bruton, the Clerk of Court for the Northern District of Illinois, establishes that to the extent that the Escort Order was based on information provided to the Executive Committee by Judge Johnston, “such information would have been provided within the scope and course” of his federal employment. Dkt. No. 22 ¶ 6. Plaintiff has not sufficiently alleged—much less carried his burden of establishing—that these alleged communications did not fall within the scope of Judge Johnston’s employment. *Taboas*, 149 F.3d at 582.

**3. Plaintiff Cannot Establish A Waiver Of Sovereign Immunity.**

Plaintiff has not established and cannot identify a valid waiver of sovereign immunity that would permit the declaratory relief that he is seeking in this action. Although Congress has waived sovereign immunity for tort claims asserted against the government in the Federal Tort Claims Act (“FTCA”), “the FTCA by its plain terms applies only to suits seeking money damages, and [Plaintiff’s] does not.” *Hendy v. Bello*, 555 F. App’x 224, 226 (4th Cir. 2014); 28 U.S.C. § 1346(b); *McAuliffe v. U.S. Dept. of Veterans Affairs*, No. 06-cv-07353-WHA, 2007 WL 2123690, at *5 (N.D. Cal. July 23, 2007). Sovereign immunity for equitable relief may be waived by the Administrative Procedure Act (“APA”), but the APA is limited to claims against an “agency or an officer or employee thereof,” 5 U.S.C. § 702, and federal courts are explicitly excluded from the definition of “agency.” 5 U.S.C. § 701(b)(1)(B); *Wanxia Liao v. U.S.*, No. 11-cv-02494-JSW, 2012 WL 3945772, at *10 n.21 (N.D. Cal. Apr. 16, 2012). Nor does the Declaratory Judgment Act waive sovereign immunity. *Liao*, 2012 WL 3945772, at *10.

In sum, Plaintiff seeks equitable relief that would impact official actions taken by the government, without establishing that the sovereign has consented to that relief. In these circumstances, Plaintiff’s claims are barred by the doctrine of sovereign immunity.

**B. Plaintiff Cannot State A Cause Of Action For Declaratory Relief.**

**1. Declaratory Relief Is Not An Independent Basis For Jurisdiction.**

Plaintiff's lone cause of action purports to be a claim for declaratory relief. Dkt. No. 28 at 2. He does not specify whether his action is brought pursuant to Section 1060 of the California Code of Civil Procedure or the federal Declaratory Relief Act, 28 U.S.C. § 2201,[4] but under either statutory scheme, Plaintiff's request for declaratory relief "is not a stand-alone claim, but requires some other substantive basis for liability." *Martin v. Wells Fargo Bank, N.A.*, No. 18-cv-05119-EJD-VKD, 2018 WL 6613834, at *9 (N.D. Cal. Nov. 12, 2018), *R & R adopted*, 2019 WL 95931 (N.D. Cal. Jan. 3, 2019), *aff'd*, 2022 WL 3594268 (9th Cir. Aug. 23, 2022); *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989); *McAuliffe*, 2007 WL 2123690, at *5 (declaratory relief is a "remedy and not an independent legal claim"). While Plaintiff's request for relief is predicated on what he claims are "factually incorrect statements" made by Judge Johnston, he never attempts to state a cause of action under any cognizable substantive theory of defamation, and as set forth below, any attempt to do so would be futile. Lacking any underlying source of liability, Plaintiff's claim for declaratory relief must be dismissed. *See Lopez v. Wells Fargo Bank, N.A.*, 727 F. App'x 425, 426 (9th Cir. 2018); *Center for Science in Pub. Interest v. Bayer Corp.*, No. 09-05379-JSW, 2010 WL 1223232, at *1 (N.D. Cal. Mar. 25, 2010) ("'without an underlying claim, Plaintiff has no right to a declaratory judgment pursuant to 28 U.S.C. § 2201'" (quoting *Church of Scientology Int'l v. Kolt*, 846 F. Supp. 873, 882 (C.D. Cal.1994)); *Artis v. T-Mobile USA, Inc.*, No. 18-cv-2575, 2019 WL 1427738, at **4-5 (D. Md. Mar. 29, 2019) (no basis for declaratory relief regarding alleged defamatory statements where plaintiff failed to plead a plausible claim of common law defamation). Because Plaintiff's defamation theory cannot be saved by amendment, Plaintiff's FAC should be dismissed without leave to amend. *Lopez*, 727 F. App'x at 426; *Dean v. Kaiser Found. Health Plan, Inc.*, 562 F. Supp. 3d 928, 935-36 (C.D. Cal. 2022).

### 2. Plaintiff Cannot Allege A Cognizable Claim For Defamation.

#### (i) Any Defamation-Based Theory Is Barred By The Statute Of Limitations.

As set forth above, the Declaratory Judgment Act is a procedural vehicle, not a source of

---

[4] While some federal courts have applied the California Declaratory Judgment Act in diversity cases, "the Ninth Circuit has indicated, although not explicitly held, that the federal Declaratory Judgment Act should apply" in a case pending in federal court. *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014). In any event, "the two statutes are broadly equivalent." *Id.*

substantive rights. A claim for declaratory relief is subject to the statute of limitations that governs the concurrent legal remedy. *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688-89 (9th Cir. 1993); *Algrant v. Evergreen Valley Nurseries Ltd.,* 126 F.3d 178, 181-82 (3d Cir.1997); *Cammarata v. Kelly Capital, LLC*, 339 F. Supp. 3d 1033, 1048 (S.D. Cal. 2018), *aff'd*, 806 F. App'x 531 (9th Cir. 2020) (applying California law). "To prevent plaintiffs from making a mockery of the statute of limitations by the simple expedient of creative labelling—styling an action as one for declaratory relief rather than for damages—courts must necessarily focus upon the substance of an asserted claim as opposed to its form." *Levald*, 998 F.2d at 688. The applicable statute of limitations is thus determined by the nature of the underlying claim, and a claim for declaratory relief is time-barred to the same extent as an analogous claim for damages. *See Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1015-16 (N.D. Cal. 2015).

Plaintiff's claim for declaratory relief is predicated on a theory of defamation: he seeks a declaration that certain statements were false and defamatory. Dkt. No. 28 ¶ 23. A corresponding legal remedy—an action at law for defamation—exists for this alleged conduct. *See Taus v. Loftus,* 40 Cal. 4th 683, 720 (2007); Cal. Civ. Code §§ 45, 46. Under federal common law choice of law principles, this Court applies California's statute of limitations. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). The statute of limitations for a defamation claim under California law is one year. Cal. Code Civ. Proc. § 340(c); *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246 (2003). The cause of action accrues "when the defendant communicates the defamatory statement to" a third party. *Shively*, 31 Cal. 4th at 1247. In this case, the alleged statements were communicated on or before July 23, 2020, when the Executive Committee issued the Escort Order. Dkt. No. 28 ¶ 8. Plaintiff initiated this lawsuit in Contra Costa County Superior Court on July 7, 2022, well beyond the applicable one-year statute of limitations. Dkt. No. 1 at 6. Any defamation claim would therefore be time-barred, and for the same reason, Plaintiff's action for declaratory relief must be dismissed. *Yamaguchi*, 84 F. Supp. 3d at 1016 (bringing an action for declaratory relief rather than for damages "cannot save [plaintiff's] claim from the specific applicable statutes of limitation").

**(ii) Judge Johnston's Alleged Communications To The Executive Committee Are Absolutely Privileged Under California Law.**

In addition to being untimely, any predicate defamation claim is not cognizable because it is

based on statements that are absolutely privileged under California law.[5]  The tort of defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus*, 40 Cal. 4th at 720 (cleaned up). Accordingly, to state a claim for defamation, a plaintiff must plausibly allege, *inter alia*, that the communication at issue was unprivileged.  *Id.*; *Williams v. Salvation Army*, No. 14-cv-06138, 2014 WL 6879936, at *3 (C.D. Cal. Dec. 4, 2014) (granting motion to dismiss where plaintiff did not adequately allege unprivileged communications).  Plaintiff cannot do so here; any alleged communications to the Executive Committee would be absolutely privileged pursuant to California Civil Code § 47(b).  Section 47(b) establishes a privilege for communications "[i]n any (1) legislative proceeding, (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law," with certain exceptions not applicable here.  Cal. Civ. Code § 47(b); *Hagberg v. California Fed. Bank*, 32 Cal. 4th 350, 360 (2004). This privilege is absolute and applies to all communications connected with official proceedings, "without respect to the good faith or malice of the person who made the statement, or whether the statement was ostensibly made in the interest of justice."  *Hagberg*, 32 Cal. 4th at 361; *Forro Precision, Inc. v. Int'l Bus. Machines Corp.*, 673 F.2d 1045, 1055 (9th Cir. 1982).  Courts interpret this privilege broadly "to assure utmost freedom of communication." *Hagberg*, 32 Cal. 4th at 360 (cleaned up).  It extends to all communications to or from governmental officials that may precede or prompt the initiation of official proceedings.  *Id.* at 365.

As alleged by Plaintiff, the purported communications by Judge Johnston fall squarely within this privilege; Plaintiff asserts that Judge Johnston made false statements to the Executive Committee, the administrative arm of the Court empowered to issue both judicial and administrative orders, *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003), "so as to cause the "Executive Committee of the Court to issue an order assigning U.S. Marshal escorts to escort Shalaby."  Dkt. No. 28 ¶ 8.  Because any communications to the Executive Committee would be absolutely privileged, a claim for defamation cannot be maintained.  *See Chen v. Fleming*, 147 Cal. App. 3d 36, 39-40 (1983) (informal complaints to

---

[5] Under the applicable California choice of law principles, *see Paracor Finance, Inc. v. General Electric Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir. 1996), California defamation law is applicable to this case involving an out-of-state speaker and a California plaintiff.  *In re Yagman*, 796 F.2d 1165 (9th Cir. 1986).

a bar association empowered to initiate disciplinary proceedings held to be absolutely privileged).

**(iii) Plaintiff Has Not Adequately Alleged A Publication.**

Plaintiff's defamation theory is not cognizable for the additional reason that he has not adequately pleaded facts that would support a claim for defamation under California law. "The standard for pleading defamation is more stringent than that applicable to most other substantive claims because of the historically unfavored nature of this type of action." *Jones v. Thyssenkrupp Elevator Corp.*, No. 05-cv-3539 EMC, 2006 WL 680553, at *5 (N.D. Cal. Mar. 14, 2006). To satisfy the publication requirement, a plaintiff must allege "some communication—whether oral or written." *Johnson v. Haight Ashbury Med. Clinics, Inc.*, No. 11-cv-02052-YGR, 2012 WL 629312, at *3 (N.D. Cal. Feb. 27, 2012). Even under "the liberal federal pleading standards," general allegations of the defamatory communications are insufficient; a plaintiff must specifically identify the alleged defamatory staements and plead the substance of what was said. *Jones*, 2006 WL 680553, at *5; *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1314 (N.D.Cal.1997) ("the words constituting a libel or slander must be specifically identified, if not plead verbatim").

These pleading standards are not satisfied here. Most fundamentally, Plaintiff has not identified a false and defamatory publication by Judge Johnston. While Plaintiff sets out in detail the alleged "false allegations" contained in the Escort Order, *see* Dkt. No. 28 ¶¶ 8-11, these statements were made by the Executive Committee, not Judge Johnston. Plaintiff explicitly disavows seeking any relief "pertaining to the United States District Court for the Northern District of Illinois, or its Executive Committee," *id.* ¶ 17, nor could he, for "[a]bsent a statutory provision, an individual can not assert a cause of action against the government for the dissemination of inaccurate, incorrect, or defamatory information." *Harkonen v. U.S. Dep't of Justice*, 800 F.3d 1143, 1148 (9th Cir. 2015). Plaintiff's assertion "on information and belief" that Judge Johnson "likely" made the alleged defamatory statements contained in the Escort Order is sheer speculation based on nothing more than the fact that the order was issued shortly after Plaintiff sent a communication to Judge Johnston. Indeed, the fact that the allegations regarding Judge Johnston's purported communications are made "on information and belief," in contrast to the other allegations in the FAC that lack any such qualification, creates a reasonable inference that Plaintiff "likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in

speculation to an undue degree." *Botta v. PricewaterhouseCoopersLLC*, No. 18-cv-02615-RS, 2018 WL 11360442, at *5 (N.D. Cal. Oct. 9, 2018) (cleaned up). It is thus entirely speculative whether Judge Johnson made any statements to the Executive Committee whatsoever, much less statements that were false and defamatory. A defamation claim will not lie where the very existence of the alleged defamatory publication is speculative. *Johnson*, 2012 WL 629312, at **3-4; *Johnson v. Eckstrom*, No. 11-cv-2052-EMC, 2011 WL 5975039, at *6 (N.D. Cal. Nov. 29, 2011) (dismissing defamation claim where "it is entirely speculative that Defendants made a defamatory statement or statements to the potential employers which caused Mr. Johnson not to get the positions with those companies"); *Logan v. VSI Meter Services, Inc.*, No. 10-cv-2478, 2012 WL 928400, at *2 (S.D. Cal. Mar. 19, 2012).

**3. Declaratory Relief Is Not Appropriate To Redress A Past Wrong.**

Declaratory judgment is an equitable remedy within the discretion of the trial judge. 28 U.S.C. § 2201; *Public Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). "The Declaratory Judgment Act was designed to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure or never." *Societe de Conditionnement en Aluminium v. Hunter Engineering Co.*, 655 F.2d 938, 943 (9th Cir. 1981). The remedy is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton,* 783 F.2d 1371, 1376 (9th Cir.1986) (cleaned up). The equitable remedy is not appropriate where the complaint "seeks to redress past wrongs rather than a declaration as to future rights." *Edejer v. DHI Mortg. Co.,* No. 09-cv-1302-PJH, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009); *Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan*, 150 Cal. App. 4th 1487, 1497 (2007). Where the challenged activity is not continuing, the plaintiff must show "a very significant possibility of future harm; it is insufficient for [it] to demonstrate only a past injury." *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

Declaratory relief is inappropriate here, where the dispute relates to alleged past conduct by Judge Johnston, there is no ongoing controversy between the parties, and there are no future rights to be

determined.[6]  Plaintiff's sole claim is that Judge Johnston may have made certain undisclosed statements to the Executive Committee in July 2020.  Plaintiff does not allege that these statements are ongoing or will be repeated or republished; indeed, even the fact and substance of the *prior* statements are purely speculative.  The purpose of the Declaratory Relief Act—to settle the uncertainty of an ongoing controversy with future implications for the legal relations of the parties—is entirely absent here, where the claim implicates prior conduct that, if a litigable dispute at all, was a present controversy at the time of the alleged wrongdoing.  *See Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981) (the effect of the Declaratory Relief Act is to "bring[] to the present a litigable controversy, which otherwise might only be tried in the future").

Declaratory relief is inappropriate here for the additional reason that it would not redress any claimed injury to Plaintiff.  Assuming arguendo that it had jurisdiction to do so, any declaration issued by the Court regarding the substance of statements that Judge Johnston made to the Executive Committee would have no practical effect.  Plaintiff does not allege that those statements, if any, were published beyond the Executive Committee.  And this Court cannot issue any declaration regarding the content of the Executive Committee's Escort Order.[7]  *See Harkonen*, 800 F.3d at 1148; *Nelson v. Fraser*, No. 19-cv-01769, 2020 WL 11626077, at *4 (C.D. Cal. Mar. 9, 2020) (plaintiffs cannot seek a declaration that a federal agency made an incorrect finding regarding the plaintiffs in an agency decision).  The remedy sought, therefore, would be a "mere declaration of law without implications for practical enforcement upon the parties," and the Court should exercise its discretion to decline equitable relief even if the requested declaration were otherwise appropriate.  *Vanover*, 77 F. Supp. 2d at 100.

## VI.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant its motion to dismiss without leave to amend.

---

[6] The requested declaration that the United States may not "defend a Government Employee" for making alleged false statements, Dkt. No. 28 ¶ 23.k, is both contrary to the law, *see supra* Part IV.A.2, and not an appropriate subject for declaratory relief.  *Cf. Calderon v. Ashmus*, 523 U.S. 740, 746-47 (1998).

[7] As noted above, Plaintiff disclaims an intention to "seek any relief pertaining to . . . the Executive Committee," Dkt. No. 28 ¶ 17, yet he requests a declaration that the Escort Order is "defamatory on its face." *Id.* ¶ 23.g.  The Court need not reconcile these apparently contradictory allegations because it may not in any event grant the requested declaratory relief regarding the content of the Escort Order.

DATED: January 10, 2023

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Pamela T. Johann*
PAMELA T. JOHANN
Assistant United States Attorney

Attorneys for the United States of America

Iain D. Johnston
327 South Church Street
Rockford, IL 61101
Tel. 815-987-4255

Pro Se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDREW W. SHALABY, Plaintiff, v. IAIN D. JOHNSTON, *et al.*, Defendants. | Case No. 22-cv-04718-JSW_ **IAIN D. JOHNSTON'S NOTICE OF MOTION AND MOTION TO DISMISS** Date: February 3, 2023 Time: 9:00 a.m. Place: Zoom or AT&T Teleconference The Honorable Jeffrey S. White |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

NOTICE OF MOTION AND MOTION ........ 1

RELIEF REQUESTED ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. ISSUES TO BE DECIDED ........ 2

III. ARGUMENT ........ 2

1. INTRODUCTION ........ 2

2. FACTS ........ 3

3. THIS COURT LACKS PERSONAL JURISDICTION ........ 3

4. VENUE IS IMPROPER IN THIS COURT ........ 6

5. THE ALLEGED STATEMENTS ARE NOT DEFAMATORY ........ 8

6. THE ALLEGED STATEMENTS ARE ABSOLUTELY PRIVILEGED ........ 10

7. DECLARATORY JUDGMENT IS NOT AN AVAILABLE REMEDY ........ 11

8. THE ACTION IS UNTIMELY ........ 12

9. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

## Cases

*Abramoff v. Shake Counsulting, L.L.C.*, 288 F.Supp.2d 1 (D.D.C. 2003) .................... 8

*Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320 (9th Cir. 1996) .................... 6

*Avirez Ltd. v. Resolution Trust, Co.*, 876 F.Supp. 1135 (C.D. Cal. 1995) .................... 12

*Bagley v. Yale Univ.*, 42 F.Supp.3d 332 (D. Conn. 2014) .................... 9

*Banks v. Kramer*, 603 F.Supp.2d 3 (D.D.C. 2009) .................... 11

*Barger v. Playboy Enterprises, Inc.*, 564 F.Supp. 1151 (N.D. Cal. 1983) .................... 9

*Batt v. City & Cnty. of S.F.*, 155 Cal. App. 4th 65, 65 Cal. Rptr. 3d 716 (Cal. App. Ct. 2007) .................... 12

*Bio/Basics Int'l Corp. v. Ortho Pharms. Corp.*, 545 F.Supp 1106 (S.D.N.Y. 1982) .................... 10

*Bisson v. Bank of Am., N.A.*, 919 F.Supp.2d 1130 (W.D. Wash. 2013) .................... 12

*Botta v. Pricewaterhousecoopers* LLP, Case No. 18-cv-02615-RS, 2018 U.S. Dist. LEXIS 244891 (N.D. Cal. 2018) .................... 9

*Brand v. Menlove Dodge*, 796 F.2d 1070 (9th Cir. 1986) .................... 4

*Bufalino v. Teller*, 209 F.Supp. 866 (M.D. Pa. 1962) .................... 11

*Church of Scientology Int'l v. Kolts*, 846 F.Supp. 873 (C.D. Cal. 1994) .................... 12

*Cochran v. NYP Holdings, Inc.*, 58 F.Supp.2d 1113 (C.D. Cal. 1998) .................... 10

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) .................... 4

*Cook v. Fox*, 537 F.2d 370 (9th Cir. 1976) .................... 8

*Data Disc Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280 (9th Cir. 1977) .................... 4

*Davis v. Cook Cnty.*,
534 F.3d 650 (7th Cir. 2008) ........ 12

*Dodds v. American Broadcasting Co.*,
145 F.3d 1053 (9th Cir. 1998) ........ 1

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ........ 4

*Elias v. Spotify USA Inc.*, CV 20-8530-JFW,
2020 U.S. Dist. LEXIS 259336 (C.D. Cal. Nov. 24, 2020) ........ 9

*Farbert v. Dale*,
182 W. Va. 784, 392 S.E.2d 224 (W.Va. 1990) ........ 11

*Fields v. Sedgwick Associated Risks, Ltd.*,
796 F.2d 299 (9th Cir. 1986) ........ 4

*Forsher v. Bugliosi*,
26 Cal.3d 792, 163 Cal. Rptr. 628 (Cal. App. Ct. 1980) ........ 9

*Gulf Ins. Co. v. Glarbrenner*,
417 F.3d 353 (2d Cir. 2005) ........ 7

*Hecht v. Levin*,
613 N.E.2d 585 ........ 11

*In re W. States Wholesale Nat. Gas. Antitrust Litig.*,
715 F.3d 716 (9th Cir. 2013) ........ 3

*Insurance Co. of N. Am. v. Marina Salina Cruz*,
649 F.2d 1266 (9th Cir. 1981) ........ 4

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........ 4

*Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*,
12 F.Supp.2d 1035 (C.D. Cal. 1998) ........ 9

*Jackson v. Mayweather*,
10 Cal.App.5th 1240, 217 Cal. Rptr.  (Cal. Ct. App. 2017) ........ 10

*Justice Network, Inc. v. Craighead Cty.*,
931 F.3d 753 (8th Cir. 2019) ........ 12

*Kelsey v. Clark*, 1:21-CV-985 (BKS/DJS),
2021 U.S. Dist. LEXIS 203409 (N.D.N.Y. Oct. 21, 2021) ........ 12

*Kimball v. Flagstar Bank F.S.B.*,
881 F.Supp.2d 1209 (S.D. Cal. 2012) ........ 12

*King v. Barbour*,
240 F.Supp.3d 136 (D.D.C. 2017) ........ 11

*King v. Russell*,
963 F.2d 1301 (9th Cir. 1997) ........ 8

*LeRoy v. Great W. United Corp.*,
443 U.S. 173 (1979) ..... 6

*Levald Inc. v. City of Palm Desert*,
998 F.2d 680 (9th Cir. 1993) ..... 13

*Lewis v. Time, Inc.*,
710 F.2d 549 (9th Cir. 1983) ..... 10

*Lloyd's of London*,
135 F.3d 1289 (9th Cir. 1998) ..... 6

*Maykek v. GTE Corp., No. C98-0737 MJJ,*
1999 U.S. Dist. LEXIS 5954 (N.D. Cal. Apr. 22, 1999) ..... 9

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) ..... 4

*Moore v. City of Kankakee, Case No. 14-cv-5440*,
2015 U.S. Dist. LEXIS 66951 (N.D. Ill. May 22, 2015), ..... 7

*Murphy v. Schneider Nat'l, Inc.*,
362 F.3d 1133 (9th Cir. 2004) ..... 6

*Newton v. National Broadcasting Co., Inc.*,
920 F.2d 662 (9th Cir. 1990) ..... 9

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ..... 4

*Penrose Hill, Ltd. V. Mabray*,
479 F.Supp.3d 840 (N.D. Cal. 2020) ..... 12

*Piedmont Label Co. v. Sun Garden Packing Co.*,
598 F.2d 491 (9th Cir. 1979) ..... 6

*Price v. Stossel*,
620 F.3d 992 (9th Cir. 2010) ..... 9, 10

*Ramstead v. Morgan*,
219 Ore. 383, 347 P.2d 594 (Ore. 1959) ..... 11

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ..... 6

*Rosenthal v. Vogt*,
229 Cal.App.3d 69 (Cal. App. Ct. 1991) ..... 11

*Sams v. Yahoo! Inc.*,
713 F.3d 1175 (9th Cir. 2013) ..... 13

*Schiavone Constr. Co. v. Time, Inc.*,
619 F.Supp. 684 (D. N.J. 1985) ..... 11

*Schwarzenegger v. Fred Martin Motor CO.*, 374 F.3d 797 (9th Cir. 2004) .......... 4

*Scott v. McDonnell Douglas Corp.*, 37 Cal.App.3d 277, 112 Cal. Rptr. 609 (Cal. App. Ct. 1974).......... 10

*Sheasly v. Orr Felt Co.*, CV 10-956-PK, 2010 U.S. Dist. LEXIS 114278 (D. Ore. Oct. 25, 2010) .......... 8

*Shestul v. Moeser*, 344 F.Supp.2d 946 (E.D. Va. 2004) .......... 11

*Silver Valley Partners, LLC v. DeMotte*, 400 F.Supp.2d 1262 (W.D. Wash. 2005).......... 7

*Sinochem Int'l Co. v. Malay. Int'l*, 549 U.S. 422 (2007).......... 3

*Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430 (9th Cir. 1995) .......... 10

*Terracom v. Valley Nat. Bank*, 49 F.3d 555 (9th Cir. 1995) .......... 4

*Trinh v. Homan*, 466 F.Supp.3d 1077 (C.D. Cal. 2020) .......... 12

*Thomas v. L.A. Times Communs. LLC*, 189 F.Supp.2d 1005 (C.D. Cal. 2002) .......... 9

*Underwager v. Channel 9 Australia*, 69 F.3d 361 (9th Cir. 1995) .......... 10

*United States ex rel. Rudnick v. Laird*, 412 F.2d 16 (2d Cir. 1969).......... 6

*Walden v. Fiore*, 571 U.S. 277 (2014).......... 5

*Weisberg v. Rafael*, 67 B.R. 392 (N.D. Ill. 1986) .......... 11

*Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515 (9th Cir. 1983) .......... 8

*Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995) .......... 7

*Yamauchi v. Cotterman*, 84 F.Supp.3d 993 (N.D. Cal. 2015) .......... 13

*Ziegler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995) .......... 4

**Statutes**

28 U.S.C. §1391(b) ..... 6

28 U.S.C. §1391(b)(1)-(3) ..... 6

28 U.S.C. §1391(b)(2) ..... 7

Cal. Civ. Code §47(b) ..... 11

Cal. Civ. Code §47 ..... 11

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ..... 1, 3, 4

Federal Rule of Civil Procedure 12(b)(3) ..... 1, 3, 6

Federal Rule of Civil Procedure 12(b)(6) ..... 3, 4, 11, 13

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on February 3, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard, via Zoom Video Webinar or AT&T Teleconference, or in person in Courtroom 5, 2nd Floor, of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, before the Honorable Jeffrey S. White, Defendant Iain D. Johnston will and hereby does move for an order dismissing the entire First Amended Complaint ("FAC"), Dkt. No. 28, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). This motion is based on this Notice, the following Memorandum of Points and Authorities; the pleadings, records, and files in this case; matters of which the Court takes judicial notice; and such other written or oral argument and additional evidence as may be presented at or before the time the Court takes this motion under submission.

**RELIEF REQUESTED**

Iain D. Johnston seeks an order dismissing Plaintiff's claims against him in his individual capacity for lack of personal jurisdiction under Rule 12(b)(2), improper venue under Rule 12(b)(3), and for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In *Dodds v. American Broadcasting Co.*, 145 F.3d 1053, 1059 (9th Cir. 1998), the Ninth Circuit prudently stated, "Wise judges, even when wounded by unfair assaults, have learned that the best policy is ordinarily to dismiss the attacks as part of the baggage of their jobs. Abusive criticism simply goes with the territory. Often it is best not to dignify the assaults or to fall into the traps set by one's critics." For years, I have followed that advice with respect to Plaintiff's campaign of harassment against me. But because Plaintiff has decided to file this frivolous action against me, I have unfortunately been forced to respond. To the extent Plaintiff's action truly sues me in my individual capacity, the action is fundamentally flawed. Personal jurisdiction and venue do not exist in this Court. And, on substantive grounds, the action is meritless for multiple reasons, including failing to meet the elements of defamation in that the alleged statements are not defamatory and are absolutely privileged. Additionally, the claimed relief is unavailable because declaratory relief may not be entered simply to

hold that a defendant wronged a plaintiff in the past. Finally, the statute of limitations bars this action. For those reasons, this action should be dismissed. To eliminate redundant briefing, I also adopt and incorporate the arguments made by the United States in its motion to dismiss.

## II.    ISSUES TO BE DECIDED

1.    Whether this Court has personal jurisdiction over Judge Johnston in his individual capacity;

2.    Assuming personal jurisdiction exists, whether this Court is the proper venue;

3.    Whether Plaintiff's claims for declaratory relief against Judge Johnston in his individual capacity must be dismissed because the alleged statements are not defamatory and absolutely privileged and because declaratory relief is unavailable;

4.    Whether Plaintiff's claims must be dismissed as they are barred by the statute of limitations, notwithstanding Plaintiff labeling this as an action for declaratory relief.

## III.   ARGUMENT

### 1.    INTRODUCTION

Although very difficult to decipher, Mr. Shalaby's First Amended Complaint sounds in defamation, allegedly seeking declaratory relief. The Amended Complaint has no factual or legal bases supporting any claim or the relief it claims to seek. Indeed, the Amended Complaint misunderstands a myriad of legal issues—any one of which requires dismissal of this action.

Assuming this Court has personal jurisdiction over me[1] and that venue is proper, this Court should dismiss this action for any of the following four reasons. First, the statements about which Mr. Shalaby complains are not defamatory. Second, the statements to the Senate Judiciary Committee are privileged because it is a legislative body. Likewise, the alleged statements by me to the Executive Committee are also privileged as these alleged statements were directed to a body investigating attorney misconduct. Third, this action improperly seeks a declaratory judgment as to past actions and does not seek to establish legal rights on a prospective basis. Fourth, the action is untimely because the

---

[1] Throughout this motion, because I am proceeding pro se—to the extent I'm being sued individually—I am writing in the first person. Using illeism in this context seems both odd and arrogant.

statements were made more than a year before the actions was filed.

Initially, I'll address personal jurisdiction and venue under Rules 12(b)(2) and 12(b)(3), respectively. Next, I'll address the four Rule 12(b)(6) bases to dismiss this action with prejudice.

**2. FACTS**

I am currently a District Court Judge for the Northern District of Illinois. From May 2013 to September 2020, I was a Magistrate Judge for the same court. As a District Court Judge, I handle only cases assigned to me in the Northern District of Illinois, except that I have an inter-circuit assignment with the Northern District of Oklahoma.

During my tenure as a Magistrate Judge, I only handled cases filed in or removed to the Northern District of Illinois. In that capacity, I was assigned the case of *Bailey v. Worthington Cylinder Corp.*, 16 CV 7548. My only dealings with Mr. Shalaby were when he was counsel of record to the *Bailey* case in the Northern District of Illinois. After my nomination in 2020, I responded to a questionnaire of the Senate Judiciary Committee. After I completed my responses, I sent the document from the Northern District of Illinois to the District of Columbia.

Since May 2013, I have not held any outside employment. I have never owned property, lived in, been employed in, conducted business in, or held a license in California.

As to any remaining facts, I adopt the statement of facts contained in the motion filed by the United States.

**3. THIS COURT LACKS PERSONAL JURISDICTION**

This action was originally filed in California state court but was removed to this Court. Although Mr. Shalaby sought a remand, this Court denied the motion.

Despite suing me for actions taken as a United States Magistrate Judge, the Amended Complaint alleges that it is suing me in my individual capacity. To the extent I—and not the United States—am a party to this case, this Court lacks personal jurisdiction over me.

If raised by a defendant, a federal court must address challenges to personal jurisdiction first. *Sinochem Int'l Co. v. Malay. Int'l*, 549 U.S. 422, 431 (2007). Challenges to personal jurisdiction are made under Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). A plaintiff bears the burden of demonstrating that personal jurisdiction is proper. *In re W. States Wholesale Nat. Gas. Antitrust Litig.*, 715 F.3d 716, 741

(9th Cir. 2013); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Unlike a Rule 12(b)(6) motion, a Rule 12(b)(2) motion is not limited to the pleadings. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001); *Data Disc Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977). And, importantly, the Court need not accept a complaint's allegations as true if controverted by evidence used in support of the Rule 12(b)(2) motion. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1071 (9th Cir. 2011).

Determining personal jurisdiction is a four-step dance. First, because there is no federal statute governing personal jurisdiction, federal courts look to the law of the forum state—in this case, California. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). Next, California's long-arm statute is coextensive with the Fourteenth Amendment's due process clause. *Id.* And due process requires "minimum contacts" with the forum state, California. *Int'l Shoe Co. v. Washington*¸ 326 U.S. 310, 316 (1945). Finally, minimum contacts are determined under general and specific jurisdiction. *Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995).

General jurisdiction over a nonresident exists when a defendant is physically present or when the defendant has "continuous and systematic" contacts with the forum state as to equate to physical presence. *Schwarzenegger v. Fred Martin Motor CO.*, 374 F.3d 797, 801 (9th Cir. 2004). A plaintiff must meet a high burden to establish general jurisdiction. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986).

For specific jurisdiction to exist, courts in the Ninth Circuit use a three-part test: (1) the defendant purposefully directed its activities at residents of the forum or purposefully availed itself to the privilege of doing business in the forum; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. When a defendant makes a compelling case that jurisdiction would not be reasonable and fair, there is no need to address the first two prongs. *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 302 (9th Cir. 1986). Each of these three elements must be established. *Insurance Co. of N. Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir. 1981). The purpose of the test is to prevent personal jurisdiction based on random, fortuitous, or attenuated contacts. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 560 (9th Cir. 1995).

Neither general nor specific personal jurisdiction exist over me as a nonresident. General jurisdiction can be quickly dispatched. I am not physically present in California and I do not have "continuous or systematic" contacts with the state. I do not live in California, work there, do business there, or hold a license there.

And specific jurisdiction doesn't fare any better. My communications with the Senate Judiciary Committee—located in the District of Columbia—were not aimed at Mr. Shalaby, let alone Mr. Shalaby in California. I was simply responding to a questionnaire by the Senate Judiciary Committee. And, critically, I did not even mention Mr. Shalaby's name in the response to the questionnaire. Any doubt as to the complete absence of Mr. Shalaby's name in the response is resolved by simply going to the citation in the Amended Complaint, hitting "Ctrl + F" in the linked document and inserting "Shalaby".

Likewise, the alleged statements to the Executive Committee are not a basis for specific jurisdiction. The Amended Complaint alleges that the statements were made in the Northern District of Illinois to the Executive Committee for the Northern District of Illinois. The alleged communication was entirely within Illinois, related to a case filed in the Northern District of Illinois, and concerned conduct occurring in Illinois.

The Amended Complaint contains no allegations supporting personal jurisdiction. The fact that Mr. Shalaby is a resident of California does not result in this Court's personal jurisdiction over me. *See Walden v. Fiore*, 571 U.S. 277, 289 (2014) (courts "must look to the defendants 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connection to a forum."). The plaintiff cannot be the only link between the defendant and the forum. *Id.* at 285. Critically, the fact that Mr. Shalaby alleges he was harmed and injured in California is not a basis for personal jurisdiction. *Id.* at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

Moreover, as explained in my declaration, I am a resident of Illinois—a fact admitted in the Amended Complaint. I have no contacts with California. I have never owned property nor worked in California. My work is limited to Illinois, except for my inter-circuit assignment with the Northern District of Oklahoma. Put simply, I am a stranger to California. *See Walden*, 571 U.S. at 284 ("[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State."). It is

unreasonable and unfair that I must defend myself against this frivolous action in the Northern District of California solely based on Mr. Shalaby's residence in that state.

Because Mr. Shalaby has failed to meet his burden to establish personal jurisdiction, *see Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), this Court should dismiss this action against me to the extent I am being sued in my personal capacity.

**4. VENUE IS IMPROPER IN THIS COURT**

Assuming personal jurisdiction, to the extent that I am somehow being sued personally, venue is improper. Obviously, if personal jurisdiction doesn't exist, then venue is improper. *See United States ex rel. Rudnick v. Laird*, 412 F.2d 16, 20 (2d Cir. 1969).

Once a defendant challenges venue under Rule 12(b)(3), the plaintiff bears the burden to establish that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Under Rule 12(b)(3), the pleadings are not accepted as true, and the court can consider facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *see also Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir. 1998) (court can consider evidence outside pleadings); *Argueta*, *v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)(allegations not accepted as true).

Because Mr.Shalaby repeatedly alleges that I am being sued in my individual capacity and not my official capacity, the Court should look to the general venue provision. 28 U.S.C. §1391(b). Section 1391(b) allows for venue in three circumstances: (1) if the defendant resides in the judicial district, if all defendants reside in the same state; (2) if a substantial part of the events giving rise to the claim occurred in the district or a substantial part of the subject property is situated in the district; or (3) if there is no district with venue, *provided* personal jurisdiction exists. 28 U.S.C. §1391(b)(1)-(3). It is important to remember that "the purpose of statutorily specified venue is to protect the defendant against the risk that the plaintiff will select an unfair or inconvenient place of trial." *LeRoy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979).

Mr. Shalaby has failed to establish venue under any of these provisions. Two of the provisions can be dispatched quickly. First, subsection (1) does not apply because, according to the Amended Complaint, I am a resident of Illinois—a fact further established by the filed declaration. Second, as

detailed above, this Court lacks personal jurisdiction over me. And venue exists elsewhere. So, subsection (3) does not apply.

The only subsection that remotely needs further analysis is subsection (2). But, again, Mr. Shalaby has failed to establish that venue is proper under this subsection. Subsection (2) provides two avenues for venue. But because no real property is at issue in this case, that avenue does not exist. Accordingly, the only possible basis for venue is whether a *substantial* part of the events giving rise to the claim occurred in the Northern District of California. 28 U.S.C. §1391(b)(2); *see Gulf Ins. Co. v. Glarbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("[W]e caution district courts to take seriously the adjective 'substantial.'"); *see also Silver Valley Partners, LLC v. DeMotte*, 400 F.Supp.2d 1262, 1269 (W.D. Wash. 2005) ("The events must be *substantial*, have a nexus with the claims alleged, and reflect defendant's activities, not those of plaintiffs.") (emphasis added). Mr. Shalaby has failed to meet his burden to establish venue under this provision, however.

As to the response to the Senate Judiciary Committee questionnaire, the response—which does not even mention Mr. Shalaby—was written in the Northern District of Illinois and sent to the District of Columbia. No events giving rise to the claim occurred in the Northern District of California, let alone a substantial part of the events.

The statements the Amended Complaint allege I made to the Executive Committee occurred in the Northern District of Illinois. What's more, the Executive Committee's order is limited to the Northern District of Illinois. The order has no effect in the Northern District of California. The mailing of the order to Mr. Shalaby in the Northern District of California doesn't establish venue. Receiving notice of an adverse decision in a location does not establish venue in that location. *See Moore v. City of Kankakee*, Case No. 14-cv-5440, 2015 U.S. Dist. LEXIS 66951, at *4-5 (N.D. Ill. May 22, 2015).

In contrast to the statutory requirements of venue, Mr. Shalaby merely alleges that venue is proper in this Court "because the harm or injury took place in Contra Costa, California." Dkt. 28, at 2. This single allegation—which need not be accepted as true—is insufficient as a matter of law for him to meet his burden of establishing venue. That Mr. Shalaby claims—without evidence—that the escort order had an adverse effect on him in Contra Costa County, California is not a basis for establishing venue under §1391(b)(2). *See Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995) ("We therefore

reject Mr. Woodke's arguments that venue lies in the Northern District of Iowa simply because that was where he was residing when the passing off occurred."); *Abramoff v. Shake Counsulting, L.L.C.*, 288 F.Supp.2d 1, 5 (D.D.C. 2003) ("[T]he fact that the plaintiff may feel damages in the District of Columbia does not create venue..."). Despite the allegation, there is no evidence of harm or injury occurring in Contra Costa, California. The response to the Senate Judiciary Committee was sent to the District of Columbia. And, again, the response doesn't even mention Mr. Shalaby, so he couldn't have been harmed by the response in California. What's more, the alleged statements to the Executive Committee resulted in no harm in California either. The order merely requires an escort when Mr. Shalaby is in a courthouse in the Northern District of Illinois.[2]

Because Mr. Shalaby has failed to meet his burden to show venue is proper in this district, the case should be dismissed and not transferred. *See Sheasly v. Orr Felt Co.*, CV 10-956-PK, 2010 U.S. Dist. LEXIS 114278, at *16-17 (D. Ore. Oct. 25, 2010) (dismissal rather than transfer is not abuse of discretion when case is weak, appears to be in bad faith, or deliberately filed in wrong venue); *Maykek v. GTE Corp.*, No. C98-0737 MJJ, 1999 U.S. Dist. LEXIS 5954, at *17-18 (N.D. Cal. Apr. 22, 1999) (same) *see also King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1997); *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1523 (9th Cir. 1983); *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976).

**5. THE ALLEGED STATEMENTS ARE NOT DEFAMATORY**

The Amended Complaint alleges that I made two false and defamatory statements. The first statement was to the Senate Judiciary Committee in response to the questionnaire. There are two aspects to this first statement: (a) that I miscited a case in response to a question about cases in which *certiorari* was sought, and (b) that I gave "a factually incorrect and incomplete statement" about my decision to deny Mr. Shalaby's motion for recusal in the *Bailey* case. Dkt. 28, at 2-3. The second alleged statement was to the Executive Committee. Here's the entirety of that alleged statement: "Based on information and belief, Andrew W. Shalaby alleges that JOHNSTON fabricated allegations that Andrew W. Shalaby had been lurking in the Courthouse in Rockford, IL, and engaged in disturbing behavior, so as to cause the 'Executive Committee' of the Court to issue an order assigning U.S.

[2] Notably, Mr. Shalaby does not allege any intent to return to the Northern District of Illinois.

Marshal escorts to escort Shalaby." Dkt. 28, at 3-4.

None of the alleged statements are defamatory. As to the response to the Senate Judiciary Committee questionnaire, again Mr. Shalaby is not named in the response. *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F.Supp.2d 1035, 1044 (C.D. Cal. 1998) (defamatory statement must be "of and concerning" the plaintiff); *Barger v. Playboy Enterprises, Inc.*, 564 F.Supp. 1151, 1153 (N.D. Cal. 1983) (same). Moreover, the response has nothing to do with Mr. Shalaby; instead, the response discussed my decisions about how I recuse myself from cases. I recognize that Mr. Shalaby believes everything is about him, but that's just not the case. Further, both the response to the questionnaire and petition for certiorari occurred after Mr. Shalaby was no longer on the *Bailey* case. *Compare Bailey v. Worthington Cylinder Corp.*, 16 CV 7548 Dkt. 407 (2/1/19) *with* Dkt. 28, at 2. And there's nothing in the response that is remotely defamatory as a matter of law. Denying a motion to recuse and misciting a case seeking *certiorari* are not factual statements that cause an injury to one's reputation. *Price v. Stossel*, 620 F.3d 992, 998 (9th Cir. 2010) (defamatory statements must injure reputation). What's more, the claim is based on convoluted, nonsensical, illogical snippets of half-truths strung together. To be defamatory, a plaintiff must show that a jury could reasonably find by clear and convincing evidence that the defendant intended to convey the defamatory impression. *Newton v. National Broadcasting Co., Inc.*, 920 F.2d 662, 681 (9th Cir. 1990). The court's inquiry is to determine if the communication reasonably carries with it a defamatory meaning. *Thomas v. L.A. Times Communs. LLC*, 189 F.Supp.2d 1005, 1013 (C.D. Cal. 2002) (citing *Forsher v. Bugliosi*, 26 Cal.3d 792, 803, 163 Cal. Rptr. 628 (Cal. App. Ct. 1980)). No reasonable, rational person could even allege that these statements are defamatory. These statements are only defamatory to a narcistic, conspiratorial, paranoid mind. Finally, if a Bluebooking error is the basis for a defamation claim, then Lord have mercy on all attorneys, judicial law clerks, and judges!

As the alleged statements to the Executive Committee, the Amended Complaint fails for two reasons. First, this claim is based on "information and belief," which is an improper basis to plead a defamation claim. *Elias v. Spotify USA Inc.*, CV 20-8530-JFW, 2020 U.S. Dist. LEXIS 259336, at *8-9 (C.D. Cal. Nov. 24, 2020); *Botta v. Pricewaterhousecoopers* LLP, Case No. 18-cv-02615-RS, 2018 U.S. Dist. LEXIS 244891, at *14-15 (N.D. Cal. 2018); *see Bagley v. Yale Univ.*, 42 F.Supp.3d 332, 365 (D.

Conn. 2014) ("The specifics of defamation pleading . . . are not furnished by that convenient circumlocution 'upon information and belief'."). Second, critically, the statement is not defamatory. Statements of opinion that Mr. Shalaby was "lurking in the Courthouse" and "engaged in disturbing behavior" are not actionable. *See, e.g., Underwager v. Channel 9 Australia*, 69 F.3d 361, 367 (9th Cir. 1995) (statement that witness was "lying" not actionable); *Standing Comm. on Discipline v. Yagman*, 55 F.3d 1430, 1440 (9th Cir. 1995) (statement that judge was "dishonest" not actionable); *Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (statement that attorney was a "shady character" not actionable).

Because the statements are not defamatory, the Amended Complaint must be dismissed with prejudice. *See Cochran v. NYP Holdings, Inc.*, 58 F.Supp.2d 1113, 1120 (C.D. Cal. 1998) (Rule 12(b)(6) "is an appropriate mechanism for raising the question whether plaintiff states a claim for defamation").

**6. THE ALLEGED STATEMENTS ARE ABSOLUTELY PRIVILEGED**

Being unprivileged is an element of defamation. *Price*, 620 F.3d at 998 (9th Cir. 2010); *Jackson v. Mayweather*, 10 Cal.App.5th 1240, 1259-60, 217 Cal. Rptr. 234 (Cal. Ct. App. 2017). My statements to the Senate Judiciary questionnaire and the alleged statements to the Executive Committee are absolutely privileged.

My statements to the Senate Judiciary Committee are absolutely privileged against any type of suit under the §590A Restatement (Second) of Torts: "A witness is absolutely privileged to publish defamatory matter as part of a legislative proceeding in which he is testifying or in communications preliminary to the proceeding, if the matter has some relation to the proceeding." Courts have consistently and uniformly held that statements made by witnesses to Congressional committees are absolutely privileged. *See Yip v. Pagano*, 606 F.Supp.1566, 1571 (D. N.J. 1985) (statements made to House Judiciary Committee absolutely privileged under New Jersey law); *Bio/Basics Int'l Corp. v. Ortho Pharms. Corp.*, 545 F.Supp 1106, 1115 (S.D.N.Y. 1982) (statements made to Senate Subcommittee absolutely privileged under New York law). "The courts of many states have adopted a general rule that a witness who appears before a legislative committee is absolutely immune from a lawsuit predicated on the testimony that the witness gave to the committee." *Bio/Basics*, 545 F.Supp at 1114-15 (collecting cases). California is one of those states. *Scott v. McDonnell Douglas Corp.*, 37

Cal.App.3d 277, 285-86, 112 Cal. Rptr. 609 (Cal. App. Ct. 1974). The California Civil Code also makes statements made to a legislative body privileged. Cal. Civ. Code § 47(b). *Directly* on point is *Banks v. Kramer*, 603 F.Supp.2d 3, 11 (D.D.C. 2009) in which the district court found allegedly defamatory statements made by a judicial nominee during her confirmation hearing to be absolutely privileged, requiring dismissal of the claims.

The alleged statements made to the Executive Committee resulting in the escort order are also privileged. These alleged statements are privileged for two reasons. First, statements made to attorney disciplinary bodies are absolutely privileged. *See Weisberg v. Rafael*, 67 B.R. 392, 393-94 (N.D. Ill. 1986) ("[I]t is scarcely surprising that most (if not all) jurisdictions apply an absolute privilege to such ethics complaints against lawyers filed with the administrative branch of the disciplinary process."); *see, e.g., Shestul v. Moeser*, 344 F.Supp.2d 946, 951 (E.D. Va. 2004); *Schiavone Constr. Co. v. Time, Inc.*, 619 F.Supp. 684, 694 (D. N.J. 1985); *Bufalino v. Teller*, 209 F.Supp. 866, 868-70 (M.D. Pa. 1962); *Hecht v. Levin*, 613 N.E.2d 585 (citing *Ramstead v. Morgan*, 219 Ore. 383, 347 P.2d 594, 601-02 (Ore. 1959)); *Farbert v. Dale*, 182 W. Va. 784, 392 S.E.2d 224, 227 (W.Va. 1990). California law likewise holds statements made to attorney disciplinary bodies are absolutely privileged. *Rosenthal v. Vogt*, 229 Cal.App.3d 69, 73-4 (Cal. App. Ct. 1991) (applying §47 to find statements absolutely privileged). Second, statements made in the discharge of an official duty are also privileged under California law. Cal. Civ. §47. And this Court has already found that the alleged statements made to the Executive Committee were made under an official duty. Dkt. 27, at 4 ("The Court finds that this evidence is sufficient to establish that any statements Judge Johnston made to the Executive Committee would have been provided as part of his federal duty as a magistrate judge to assist the Executive Committee in discharging its official powers.").

Because the statements are absolutely privileged, the Amended Complaint fails to state a claim and should be dismissed with prejudice. *See King v. Barbour*, 240 F.Supp.3d 136, 141 (D.D.C. 2017) ("'It is appropriate for a court, in considering a 12(b)(6) motion, to decide any preliminary questions of absolute privilege. . .'").

**7. DECLARATORY JUDGMENT IS NOT AN AVAILABLE REMEDY**

Although the Amended Complaint does not identify a particular claim, the only conceivable

claim—albeit fatally flawed—is one for defamation. To the extent the Amended Complaint attempts to state a claim for declaratory judgment, that attempt is improper. Declaratory judgment is a remedy, not a claim. *Bisson v. Bank of Am., N.A.*, 919 F.Supp.2d 1130, 1139 (W.D. Wash. 2013) ("The Declaratory Judgment Act creates only a remedy, not a cause of action."); *Kimball v. Flagstar Bank F.S.B.*, 881 F.Supp.2d 1209, 1219 (S.D. Cal. 2012) (citing *Batt v. City & Cnty. of S.F.*, 155 Cal. App. 4th 65, 82, 65 Cal. Rptr. 3d 716 (Cal. App. Ct. 2007). A request for declaratory judgment must be based upon a valid claim. *Avirez Ltd. v. Resolution Trust Co.*, 876 F.Supp. 1135, 1143 (C.D. Cal. 1995); *Church of Scientology Int'l v. Kolts*, 846 F.Supp. 873, 882 (C.D. Cal. 1994). So, a court cannot grant a declaratory judgment in the absence of a valid, substantive claim. *Bisson*, 919 F.Supp.2d at 1139.

As already shown, the Amended Complaint fails to state a claim for defamation, so a declaratory judgment cannot be granted. But the Amended Complaint's relief is also unavailable as it seeks a declaration for allegedly past harms. "Declaratory relief targets prospective conduct." *Trinh v. Homan*, 466 F.Supp.3d 1077, 1094 (C.D. Cal. 2020). In the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by defendants. *Trinh*, 466 F.Supp.3d at 1094; *see Kelsey v. Clark*, 1:21-CV-985 (BKS/DJS), 2021 U.S. Dist. LEXIS 203409, at *6 (N.D.N.Y. Oct. 21, 2021) ("Declaratory judgement is inappropriate when it sought to adjudicate past acts."); *see also Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 764 (8th Cir. 2019) ("Thus, declaratory relief is limited to *prospective* declaratory relief.") (emphasis in original).

The Amended Complaint seeks a declaratory judgment that I "made factually incorrect statements," and "false statements" and that I intended my "false statements [about Mr. Shalaby] "to cause serious injury and damage to [Mr. Shalaby's] reputation." Dkt. 28, at 7. The remaining requests for declaratory relief are all premised upon the alleged past actions. Dkt. 28, at 8. The requested relief focuses on actions I allegedly did in the past and a declaration that those actions were allegedly wrong and allegedly harmed Mr. Shalaby. Because Mr. Shalaby seeks a declaratory judgment that I somehow allegedly harmed him years ago, the remedy is unavailable.

**8. THE ACTION IS UNTIMELY**

In California, the statute of limitations for defamation is one year. *Penrose Hill, Ltd. v. Mabray*, 479 F.Supp.3d 840, 850 (N.D. Cal. 2020). The same is true in Illinois. *Davis v. Cook Cnty.*, 534 F.3d

650, 654 (7th Cir. 2008).

The action is barred by the statute of limitations. The initial complaint in state court was filed on July 7, 2022. Dkt. 1. The statements upon which Mr. Shalaby bases this action were made in 2020. Dkt. 28, at 2-4. Crunching the numbers establishes that the action is untimely. So, on its face, the statute of limitations bars this action, and the Court can be dismiss it under Rule 12(b)(6). *See Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013).

Mr. Shalaby's transparent attempt to avoid the statute of limitations by merely labeling his Amended Complaint as seeking declaratory relief fails. *See Levald Inc. v. City of Palm Desert*, 998 F.2d 680, 688-89 (9th Cir. 1993) (creatively labeling a complaint as one for declaratory relief rather than damages does not avoid the statute of limitations); *Yamauchi v. Cotterman*, 84 F.Supp.3d 993, 1015-1016 (N.D. Cal. 2015) (declaratory relief barred by statute of limitations when underlying claim would be barred). Courts do not countenance this type of pleading manipulation. *Levald*, 998 F.2d at 688-89.

## 9.    CONCLUSION

For years, consistent with *Dodds*, 145 F.3d at 1059, I have simply ignored Mr. Shalaby's campaign of harassment, knowing that I was merely the latest target of his grandiose rage. But, because I have allegedly been sued in my personal capacity, I have been forced to engage and file this motion. As shown throughout this filing as well as the United States' filing, the Amended Complaint must be dismissed. And, as Mr. Shalaby has previewed for the Court, I will be moving for sanctions. Dkt. 34.

DATED: December 27, 2022                          Respectfully submitted,



                                                  *Iain D. Johnston*
                                                  Iain D. Johnston

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF** **CALIFORNIA**

**Form 1. Notice of Appeal from a Judgment or Order of a United States District Court**

U.S. District Court case number: 4:22-cv-04718-JSW

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court:

Date of judgment or order you are appealing: 04/21/2023

Docket entry number of judgment or order you are appealing: 56, 57

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

(●) Yes ( ) No ( ) IFP was granted by U.S. District Court

---

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Andrew W. Shalaby

Is this a cross-appeal? ( ) Yes (●) No

If yes, what is the first appeal case number?

Was there a previous appeal in this case? ( ) Yes (●) No

If yes, what is the prior appeal case number?

Your mailing address (if pro se):

7525 Leviston Avenue

City: El Cerrito State: CA Zip Code: 94530

Prisoner Inmate or A Number (if applicable):

**Signature** Andrew Shalaby **Date** May 13, 2023

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Andrew W. Shalaby

Name(s) of counsel (if any):

Pro Se Attorney (Andrew W. Shalaby)

Address: 7525 Leviston Avenue, El Cerrito, CA 94530

Telephone number(s): 510-551-8500

Email(s): andrew@eastbaylaw.com

Is counsel registered for Electronic Filing in the 9th Circuit? (●) Yes ( ) No

---

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Iain D. Johnston

Name(s) of counsel (if any):

Pro Se

Address: 327 South Church Street, Rockford, IL 61101

Telephone number(s): 815-987-4255

Email(s): iain_johnston@ilnd.uscourts.gov

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**Appellants**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?   ○ Yes   ○ No

**Appellees**

Name(s) of party/parties:

United States of America

Name(s) of counsel (if any):

Pamela T. Johann, U.S. Attorney's Office

Address: 450 Golden Gate Avenue, Box 36055, San Francisco, CA 94102-3495

Telephone number(s): 415-436-7025

Email(s): pamela.johann@usdoj.gov

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*



Case: 23-15742, 10/17/2023, ID: 12810836, DktEntry: 11-2, Page 118 of 125

The State Bar *of California*

**OFFICE OF CHIEF TRIAL COUNSEL**

180 Howard Street, San Francisco, CA 94105 415-538-2288 manuel.jimenez@calbar.ca.gov

August 25, 2023

**PERSONAL AND CONFIDENTIAL**

**DELIVERED VIA MY STATE BAR PROFILE**

Andrew Shalaby
Shalaby Law Offices
1417 Solano Ave.
Albany, CA 94706-2123

Re: Case Number: 20-O-08966
Complainant: A State Bar Investigation

Dear Andrew Shalaby:

This letter is sent to you based upon information that you are not currently represented by counsel in this matter. If this is incorrect, please advise me within **five** days so that future communications may be directed to your counsel.

As you know, the State Bar of California has conducted an investigation concerning allegations of professional misconduct made against you. We have completed the investigation of the above-referenced matter and we anticipate moving your case forward for prosecution. In evaluating the allegations of misconduct and recommending a level of discipline, our office takes into consideration the relevant Standards for Attorney Sanctions for Professional Misconduct (Standards), including both aggravating and mitigating circumstances as reflected in Standards 1.5 and 1.6 respectively, and case law. Each party must prove any applicable aggravating or mitigating circumstances by clear and convincing evidence. **If you believe mitigating circumstances apply in your matter, please submit any supporting mitigation evidence for consideration as soon as possible.**

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

118

You can find out more information about the relevant procedural rules that govern disciplinary proceedings in the State Bar Court, including the Rules of Procedure of the State Bar of California, which contain the Standards, at the State Bar Court website, http://www.statebarcourt.ca.gov/Procedures-Programs-and-Rules.

You will be contacted regarding your right to request an Early Neutral Evaluation Conference conducted by a State Bar Court Judge.

Thank you for your cooperation in this matter.

Sincerely,

Manuel Jimenez
Trial Counsel

js

ADRMOP,APPEAL,CLOSED,E−ProSe,ProSe

# U.S. District Court
# California Northern District (Oakland)
# CIVIL DOCKET FOR CASE #: 4:22−cv−04718−JSW

A.W.S. v. Johnston et al
Assigned to: Judge Jeffrey S. White
Case in other court: 9th Circuit, 23−15742
Contra Costa Superior Court, L22−02281
Cause: 28:1442 Petition for Removal

Date Filed: 08/17/2022
Date Terminated: 04/21/2023
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**A.W.S.**
7525 Leviston Ave
El Cerrito, CA 94530
510−551−8500

represented by **Andrew Wagdy Shalaby**
East Bay Law
7525 Leviston Avenue
El Cerrito, CA 94530−3306
510−528−8500
Fax: 510−528−2412
Email: panel@eastbaylaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Iain D. Johnston**
*Official capacity*

represented by **Pamela T. Johann**
United States Attorney's Office
450 Golden Gate Avenue
Box 36055
San Francisco, CA 94102
(415) 436−7025
Fax: (415) 436−7234
Email: pamela.johann@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**OCTC**
*TERMINATED: 10/19/2022*

**Defendant**

**United States**
*TERMINATED: 10/19/2022*

represented by **Pamela T. Johann**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Iain Johnston**
*personal capacity*

represented by **Iain Johnston**
327 South Church Street
Room 6200
Rockford, IL 61101
815−987−4255
Email: iain_johnston@ilnd.uscourts.gov
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2022 | 1 | NOTICE OF REMOVAL *of Civil Action* from Contra Costa Superior Court. Their case number is L22−02281. (). Filed byIain D. Johnston. (Attachments: # 1 Civil Cover Sheet)(Johann, Pamela) (Filed on 8/17/2022) (Entered: 08/17/2022) |

| | | |
|---|---|---|
| 08/17/2022 | 2 | Case assigned to Magistrate Judge Sallie Kim.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E−Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 8/31/2022. (mbc, COURT STAFF) (Filed on 8/17/2022) (Entered: 08/17/2022) |
| 08/17/2022 | 3 | CERTIFICATE OF SERVICE by Iain D. Johnston re 1 Notice of Removal (Johann, Pamela) (Filed on 8/17/2022) (Entered: 08/17/2022) |
| 08/18/2022 | 4 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 11/14/2022. Initial Case Management Conference set for 11/21/2022 01:30 PM in San Francisco, Courtroom C, 15th Floor. (hdj, COURT STAFF) (Filed on 8/18/2022)**<br><br>**Any non−CM/ECF Participants have been served by First Class Mail to the addresses of record listed on the Notice of Electronic Filing (NEF)**<br><br>**(Entered: 08/18/2022)** |
| 08/18/2022 | 5 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by A.W.S... (Shalaby, Andrew) (Filed on 8/18/2022) (Entered: 08/18/2022) |
| 08/19/2022 | 6 | MOTION to Remand filed by A.W.S.. Motion Hearing set for 9/26/2022 09:30 AM in San Francisco, Courtroom C, 15th Floor before Magistrate Judge Sallie Kim. Responses due by 9/2/2022. Replies due by 9/9/2022. (Attachments: # 1 Supplement Notice of Motion and Motion for Remand)(Shalaby, Andrew) (Filed on 8/19/2022) (Entered: 08/19/2022) |
| 08/19/2022 | 7 | Proposed Order re 6 MOTION to Remand by A.W.S.. (Shalaby, Andrew) (Filed on 8/19/2022) (Entered: 08/19/2022) |
| 08/19/2022 | 8 | ERRATA re 6 MOTION to Remand *minor correction (immaterial)* by A.W.S.. (Shalaby, Andrew) (Filed on 8/19/2022) (Entered: 08/19/2022) |
| 08/19/2022 | 9 | CLERK'S NOTICE Re: Consent or Declination: **Defendant** shall file a consent or declination to proceed before a magistrate judge by **8/26/2022**. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. Consent/Declination due by 8/26/2022. (mkl, COURT STAFF) (Filed on 8/19/2022) (Entered: 08/19/2022) |
| 08/23/2022 | 10 | STIPULATION WITH PROPOSED ORDER *re Response Date and Briefing Schedule* filed by United States. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 8/23/2022) (Entered: 08/23/2022) |
| 08/23/2022 | 11 | **Order by Magistrate Judge Sallie Kim granting 10 Stipulation.(sklc1, COURT STAFF) (Filed on 8/23/2022) (Entered: 08/23/2022)** |
| 08/26/2022 | 12 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by United States.. (Johann, Pamela) (Filed on 8/26/2022) (Entered: 08/26/2022) |
| 08/29/2022 | | Set/Reset Deadlines as to 6 MOTION to Remand . Responses due by 9/16/2022. Replies due by 9/23/2022. Motion Hearing set for 10/17/2022 09:30 AM in San Francisco − Videoconference Only before Magistrate Judge Sallie Kim. (mkl, COURT STAFF) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 13 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party (Defendant OCTC) has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to |

| | | |
|---|---|---|
| | | whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE−NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (mkl, COURT STAFF) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 14 | Ex Parte Application re 5 Consent/Declination to Proceed Before a US Magistrate Judge, 12 Consent/Declination to Proceed Before a US Magistrate Judge, 13 Clerk's Notice of Impending Reassignment − Text Only,,, *plaintiff moves to dismiss OCTC without prejudice* filed by A.W.S.. (Attachments: # 1 Proposed Order dismissing OCTC)(Shalaby, Andrew) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 15 | **PLEASE DISREGARD. ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Jeffrey S. White for all further proceedings. Magistrate Judge Sallie Kim no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Signed by Clerk on 08/29/2022. (Attachments: # 1 Notice of Eligibility for Video Recording)(mbc, COURT STAFF) (Filed on 8/29/2022) Modified on 8/29/2022 (mbc, COURT STAFF). (Entered: 08/29/2022)** |
| 08/29/2022 | | Case Reassigned to Magistrate Judge Sallie Kim. Judge Jeffrey S. White no longer assigned to the case. (mbc, COURT STAFF) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/29/2022 | 16 | **ORDER Regarding Consent. Signed by Judge Sallie Kim on August 29, 2022. (sklc1, COURT STAFF) (Filed on 8/29/2022) (Entered: 08/29/2022)** |
| 08/29/2022 | 17 | Ex Parte Application re 16 Order *, to correct portion of order stating that there are three defendants, and stating in error that the "United States" is a defendant* filed by A.W.S.. (Shalaby, Andrew) (Filed on 8/29/2022) (Entered: 08/29/2022) |
| 08/30/2022 | 18 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Jeffrey S. White for all further proceedings. Magistrate Judge Sallie Kim no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://cand.uscourts.gov/cameras. Signed by Clerk on 08/30/2022. (Attachments: # 1 Notice of Eligibility for Video Recording)(mbc, COURT STAFF) (Filed on 8/30/2022) (Entered: 08/30/2022)** |
| 08/30/2022 | 19 | **ORDER SETTING CASE MANAGEMENT CONFERENCE AND REQUIRING JOINT CASE MANAGEMENT CONFERENCE STATEMENT. Signed by Judge Jeffrey S. White on August 30, 2022. Joint Case Management Statement due by 11/25/2022. Initial Case Management Conference set for 12/2/2022 11:00 AM in Oakland, − Videoconference Only. This proceeding will be held via a Zoom webinar.**<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/jsw<br><br>**Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argu ment at the hearing. One list of names of all counsel appearing for all parties must be sent in one email to the CRD at jswcrd@cand.uscourts.gov no later than December 1, 2022 at 12:00 PM PST.<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |

| | | |
|---|---|---|
| | | **(dts, COURT STAFF) (Filed on 8/30/2022) (Entered: 08/30/2022)** |
| 08/31/2022 | 20 | Renotice motion hearing re 6 MOTION to Remand filed byA.W.S.. (Related document(s) 6 ) (Shalaby, Andrew) (Filed on 8/31/2022) (Entered: 08/31/2022) |
| 08/31/2022 | | Set/Reset Deadlines as to 6 MOTION to Remand . Motion Hearing set for 10/14/2022 09:00 AM in Oakland, Courtroom 5, 2nd Floor before Judge Jeffrey S. White. (dts, COURT STAFF) (Filed on 8/31/2022) (Entered: 08/31/2022) |
| 09/16/2022 | 21 | OPPOSITION/RESPONSE (re 6 MOTION to Remand ) filed byUnited States. (Johann, Pamela) (Filed on 9/16/2022) (Entered: 09/16/2022) |
| 09/16/2022 | 22 | Declaration of Thomas G. Bruton in Support of 21 Opposition/Response to Motion *to Remand* filed byUnited States. (Attachments: # 1 Exhibit A)(Related document(s) 21 ) (Johann, Pamela) (Filed on 9/16/2022) (Entered: 09/16/2022) |
| 09/18/2022 | 23 | REPLY (re 6 MOTION to Remand ) filed byA.W.S.. (Shalaby, Andrew) (Filed on 9/18/2022) (Entered: 09/18/2022) |
| 09/18/2022 | 24 | Request for Judicial Notice re 23 Reply to Opposition/Response filed byA.W.S.. (Attachments: # 1 Exhibit A − dkt 7/23/20 in case 23−4315 (ILND), # 2 Exhibit B − AOB in appeal 20−2689, # 3 Exhibit C − appellate decision in 20−2689, # 4 Exhibit D − dkt for appeal 22−2111 (Bailey case))(Related document(s) 23 ) (Shalaby, Andrew) (Filed on 9/18/2022) (Entered: 09/18/2022) |
| 09/26/2022 | 25 | OBJECTIONS to re 24 Request for Judicial Notice, by United States. (Johann, Pamela) (Filed on 9/26/2022) (Entered: 09/26/2022) |
| 09/27/2022 | 26 | REPLY (re 6 MOTION to Remand ) *in response to dkt. 25, response to object to Plaintiff's requests for judicial notice* filed byA.W.S.. (Shalaby, Andrew) (Filed on 9/27/2022) (Entered: 09/27/2022) |
| 10/04/2022 | 27 | **ORDER DENYING MOTION TO REMAND Re: Dkt. No. 6 , 14 , 17 . Signed by Judge Jeffrey S. White on October 4, 2022. (dts, COURT STAFF) (Filed on 10/4/2022) (Entered: 10/04/2022)** |
| 10/19/2022 | 28 | AMENDED COMPLAINT against Iain D. Johnston. Filed byA.W.S.. (Shalaby, Andrew) (Filed on 10/19/2022) (Entered: 10/19/2022) |
| 10/20/2022 | 29 | Summons Issued as to Iain D. Johnston. (hdj, COURT STAFF) (Filed on 10/20/2022) (Entered: 10/20/2022) |
| 10/26/2022 | 30 | STIPULATION *re Response Date* filed by United States. (Johann, Pamela) (Filed on 10/26/2022) (Entered: 10/26/2022) |
| 11/15/2022 | 31 | WAIVER OF SERVICE Returned Executed filed by A.W.S.. Service waived by Iain D. Johnston waiver sent on 11/4/2022, answer due 1/3/2023. (Shalaby, Andrew) (Filed on 11/15/2022) (Entered: 11/15/2022) |
| 11/22/2022 | 32 | STIPULATION WITH PROPOSED ORDER *re Case Management Conference* filed by United States. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 11/22/2022) (Entered: 11/22/2022) |
| 11/22/2022 | 33 | **STIPULATED REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND ORDER AS MODIFIED HEREIN by Judge Jeffrey S. White granting 32 Stipulation. Joint Case Management Statement due by 3/3/2023. Initial Case Management Conference set for 3/10/2023 at 11:00 AM − Videoconference Only. (kc, COURT STAFF) (Filed on 11/22/2022) (Entered: 11/22/2022)** |
| 12/06/2022 | 34 | LETTER dated 12/2/2022 sent by Mr. Iain D. Johnston to Andrew Shalaby re 28 Amended Complaint by A.W.S. (Shalaby, Andrew) (Filed on 12/6/2022) Modified on 12/7/2022 (kc, COURT STAFF). (Entered: 12/06/2022) |
| 12/27/2022 | 35 | NOTICE by A.W.S. re 34 Response ( Non Motion ) *of Related Matters, consolidation, and motions* (Attachments: # 1 Exhibit A − consolidation order and motion, appeal 22−15140, # 2 Exhibit B − related appeal 22−2111 and mtn)(Shalaby, Andrew) (Filed on 12/27/2022) (Entered: 12/27/2022) |

| | | |
|---|---|---|
| 12/27/2022 | 36 | MOTION to Dismiss filed by Iain D. Johnston (personal capacity). Motion Hearing set for 2/3/2023 at 9:00 AM in Oakland, − Videoconference Only, before Judge Jeffrey S. White. Responses due by 1/10/2023. Replies due by 1/17/2023. (Attachments: # 1 Declaration in Support of Motion to Dismiss)(wsn, COURT STAFF) (Filed on 12/27/2022) (Entered: 12/27/2022) |
| 12/27/2022 | 37 | MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Cause of Action* filed by United States. Motion Hearing set for 2/3/2023 09:00 AM in Oakland, Courtroom 5, 2nd Floor before Judge Jeffrey S. White. Responses due by 1/10/2023. Replies due by 1/17/2023. (Attachments: # 1 Proposed Order)(Johann, Pamela) (Filed on 12/27/2022) (Entered: 12/27/2022) |
| 12/30/2022 | 38 | Request for Judicial Notice re 37 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Cause of Action* filed byA.W.S.. (Attachments: # 1 Exhibit A − Letter from Mr. Johnston December 30, 2022)(Related document(s) 37 ) (Shalaby, Andrew) (Filed on 12/30/2022) (Entered: 12/30/2022) |
| 01/03/2023 | 39 | STIPULATION WITH PROPOSED ORDER *to Modify Briefing and Hearing Schedule* filed by United States. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 1/3/2023) (Entered: 01/03/2023) |
| 01/04/2023 | 40 | **STIPULATED REQUEST TO MODIFY BRIEFING AND HEARING SCHEDULE; ORDER by Judge Jeffrey S. White granting 39 STIPULATION WITH PROPOSED ORDER to modify briefing and hearing schedule as to 36 Motion to Dismiss and 37 Motion to Dismiss. Opposition due by 2/10/2023. Replies due by 2/24/2023. Motion Hearing set for 3/10/2023 09:00 AM − Videoconference Only before Judge Jeffrey S. White. (kkp, COURT STAFF) (Filed on 1/4/2023) (Entered: 01/04/2023)** |
| 01/10/2023 | 41 | NOTICE by United States *of Errata re 37* (Johann, Pamela) (Filed on 1/10/2023) (Entered: 01/10/2023) |
| 01/15/2023 | 42 | Letter from Andrew W. Shalaby to the Court *requesting the Court's informal assistance to ask Mr. Johnston to correct his filings*. (Attachments: # 1 Exhibit A − Mr. Johnston letter 12/30/22, # 2 Exhibit B − Mr. Johnston letter 12/2/22, # 3 Exhibit C − court letter re blocked filings in Bailey case, # 4 Exhibit D − blocked filing in Bailey case, bearing Judge Johnston's stamp, # 5 Exhibit E − 2nd blocked filing in Bailey case, bearing Judge Johnston's stamp, # 6 Exhibit F − frameup "escort" order)(Shalaby, Andrew) (Filed on 1/15/2023) (Entered: 01/15/2023) |
| 01/16/2023 | 43 | Letter from Andrew W. Shalaby, to Mr. Johnston *, requesting factual statement, in hopes of resolving this case*. (Shalaby, Andrew) (Filed on 1/16/2023) (Entered: 01/16/2023) |
| 01/31/2023 | 44 | NOTICE by A.W.S. re 28 Amended Complaint, 36 MOTION to Dismiss, 37 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Cause of Action* (Attachments: # 1 Exhibit U.S. Supreme Court petition 22−712filed 1/26/23, # 2 Appendix U.S. Supreme Court petition 22−712 appendix)(Shalaby, Andrew) (Filed on 1/31/2023) (Entered: 01/31/2023) |
| 02/09/2023 | 45 | OPPOSITION/RESPONSE (re 36 MOTION to Dismiss, 37 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Cause of Action* ) filed byA.W.S.. (Shalaby, Andrew) (Filed on 2/9/2023) (Entered: 02/09/2023) |
| 02/09/2023 | 46 | Request for Judicial Notice re 45 Opposition/Response to Motion *, CACI 204 and related matters* filed byA.W.S.. (Related document(s) 45 ) (Shalaby, Andrew) (Filed on 2/9/2023) (Entered: 02/09/2023) |
| 02/16/2023 | 47 | STIPULATION WITH PROPOSED ORDER *re Briefing Schedule* filed by United States. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 2/16/2023) (Entered: 02/16/2023) |
| 02/21/2023 | 48 | **STIPULATED REQUEST TO MODIFY BRIEFING AND HEARING SCHEDULE; ORDER by Judge Jeffrey S. White granting 47 Stipulation. Reply due by 3/10/2023. Motion Hearing set for 3/24/2023 09:00 AM − Videoconference Only before Judge Jeffrey S. White. (kkp, COURT STAFF) (Filed on 2/21/2023) (Entered: 02/21/2023)** |

| | | |
|---|---|---|
| 03/01/2023 | 49 | STIPULATION WITH PROPOSED ORDER *to Continue Case Management Conference* filed by United States. (Attachments: # 1 Declaration of Pamela T. Johann)(Johann, Pamela) (Filed on 3/1/2023) (Entered: 03/01/2023) |
| 03/01/2023 | 50 | **STIPULATED REQUEST TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE; ORDER AS MODIFIED by Judge Jeffrey S. White granting 49 Stipulation. Joint Case Management Statement due by 4/28/2023. Initial Case Management Conference set for 5/5/2023 11:00 AM − Videoconference Only.(kkp, COURT STAFF) (Filed on 3/1/2023) (Entered: 03/01/2023)** |
| 03/02/2023 | 51 | Letter from Plaintiff presenting transparent global offer to compromise and settle . (Shalaby, Andrew) (Filed on 3/2/2023) (Entered: 03/02/2023) |
| 03/10/2023 | 52 | REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS (re 36 MOTION to Dismiss filed by Iain D. Johnston (personal capacity)) filed by Iain Johnston. (wsn, COURT STAFF) (Filed on 3/10/2023) (Entered: 03/10/2023) |
| 03/10/2023 | 53 | REPLY (re 37 MOTION to Dismiss for Lack of Jurisdiction *and Failure to State a Cause of Action* ) filed byUnited States. (Johann, Pamela) (Filed on 3/10/2023) (Entered: 03/10/2023) |
| 03/20/2023 | 54 | CLERK'S NOTICE VACATING MOTION HEARING. YOU ARE HEREBY NOTIFIED that the hearing on the 36 Motion to Dismiss and 37 Motion to Dismiss for Lack of Jurisdiction, set for March 24, 2023 at 9:00 a.m., is VACATED. The Court will issue a written decision on the papers. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (kkp, COURT STAFF) (Filed on 3/20/2023) Modified on 3/20/2023 (kkp, COURT STAFF). (Entered: 03/20/2023) |
| 04/07/2023 | 55 | CLERK'S NOTICE CONTINUING CASE MANAGEMENT CONFERENCE. YOU ARE HEREBY NOTIFIED due to the Judge's unavailability the Case Management Conference previously set for 5/5/2023 is continued to 6/9/2023 at 11:00 AM before the Honorable Jeffrey S. White via videoconference. Joint Case Management Statement due by 6/2/2023. Initial Case Management Conference set for 6/9/2023 11:00 AM − Videoconference Only. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (kkp, COURT STAFF) (Filed on 4/7/2023) (Entered: 04/07/2023) |
| 04/21/2023 | 56 | **ORDER GRANTING MOTIONS TO DISMISS FIRST AMENDED COMPLAINT by Judge Jeffrey S. White granting 36 Motion to Dismiss; granting 37 Motion to Dismiss for Lack of Jurisdiction. (kkp, COURT STAFF) (Filed on 4/21/2023) (Entered: 04/21/2023)** |
| 04/21/2023 | 57 | **JUDGMENT. Signed by Judge Jeffrey S. White on 4/21/2023. ***Civil Case Terminated. (kkp, COURT STAFF) (Filed on 4/21/2023) (Entered: 04/21/2023)** |
| 05/13/2023 | 58 | NOTICE OF APPEAL to the 9th Circuit Court of Appeals filed by A.W.S.. Appeal of Order on Motion to Dismiss, Order on Motion to Dismiss/Lack of Jurisdiction 56 , Judgment, Terminated Case 57 (Appeal fee of $505 receipt number ACANDC−18262371 paid.) (Shalaby, Andrew) (Filed on 5/13/2023) (Entered: 05/13/2023) |
| 05/16/2023 | 59 | USCA Case Number 23−15742 9th Circuit for 58 Notice of Appeal to the Ninth Circuit, filed by A.W.S. (hdj, COURT STAFF) (Filed on 5/16/2023) (Entered: 05/16/2023) |
| 06/21/2023 | 60 | MOTION for Leave to File *to file supplemental complaint against the Executive Commitee* filed by A.W.S.. (Attachments: # 1 Exhibit A)(Shalaby, Andrew) (Filed on 6/21/2023) (Entered: 06/21/2023) |
| 06/22/2023 | | Set/Reset Deadlines as to 60 MOTION for Leave to File to file supplemental complaint against the Executive Commitee. Response due by 7/5/2023. Reply due by 7/12/2023. Motion Hearing set for 8/4/2023 09:00 AM before Judge Jeffrey S. White via Videoconference Only. (kkp, COURT STAFF) (Filed on 6/22/2023) (Entered: 06/22/2023) |
| 06/22/2023 | 61 | **ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT by Judge Jeffrey S. White denying 60 Motion for Leave to File. (kkp, COURT STAFF) (Filed on 6/22/2023) (Entered: 06/22/2023)** |